UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X   Chapter 13
In re:

      Case No: 8-18-73512-reg

   VANESSA PUGH, aka
   VANESSA PUGH-REEFER, aka
   VANESSA D PUGH,

                    Debtor.                    **AFFIRMATION IN SUPPORT**
-------------------------------------------------------------X

      Michael L. Carey, an attorney duly admitted to practice in the State of New York and before this Court, affirms under the pain and penalties of perjury that the following is true and correct:

1.     I am an attorney associated with the Law of Office of Ronald D. Weiss, P.C.

2.     I make this affirmation as per the Order of Hon. Robert E. Grossman dated September 24, 2018, requiring a detailed description of the services provided in the above referenced Debtor's Chapter 13 Bankruptcy action.

3.     At certain specified points in this affirmation, I am relying on records that are kept in our office, including but not limited to the physical paper file and electronic records. I have reviewed these records and can attest that they are created, kept and maintained in the regular course of business. It is in the regular course of business that we create, keep and maintain these records and these records are created at or near the time of the event in which they are meant to memorialize.

4.     On May 14, 2018, I sat with the Debtor for an in-office bankruptcy intake appointment. This appointment is designed to evaluate a client for their suitability to file Chapter 13 Bankruptcy and to gather all of the information necessary to prepare a Chapter 13 Bankruptcy petition, set of schedules and Chapter 13 payment plan. We addressed all of the Debtor's debts, income, assets and liabilities.

5. On July 9, 2018, I appeared, along with the Debtor, at the 341 meeting before Trustee Michael Macco. The Debtor did not bring her Social Security card. As such, the matter was adjourned to July 23, 2018.

6. On July 23, 2018, our office appeared at the 341 meeting before Trustee Michael Macco. The Debtor did not appear. As such, the matter was adjourned to August 20, 2018.

7. On August 20, 2018, our office appeared at the 341 meeting before Trustee Michael Macco. The Debtor did not appear. As such, the matter was adjourned to September 6, 2018.

8. On September 6, 2018, I appeared, along with the Debtor, at the 341 meeting before Trustee Michael Macco. The Debtor brought her Social Security card and the Trustee was able to perform his examination. The Trustee closed the meeting.

Dated: Melville, New York
       October 10, 2018

Ronald D. Weiss, P.C.
Attorney for Debtor

Michael L. Carey, Esq.
734 Walt Whitman Road
Melville, NY 11747
(631) 271-3737
michaelc@ny-bankruptcy.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

    VANESSA PUGH, aka
    VANESSA PUGH-REEFER, aka
    VANESSA D PUGH,

                     Debtor.
-------------------------------------------------------X

Chapter 13

Case No: 8-18-73512-reg

**AFFIRMATION IN SUPPORT**

      William J. Birmingham, an attorney duly admitted to practice in the State of New York and before this Court, affirms under the pain and penalties of perjury that the following is true and correct:

1.     I am an attorney associated with the Law Office of Ronald D. Weiss, P.C.

2.     I make this affirmation as per the Order of the Honorable Robert E. Grossman dated September 24, 2018, requiring a detailed description of the services provided in the above referenced Debtor's Chapter 13 Bankruptcy action.

3.     At certain specified points in this affirmation, I am relying on records that are kept in our office, including but not limited to the physical paper file and electronic records. I have reviewed these records and can attest that they are created, kept and maintained in the regular course of business. It is in the regular course of business that we create, keep and maintain these records and these records are created at or near the time of the event in which they are meant to memorialize.

4.     On May 21, 2018, based on our office records, the Debtor came into our office for an appointment. Due to the impending foreclosure sale scheduled for May 24, 2018, our office moved quickly to prepare a Chapter 13 Bankruptcy petition for the Debtor's review and execution.

5.     On May 23, 2018, based on our office records, our office filed a Chapter 13 Bankruptcy

petition on behalf of the Debtor.

6.      On May 24, 2018, this being the second Chapter 13 Bankruptcy petition filed by the Debtor with a twelve month period, our office drafted and filed a Motion to Extend the Automatic stay. The change in circumstances that formed the basis for this motion was that the Debtor's special needs teenage son was placed in a year round residential program, thus drastically reducing the Debtor's expenses. These expenses were not reduced enough to allow for a traditional Chapter 13 plan, however, the reduction would allow for the Debtor to apply for another loan modification via the loss mitigation program.

7.      On June 6, 2018, I appeared on behalf of the Debtor before Hon. Robert E. Grossman at the hearing on the Motion to Extend the Automatic Stay. This motion was granted.

8.      On August 2, 2018, I had a telephone conversation with the Debtor in which we discussed the bankruptcy action and upcoming Confirmation/Motion to Dismiss hearing to be held on August 9, 2018. Additionally, I further explained the difference between loss mitigation plans and traditional Chapter 13 "catch-up" plans.

9.      On August 9, 2018, I appeared at the Confirmation/Motion to Dismiss hearing before Hon. Robert Grossman and Trustee Michael Macco. The Debtor also personally appeared at the hearing. Due to the Debtor being current with her Chapter 13 Trustee payments, the Trustee did not require us to appear before Hon. Grossman. The Trustee reminded us that the 341 was scheduled for August 20, 2018. He then adjourned the matter to August 23, 2018

10.     On August 10, 2018, I had a telephone conversation with the Debtor regarding her social security card and we discussed the changes that needed to be made to the Chapter 13 Plan. I indicated that I would be making the changes and would send the plan to her via email for her review and approval.

11.     On August 10, 2018, I amended the Debtor's Chapter 13 repayment plan, as per the Trustee's instructions. The amended plan was sent to the Debtor for review and approval.

12.     On August 15, 2018, I received the executed plan back from the Debtor. The plan was subsequently uploaded to the Bankruptcy docket and served upon the creditors.

13.     On August 23, 2018, I appeared at the Confirmation/Motion to Dismiss hearing before Hon. Robert Grossman and Trustee Michael Macco. The Debtor also personally appeared at the hearing. The matter was adjourned to September 27, 2018.

14.     On September 27, 2018, I appeared at the Confirmation/Motion to Dismiss hearing before Hon. Robert Grossman and Trustee Michael Macco. The Debtor did not personally appear at the hearing. Hon. Robert Grossman dismissed the matter but retained jurisdiction so as to conduct a hearing as to the reasonableness of the fees collected by our firm.

15.     On October 1, 2018, I placed a telephone call to the Debtor to explain the outcome of the hearing held on September 27, 2018 and the ramifications of the dismissal. The Debtor indicated that she understood my explanation.

Dated:  Melville, New York
        October 10, 2018

                                            Ronald D. Weiss, P.C.
                                            Attorney for Debtor

                                            _____
                                            William J. Birmingham, Esq.
                                            734 Walt Whitman Road
                                            Melville, NY 11747
                                            (631) 271-3737
                                            william@ny-bankruptcy.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X      Chapter 13
In re:
                                                                 Case No:  8-18-73512-reg

      VANESSA PUGH, aka
      VANESSA PUGH-REEFER, aka
      VANESSA D PUGH,

                           Debtor,                             **AFFIDAVIT OF HEIDI ORTIZ**
-----------------------------------------------------------X

STATE OF NEW YORK    )ss.:
COUNTY OF SUFFOLK    )

      I, Heidi Ortiz, declare under the pain and penalty of perjury that:

1.      I employed as a paralegal at the Law Office of Ronald D. Weiss, P.C.

2.      I was assigned to the loan modification/loss mitigation aspect of the Chapter 13 Bankruptcy for the above referenced Debtor.

3.      I make this affidavit as per the Order of Hon. Robert E. Grossman requiring a detailed description of the services provided in the above referenced Debtor's Chapter 13 Bankruptcy action. The foregoing is a summary of the services performed by myself and members of my department.

4.      On May 14, 2018, the Debtor came into our office and retained our firm for a Chapter 13 Bankruptcy and for loss mitigation. I sat with the Debtor to explain the process to her and answer any questions she had regarding the loss mitigation aspect of her bankruptcy. I provided the Debtor with a list of documents that were required.

5.      On June 6, 2018, following the Debtor providing me with the documents required for a loan modification application, I submitted the application directly to the Secured Creditor. I submitted it this way because a loss mitigation point of contact had not yet been designated.

6.      On June 13, 2018, Hon. Robert E. Grossman issued an Order directing Secured Creditor

and Debtor to participate in the loss mitigation program.

7. On June 20, 2018, counsel for Secured Creditor designated their point of contact for the loss mitigation program.

8. On June 25, 2018, I submitted the previously submitted loan modification application to counsel for the Secured Creditor.

9. On June 26, 2018, the very next day, I received a letter via email from counsel for the Secured Creditor informing our office that the Debtor's loan modification application had been denied. The basis for the denial was that the payments were considered affordable to the Debtor.

10. On June 26, 2018, later that same day, I submitted via email an appeal letter to the counsel for the Secured Creditor. The basis for the appeal letter was that while the Debtor could afford the payment currently, the Debtor was unable to cure the arrears to recommence paying the regular monthly mortgage amount.

11. On June 28, 2018, counsel for the Secured Creditor informed our office via email that the appeal letter had been forwarded to the Secured Creditor for review.

12. On July 18, 2018, counsel for the Secured Creditor informed our office via email that the Debtor's appeal had been denied.

13. On July 19, 2018, I communicated the denial to the Debtor via email.

14. Following a discussion with the Debtor and the attorneys in the office, it was decided that our office should submit another loan modification application. The Debtor was very eager to save her home and was equally as eager to aid her in accomplishing this goal.

15. On August 22, 2018, I submitted another complete loan modification application to counsel for the Secured Creditor.

16. On September 24, 2018, I received via email from counsel for the secured creditor a

missing documents letter regarding additional documents required for the loan modification application to be complete. Later that same day I communicated via email those requested documents to the Debtor.

17. On October 4, 2018, the client came into the office for appointment regarding the outstanding documents required for the loan modification application. I provided her with the list of documents and went over all that was required.

*Heidi Ortiz*
Heidi Ortiz

Sworn to before me this
10th day of October 2018

*/s/ Ronald D. Weiss*
Ronald D. Weiss
Notary Public- State of New York
No.: 01WE5041400
Qualified in Suffolk County
Commission Expires April 3, 2019

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X          Chapter 13
In re:
                                                                 Case No: 8-18-73512-reg

    VANESSA PUGH, aka
    VANESSA PUGH-REEFER, aka
    VANESSA D PUGH,

                    Debtor,                          **PROPOSED AFFIDAVIT OF DEBTOR**
----------------------------------------------------------X

STATE OF NEW YORK   )ss.:
COUNTY OF SUFFOLK  )

       The following is a proposed affidavit that Debtor has indicted she will execute. Original to follow.

       I, Vanessa Pugh, debtor ("Debtor") in this Chapter 13 case, declare under penalty of perjury that:

1.    I am the Debtor in this Chapter 13 case which was filed on May 23, 2018. I submit this affidavit in response to Hon. Robert E. Grossman's order dated September 27, 2018.

2.    On May 14, 2018, I retained the Law Office of Ronald D. Weiss, P.C. to file a second Chapter 13 Bankruptcy action.

3.    I am the sole owner of my residence located at 55 Tell Avenue, Deer Park, NY 11729.

4.    My First Chapter 13 Case was dismissed primarily due to the Trustee finding my plan unfeasible. I was attempting to obtain a loan modification in order to save my home. My lender denied my loan modification and my Plan could not be converted into a traditional "catch-up" plan. Consequently, my case was dismissed.

5.    I returned to the Law Office of Ronald D. Weiss, P.C. to file a second Chapter 13 and also pursue loss mitigation. I sat with Mr. Weiss who explained to me that the automatic stay that would stop the bank holding my mortgage from continuing their foreclosure action would

only last for 30 days. He further explained that in order for the automatic stay to be imposed for the duration of the matter, I would have to petition the Court with a change in circumstances.

6. As such, I explained to Mr. Weiss that my seventeen year old son with special needs is no longer living with me. At the time of the second filing, I was able to move my son into a year-round residential program which resulted in an approximate $750.00 reduction in my expenses.

7. I worked with Mr. Weiss' office in order to obtain a loan modification via the Chapter 13 loss mitigation program. Despite the extensive efforts of myself and Mr. Weiss' office, I was denied a loan modification by the holder of my mortgage.

8. On August 23, 2018, I appeared at the Confirmation/Motion to Dismiss hearing before Hon. Robert E. Grossman and Trustee Michael Macco. At this hearing, Hon. Robert E. Grossman asked the attorney who appeared from Mr. Weiss' office, William J. Birmingham, if the money I paid to Mr. Weiss' office for this second Chapter 13 Bankruptcy would be returned to me if it was my desire to have it returned. Mr. Birmingham answered that it would be.

9. Following the hearing, I did not make such a request from Mr. Weiss. Although I did not get the result I was looking for, I am satisfied with the services provided by the Law Office of Ronald D. Weiss, P.C.

_____
VANESSA PUGH

Sworn to before me this
10th day of October 2018

_____
Notary Public – State of New York