**Repeat, PRVDISM, DebtEd, DomSup, DISMISSED, APPEAL**

# U.S. Bankruptcy Court
## Eastern District of New York (Central Islip)
## Bankruptcy Petition #: 8–18–73512–reg

*Date filed:* 05/23/2018
*Debtor dismissed:* 10/11/2018
*341 meeting:* 09/06/2018

*Assigned to:* Robert E. Grossman
Chapter 13
Voluntary
Asset

*Debtor disposition:* Dismissed for Failure to File
Information

| | |
|---|---|
| ***Debtor***<br>**Vanessa Pugh**<br>55 Tell Avenue<br>Deer Park, NY 11729<br>SUFFOLK–NY<br>SSN / ITIN: xxx–xx–9644<br>*aka* **Vanessa D Pugh**<br>*aka* **Vanessa Pugh–Reefer** | represented by **Ronald D Weiss**<br>734 Walt Whitman Road<br>Suite 203<br>Melville, NY 11747<br>(631) 271–3737<br>Fax : (631) 271–3784<br>Email: weiss@ny–bankruptcy.com |

***Trustee***
**Michael J. Macco**
2950 Express Drive South
Suite 109
Islandia, NY 11749
(631) 549–7900
Email: ecf@maccosternlaw.com

***U.S. Trustee***
**United States Trustee**
Long Island Federal Courthouse
560 Federal Plaza – Room 560
Central Islip, NY 11722–4437
(631) 715–7800

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 05/23/2018 | | 1 | Chapter 13 Voluntary Petition for Individuals. Fee Amount $310 Filed by Ronald D Weiss on behalf of Vanessa Pugh Government Proof of Claim due by 11/19/2018. (Weiss, Ronald) (Entered: 05/23/2018) |
| 05/23/2018 | | 2 | Chapter 13 Plan 5/21/18 Filed by Ronald D Weiss on behalf of Vanessa Pugh. Objections to Loss Mitigation due by 06/13/2018. (Weiss, Ronald) (Entered: 05/23/2018) |
| 05/24/2018 | | 6 | Motion to Extend Automatic Stay Objections to be filed on 5/30/2018. Hearing on Objections, if any, tbd Filed by Ronald D Weiss on behalf of Vanessa Pugh. Hearing scheduled for 6/6/2018 at 09:30 AM at Courtroom 860 (Judge Grossman), CI, NY. (Weiss, Ronald) (Entered: 05/24/2018) |

| | | | |
|---|---|---|---|
| 05/25/2018 | | <u>9</u> | Request to enter into the Loss Mitigation Program with respect to Property located at 55 Tell Avenue, Deer Park, NY 11729, Loan No.# 7492 with creditor Wells Fargo Home Mortgage, 420 Montgomery St, San Fransisco, CA 94104, Filed by Ronald D Weiss on behalf of Vanessa Pugh.. Objection to Loss Mitigation by 06/8/2018. (Attachments: # <u>1</u> Affidavit of Service # <u>2</u> Affidavit of Service–Certified) (Weiss, Ronald) (Entered: 05/25/2018) |
| 06/07/2018 | | <u>14</u> | Order Granting Motion to Extend Automatic Stay as to all creditors served with the Motion for the duration of the Chapter 13 Plan (Related Doc # <u>6</u> Signed on 6/7/2018. (srm) (Entered: 06/07/2018) |
| 06/12/2018 | | <u>15</u> | Order directing the Debtor and Creditor Wells Fargo Home Mortgage to participate in the Loss Mitigation Program, with respect to property located at 55 Tell Avenue, Deer Park, NY 11729. Loss Mitigation Session to be scheduled no later than July 16, 2018 (RE: related document(s)<u>9</u> Loss–Mitigation Request – By the Debtor filed by Debtor Vanessa Pugh). Signed on 6/12/2018 Status hearing to be held on 8/8/2018 at 09:30 AM at Courtroom 860 (Judge Grossman), CI, NY. (Attachments: # <u>1</u> Exhibit) (srm) (Entered: 06/13/2018) |
| 08/15/2018 | | <u>23</u> | Amended Chapter 13 Plan dated August 10, 2018 Filed by Ronald D Weiss on behalf of Vanessa Pugh (RE: related document(s)<u>2</u> Chapter 13 Plan with Petition filed by Debtor Vanessa Pugh). (Weiss, Ronald) (Entered: 08/15/2018) |
| 09/27/2018 | | <u>24</u> | Order to Show Cause to determine whether the legal fees paid by the Debtor to the Law Firm of Ronald D. Weiss in this case exceed the reasonable value of services so provided, and whether any or all portion of such fees should be returned by the Law Firm of Ronald D. Weiss to the Debtor, and on or before 10/10/2018, the Law Firm of Ronald D. Weiss shall file with the Court and serve upon the Office of the United States Trustee, the Debtor and the Chapter 13 Trustee a detailed description of time spent on the Debtors case, including amounts charged for each task. Signed on 9/27/2018 Show Cause hearing to be held on 10/31/2018 at 10:00 AM at Courtroom 860 (Judge Grossman), CI, NY. (srm) (Entered: 09/27/2018) |
| 09/27/2018 | | <u>25</u> | Court's Service List (RE: related document(s)<u>24</u> Order to Show Cause (Generic)) (srm) (Entered: 09/27/2018) |
| 10/01/2018 | | <u>27</u> | Loss Mitigation Status Report Filed by Jenelle C Arnold on behalf of Wells Fargo Home Mortgage (RE: related document(s)<u>15</u> Loss Mitigation) (Arnold, Jenelle) (Entered: 10/01/2018) |
| 10/10/2018 | | <u>28</u> | Affidavit Re: *pursuant to Court Order [Dkt # 24], dated 9/27/2018* Filed by Ronald D Weiss on behalf of Vanessa Pugh (RE: related document(s)<u>24</u> Order to Show Cause (Generic)) (Weiss, Ronald) (Entered: 10/10/2018) |
| 10/11/2018 | | <u>30</u> | Affidavit/Certificate of Service *of affirmations by mail & e–mail* Filed by Ronald D Weiss on behalf of Vanessa Pugh (RE: related document(s)<u>28</u> Affidavit filed by Debtor Vanessa Pugh) (Attachments: # <u>1</u> affidavit of service) (Weiss, Ronald) (Entered: 10/11/2018) |
| 10/12/2018 | | <u>31</u> | Affidavit Re: *Affidavit of Debtor* Filed by Ronald D Weiss on behalf of Vanessa Pugh (RE: related document(s)<u>28</u> Affidavit filed by Debtor Vanessa Pugh) (Weiss, Ronald) (Entered: 10/12/2018) |

| | | | |
|---|---|---|---|
| 11/01/2018 | | <u>33</u> | Order Directing the law firm of Ronald D. Weiss to disgorge to the Debtor the amount of $3,500.00 on or before 10/31/2018 at 5:00 p.m., and to file a letter with the Court confirming that such payment was made; and upon entry of such letter of confirmation on the Court's docket, the Debtor's case shall be closed (RE: related document(s)<u>24</u> Order to Show Cause (Generic)). Signed on 11/1/2018 (srm) (Entered: 11/01/2018) |
| 11/14/2018 | | <u>35</u> | Notice of Appeal to District Court. *regarding Order Directing Disgorgement of Fees*. Fee Amount $298 Filed by Ronald D Weiss on behalf of Vanessa Pugh (RE: related document(s)<u>33</u> Generic Order). Appellant Designation due by 11/28/2018. Transmission of Designation to District Court Due by 12/14/2018. (Weiss, Ronald) (Entered: 11/14/2018) |
| 11/14/2018 | | <u>36</u> | Civil Cover Sheet Filed by Ronald D Weiss on behalf of Vanessa Pugh (RE: related document(s)<u>35</u> Notice of Appeal filed by Debtor Vanessa Pugh). (Weiss, Ronald) (Entered: 11/14/2018) |
| 11/14/2018 | | | Receipt of Notice of Appeal(8–18–73512–reg) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number 17326346. Fee amount 298.00. (re: Doc# <u>35</u>) (U.S. Treasury) (Entered: 11/14/2018) |
| 11/15/2018 | | <u>37</u> | Notice to Parties of requirements, deadlines (sld) (Entered: 11/15/2018) |
| 11/15/2018 | | <u>38</u> | Transmittal of Notice of Appeal to District Court (RE: related document(s)<u>35</u> Notice of Appeal filed by Debtor Vanessa Pugh) (sld) (Entered: 11/15/2018) |
| 11/16/2018 | | <u>39</u> | Notice of Docketing Record on Appeal to District Court. Civil Action Number: 18–CV–06508–JMA District Court Judge Joan M Azrack assigned. (RE: related document(s)<u>35</u> Notice of Appeal filed by Debtor Vanessa Pugh) (sld) (Entered: 11/16/2018) |
| 11/28/2018 | | <u>41</u> | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Ronald D Weiss on behalf of Vanessa Pugh (RE: related document(s)<u>35</u> Notice of Appeal filed by Debtor Vanessa Pugh, <u>36</u> Civil Cover Sheet filed by Debtor Vanessa Pugh). Appellee designation due by 12/12/2018. (Weiss, Ronald) (Entered: 11/28/2018) |

**Fill in this information to identify your case:**

4419

United States Bankruptcy Court for the:

EASTERN DISTRICT OF NEW YORK

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

☑ Chapter 13

☐ Check if this an amended filing

## Official Form 101
# Voluntary Petition for Individuals Filing for Bankruptcy

12/17

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

|  |  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
| --- | --- | --- | --- |
| 1. | **Your full name** <br><br> Write the name that is on your government-issued picture identification (for example, your driver's license or passport). <br><br> Bring your picture identification to your meeting with the trustee. | **Vanessa** <br> First name <br><br> _____ <br> Middle name <br><br> **Pugh** <br> Last name and Suffix (Sr., Jr., II, III) | _____ <br> First name <br><br> _____ <br> Middle name <br><br> _____ <br> Last name and Suffix (Sr., Jr., II, III) |
| 2. | **All other names you have used in the last 8 years** <br><br> Include your married or maiden names. | Vanessa D Pugh <br> Vanessa Pugh-Reefer |  |
| 3. | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx-xx-9644 |  |

Debtor 1   **Vanessa Pugh**                                              Case number *(if known)*

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**4.** **Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

**About Debtor 1:**

■ I have not used any business name or EINs.

Business name(s)

EINs

**About Debtor 2 (Spouse Only in a Joint Case):**

☐ I have not used any business name or EINs.

Business name(s)

EINs

**5.** **Where you live**

**55 Tell Avenue**
**Deer Park, NY 11729**
Number, Street, City, State & ZIP Code

**Suffolk**
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

Number, P.O. Box, Street, City, State & ZIP Code

**If Debtor 2 lives at a different address:**

Number, Street, City, State & ZIP Code

County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.

Number, P.O. Box, Street, City, State & ZIP Code

**6.** **Why you are choosing *this district* to file for bankruptcy**

*Check one:*

■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

Debtor 1    **Vanessa Pugh**                                               Case number *(if known)*

---

| Part 2: | Tell the Court About Your Bankruptcy Case |

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)).* Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

☑ Chapter 13

**8. How you will pay the fee**

☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments. If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

☐ No.

☑ Yes.

| | District | When | Case number |
|---|---|---|---|
| | **Eastern District of New York** | **7/20/17** | **8-17-74413-reg** |
| | District | When | Case number |
| | District | When | Case number |

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No

☐ Yes.

| | Debtor | | Relationship to you | |
|---|---|---|---|---|
| | District | When | Case number, if known | |
| | Debtor | | Relationship to you | |
| | District | When | Case number, if known | |

**11. Do you rent your residence?**

☑ No.    Go to line 12.

☐ Yes.    Has your landlord obtained an eviction judgment against you?

☐ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

---

| Debtor 1 | **Vanessa Pugh** | | Case number *(if known)* |
|---|---|---|---|

---

**Part 3:**    Report About Any Businesses You Own as a Sole Proprietor

---

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

■ No.    Go to Part 4.

☐ Yes.    Name and location of business

         _____

         Name of business, if any

         _____

         Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐   Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐   Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐   Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐   Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐   None of the above

---

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).

■ No.    I am not filing under Chapter 11.

☐ No.    I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.    I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

**Part 4:**    Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention

---

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ No.

☐ Yes.

What is the hazard?   _____

If immediate attention is needed, why is it needed?   _____

Where is the property?   _____

         Number, Street, City, State & Zip Code

---

**7**

Debtor 1    **Vanessa Pugh**                                                 Case number *(if known)*

| **Part 5:** | **Explain Your Efforts to Receive a Briefing About Credit Counseling** |

| | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1    **Vanessa Pugh**                                    Case number *(if known)*

| Part 6: | Answer These Questions for Reporting Purposes |
|---|---|

**16. What kind of debts do you have?**

16a. **What kind of debts do you have?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.

■ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts

---

**17. Are you filing under Chapter 7?**

■ No.    I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes.   I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No

☐ Yes

---

**18. How many Creditors do you estimate that you owe?**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**19. How much do you estimate your assets to be worth?**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**20. How much do you estimate your liabilities to be?**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ■ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| Part 7: | Sign Below |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ Vanessa Pugh**

**Vanessa Pugh**                                         Signature of Debtor 2
Signature of Debtor 1

Executed on    **May 21, 2018**                          Executed on
              MM / DD / YYYY                                          MM / DD / YYYY

---

Debtor 1  **Vanessa Pugh**                                          Case number *(if known)* _____

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

**/s/ Ronald D. Weiss**                              Date  **May 21, 2018**
Signature of Attorney for Debtor                        MM / DD / YYYY

**Ronald D. Weiss 4419**
Printed name

**Ronald D. Weiss, P.C.**
Firm name

**734 Walt Whitman Road**
**Suite 203**
**Melville, NY 11747**
Number, Street, City, State & ZIP Code

Contact phone  **(631) 271-3737**              Email address  **weiss@ny-bankruptcy.com**

**4419 NY**
Bar number & State

---

**10**

<table>
<tr><td><strong>Fill in this information to identify your case:</strong></td><td style="text-align:right"><strong>4419</strong></td></tr>
</table>

| | | | |
|---|---|---|---|
| Debtor 1 | **Vanessa Pugh** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF NEW YORK | | |
| Case number | | | |
| (if known) | | | |

☐ Check if this is an amended filing

# Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information   12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:  Summarize Your Assets

| | **Your assets**<br>Value of what you own |
|---|---|
| 1. **Schedule A/B: Property** (Official Form 106A/B) | |
| 1a. Copy line 55, Total real estate, from Schedule A/B..................................... | $ 294,499.00 |
| 1b. Copy line 62, Total personal property, from Schedule A/B.............................. | $ 44,144.53 |
| 1c. Copy line 63, Total of all property on Schedule A/B..................................... | $ 338,643.53 |

### Part 2:  Summarize Your Liabilities

| | **Your liabilities**<br>Amount you owe |
|---|---|
| 2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)<br>2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $ 545,915.59 |
| 3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)<br>3a. Copy  the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*.............................. | $ 0.00 |
| 3b. Copy  the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*........................... | $ 40,792.67 |
| **Your total liabilities** | $ 586,708.26 |

### Part 3:  Summarize Your Income and Expenses

| | |
|---|---|
| 4. *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I*.............................. | $ 8,362.79 |
| 5. *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J*........................................ | $ 3,897.31 |

### Part 4:  Answer These Questions for Administrative and Statistical Records

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ■ Yes

7. **What kind of debt do you have?**

   ■ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Debtor 1   **Vanessa Pugh**                                         Case number *(if known)* _____

8.  **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.                              $ _____ **12,005.50**

9.  **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ 0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ 0.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ 0.00 |
| 9d. Student loans. (Copy line 6f.) | $ 24,106.34 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ 0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ 0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $ 24,106.34 |

4419

| Fill in this information to identify your case and this filing: | | | |
|---|---|---|---|
| Debtor 1 | **Vanessa Pugh** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF NEW YORK | | |
| Case number | | | |

☐ Check if this is an amended filing

# Official Form 106A/B
# Schedule A/B: Property                                                      12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

☑ Yes. Where is the property?

---

1.1

**55 Tell Avenue**
Street address, if available, or other description

**What is the property?** Check all that apply

☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Deer Park          NY     11729-0000**
City          State     ZIP Code

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $294,499.00 | $294,499.00 |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Who has an interest in the property?** Check one

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**Sole Owner**

**Suffolk**
County

☐ **Check if this is community property**
(see instructions)

Other information you wish to add about this item, such as local property identification number:

---

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here...........................................................................=>**

| |
|---|
| $294,499.00 |

**Part 2:** Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

---

Debtor 1 **Vanessa Pugh**

Case number *(if known)*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
■ Yes

| 3.1 | Make: | **Volkswagen** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|

Model: **Passat**
Year: **2012**
Approximate mileage: **50000**
Other information:

| fair condition |
| **Debtor to surrender vehicle** |

Who has an interest in the property? Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$5,029.00** | **$5,029.00** |

| 3.2 | Make: | **Volkswagen** |
|---|---|---|

Model: **Beetle**
Year: **1972**
Approximate mileage:
Other information:

| **not working** |

Who has an interest in the property? Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$2,500.00** | **$2,500.00** |

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here...................................................................=>

**$7,529.00**

**Part 3:  Describe Your Personal and Household Items**

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

6. **Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes.  Describe.....

| **furnishings** | **$2,500.00** |

7. **Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
☐ No
■ Yes.  Describe.....

| **electronics** | **$1,000.00** |

8. **Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
☐ No
☐ Yes.  Describe.....

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Debtor 1    **Vanessa Pugh**                                      Case number *(if known)*

| | |
|---|---|
| collectibles, antiques<br>hand-carved church bench, antique clocks, pottery | $3,000.00 |

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ■ No
   ☐ Yes.  Describe.....

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ■ No
    ☐ Yes.  Describe.....

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ■ Yes.  Describe.....

| | |
|---|---|
| clothing | $1,500.00 |

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ☐ No
    ■ Yes.  Describe.....

| | |
|---|---|
| jewelry<br>various pieces real and costume | $1,000.00 |

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    ■ No
    ☐ Yes.  Describe.....

14. **Any other personal and household items you did not already list, including any health aids you did not list**
    ■ No
    ☐ Yes.  Give specific information.....

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ...........................................................................**

| |
|---|
| $9,000.00 |

| Part 4: | Describe Your Financial Assets |
|---|---|

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own?<br>Do not deduct secured claims or exemptions. |
|---|---|

16. **Cash**
    *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
    ☐ No
    ■ Yes.................................................................

|  | Cash | $50.00 |
|---|---|---|

17. **Deposits of money**
    *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
    ☐ No

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                   Best Case Bankruptcy

| Debtor 1 | **Vanessa Pugh** | | Case number *(if known)* | |
|---|---|---|---|---|

| | Yes....................... | Institution name: | |
|---|---|---|---|
| 17.1. | **Checking** | **Citibank**<br>**Acct #** | $2,000.00 |
| 17.2. | **Savings** | **Citibank**<br>**Acct #** | $0.00 |
| 17.3. | **Brokerage Account** | **Capital One Investing LLC**<br>**Acct # xxxxxx1691** | $565.53 |

18. **Bonds, mutual funds, or publicly traded stocks**
    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
    ■ No
    ☐ Yes.................    Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
    ■ No
    ☐ Yes.  Give specific information about them...................
                Name of entity:                                    % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
    *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
    *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
    ■ No
    ☐ Yes. Give specific information about them
                Issuer name:

21. **Retirement or pension accounts**
    *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
    ☐ No
    ■ Yes. List each account separately.
                Type of account:                Institution name:

| | | |
|---|---|---|
| **403(b)** | **Through Employer** | $25,000.00 |

22. **Security deposits and prepayments**
    Your share of all unused deposits you have made so that you may continue service or use from a company
    *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
    ■ No
    ☐ Yes. .....................    Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
    ■ No
    ☐ Yes............    Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
    ■ No
    ☐ Yes............    Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
    ■ No
    ☐ Yes.  Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
    ■ No
    ☐ Yes.  Give specific information about them...

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**16**

Debtor 1   **Vanessa Pugh**                                    Case number *(if known)* _____

27. **Licenses, franchises, and other general intangibles**
     *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
     ■ No
     ☐ Yes. Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

28. **Tax refunds owed to you**
     ■ No
     ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

     _____

29. **Family support**
     *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
     ■ No
     ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
     *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else
     ■ No
     ☐ Yes. Give specific information..

31. **Interests in insurance policies**
     *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
     ■ No
     ☐ Yes. Name the insurance company of each policy and list its value.
         Company name:                    Beneficiary:                  Surrender or refund value:

32. **Any interest in property that is due you from someone who has died**
     If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
     ■ No
     ☐ Yes. Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
     *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
     ■ No
     ☐ Yes. Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
     ■ No
     ☐ Yes. Describe each claim.........

35. **Any financial assets you did not already list**
     ■ No
     ☐ Yes. Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here**...................................................................................................

| **$27,615.53** |
|---|

| Part 5: | **Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.** |
|---|---|

37. **Do you own or have any legal or equitable interest in any business-related property?**
     ■ No. Go to Part 6.
     ☐ Yes.  Go to line 38.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Debtor 1    **Vanessa Pugh**                                    Case number *(if known)* _____

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---|---|

If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.

☐ Yes.  Go to line 47.

| Part 7: | Describe All Property You Own or Have an Interest in That You Did Not List Above |
|---|---|

53. **Do you have other property of any kind you did not already list?**
   *Examples:* Season tickets, country club membership

☑ No

☐ Yes. Give specific information.........

54.  **Add the dollar value of all of your entries from Part 7. Write that number here**  ....................................     |     **$0.00**     |

| Part 8: | List the Totals of Each Part of this Form |
|---|---|

| | | |
|---|---|---|
| 55. | **Part 1: Total real estate, line 2**  .................................................................... | **$294,499.00** |
| 56. | **Part 2: Total vehicles, line 5** | **$7,529.00** |
| 57. | **Part 3: Total personal and household items, line 15** | **$9,000.00** |
| 58. | **Part 4: Total financial assets, line 36** | **$27,615.53** |
| 59. | **Part 5: Total business-related property, line 45** | **$0.00** |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | **$0.00** |
| 61. | **Part 7: Total other property not listed, line 54** | + **$0.00** |

62. **Total personal property.** Add lines 56 through 61...     **$44,144.53**     Copy personal property total ▶     **$44,144.53**

63. **Total of all property on Schedule A/B.** Add line 55 + line 62         |     **$338,643.53**     |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Vanessa Pugh** |
| | First Name      Middle Name      Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name      Middle Name      Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF NEW YORK |
| Case number | |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106C
# Schedule C: The Property You Claim as Exempt
**4/16**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

**Part 1:**    Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☐ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

   ■ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **55 Tell Avenue Deer Park, NY 11729**<br>**Suffolk County**<br>Line from *Schedule A/B*: **1.1** | **$294,499.00** | ■            **$20,053.80**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(1)** |
| **2012 Volkswagen Passat 50000 miles**<br>**fair condition**<br>**Debtor to surrender vehicle**<br>Line from *Schedule A/B*: **3.1** | **$5,029.00** | ■            **$0.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(2)** |
| **furnishings**<br>Line from *Schedule A/B*: **6.1** | **$2,500.00** | ■            **$2,500.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| **electronics**<br>Line from *Schedule A/B*: **7.1** | **$1,000.00** | ■            **$1,000.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| **collectibles, antiques**<br>**hand-carved church bench, antique**<br>**clocks, pottery**<br>Line from *Schedule A/B*: **8.1** | **$3,000.00** | ■            **$3,000.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

| Debtor 1 | **Vanessa Pugh** | | Case number (if known) | |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption.* | |
| **clothing**<br>Line from *Schedule A/B*: **11.1** | $1,500.00 | ■ $1,500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(3) |
| **jewelry**<br>**various pieces real and costume**<br>Line from *Schedule A/B*: **12.1** | $1,000.00 | ■ $1,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(4) |
| **Cash**<br>Line from *Schedule A/B*: **16.1** | $50.00 | ■ $50.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(5) |
| **Checking: Citibank**<br>**Acct #**<br>Line from *Schedule A/B*: **17.1** | $2,000.00 | ■ $2,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(5) |
| **Savings: Citibank**<br>**Acct #**<br>Line from *Schedule A/B*: **17.2** | $0.00 | ■ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(5) |
| **Brokerage Account: Capital One**<br>**Investing LLC**<br>**Acct # xxxxxx1691**<br>Line from *Schedule A/B*: **17.3** | $565.53 | ■ $565.53<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(5) |
| **403(b): Through Employer**<br>Line from *Schedule A/B*: **21.1** | $25,000.00 | ■ $25,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(12) |

3. **Are you claiming a homestead exemption of more than $160,375?**
   (Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

   ■ No

   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

   ☐ No

   ☐ Yes

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

**Fill in this information to identify your case:**

4419

| | |
|---|---|
| Debtor 1 | **Vanessa Pugh** |
| | First Name        Middle Name        Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name        Middle Name        Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF NEW YORK |
| Case number | |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106D
## Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

**Part 1:     List All Secured Claims**

2. List all secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A | Column B | Column C |
|---|---|---|---|---|
| | | Amount of claim | Value of collateral that supports this claim | Unsecured portion |
| | | Do not deduct the value of collateral. | | If any |

**2.1  Citizens One Auto Finance**
Creditor's Name

480 Jefferson Blvd.
Warwick, RI 02886
Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Date debt was incurred   1/2015

Describe the property that secures the claim:

**2012 Volkswagen Passat 50000 miles**
    **fair condition**
**Debtor to surrender vehicle**

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   Auto Loan

Last 4 digits of account number   6919

| $8,402.00 | $5,029.00 | $3,373.00 |

**2.2  Wells Fargo /US Bank**
Creditor's Name

420 Montgomery Street
San Francisco, CA 94104
Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Describe the property that secures the claim:

**55 Tell Avenue Deer Park, NY 11729**
**Suffolk County**

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   Mortgage

| $476,129.59 | $294,499.00 | $181,630.59 |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

**4419**

| | |
|---|---|
| Debtor 1 **Vanessa Pugh** | Case number (if know) |
| First Name    Middle Name    Last Name | |

| | | | | |
|---|---|---|---|---|
| Date debt was incurred | | Last 4 digits of account number **7492** | | |

| 2.3 | **Wells Fargo Home Mortgage /US Bank** | **Describe the property that secures the claim:** | $61,384.00 | $294,499.00 | $61,384.00 |
|---|---|---|---|---|---|

Creditor's Name

**55 Tell Avenue Deer Park, NY 11729 Suffolk County**

**420 Montgomery Street San Francisco, CA 94104**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    **Second Mortgage**

| | | | | |
|---|---|---|---|---|
| Date debt was incurred **6/2006** | | Last 4 digits of account number **7466** | | |

| | |
|---|---|
| Add the dollar value of your entries in Column A on this page. Write that number here: | **$545,915.59** |
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | **$545,915.59** |

**Part 2:    List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

☐ Name, Number, Street, City, State & Zip Code
**Wells Fargo Bank Home Equity Group**
**1 Home Campus X2303-01A**
**Des Moines, IA 50328-0001**

On which line in Part 1 did you enter the creditor?    **2.3**

Last 4 digits of account number ___

☐ Name, Number, Street, City, State & Zip Code
**Wells Fargo Home Mortgage**
**P.O. Box 14411**
**Des Moines, IA 50306**

On which line in Part 1 did you enter the creditor?    **2.2**

Last 4 digits of account number ___

☐ Name, Number, Street, City, State & Zip Code
**Wells Fargo Home Mortgage**
**c/o Aldridge Pite LLP**
**40 Marcus Drive, Suite 200**
**Melville, NY 11747**

On which line in Part 1 did you enter the creditor?    **2.2**

Last 4 digits of account number ___

☐ Name, Number, Street, City, State & Zip Code
**Wells Fargo Home Mortgage**
**420 Montgomery Street**
**San Francisco, CA 94104**

On which line in Part 1 did you enter the creditor?    **2.2**

Last 4 digits of account number ___

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

**Fill in this information to identify your case:**

Debtor 1    **Vanessa Pugh**
     First Name      Middle Name      Last Name

Debtor 2
(Spouse if, filing)      First Name      Middle Name      Last Name

United States Bankruptcy Court for the:    EASTERN DISTRICT OF NEW YORK

Case number
(if known)

☐ Check if this is an amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims     12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

| Part 1: | List All of Your PRIORITY Unsecured Claims |
| --- | --- |

1. **Do any creditors have priority unsecured claims against you?**

   ☑ No. Go to Part 2.

   ☐ Yes.

| Part 2: | List All of Your NONPRIORITY Unsecured Claims |
| --- | --- |

3. **Do any creditors have nonpriority unsecured claims against you?**

   ☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

   ☑ Yes.

4. **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

|  |  |  | Total claim |
| --- | --- | --- | --- |

| 4.1 | **Capital One** | Last 4 digits of account number   3516 | $410.00 |
| --- | --- | --- | --- |

Nonpriority Creditor's Name

**PO Box 85015**
**Richmond, VA 23285**

When was the debt incurred?   **10/2015**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☑ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☑ Other. Specify   **Revolving Credit**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com     26733     Best Case Bankruptcy

Debtor 1    **Vanessa Pugh**                                                Case number (if know)

| 4.2 | **CB/A&F** | Last 4 digits of account number | **1985** | $83.00 |

Nonpriority Creditor's Name

**PO Box 182273**
**Columbus, OH 43218**

When was the debt incurred?    **2/2016**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

Is the claim subject to offset?

- ■ No
- ☐ Yes

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    **Revolving Credit**

---

| 4.3 | **CCB/C21** | Last 4 digits of account number | **9547** | $133.00 |

Nonpriority Creditor's Name

**PO Box 182120**
**Columbus, OH 43218**

When was the debt incurred?    **5/2017**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

Is the claim subject to offset?

- ■ No
- ☐ Yes

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    **Revolving Credit**

---

| 4.4 | **Citibank, N.A.** | Last 4 digits of account number | **3723** | $292.00 |

Nonpriority Creditor's Name

**701 E. 60th Street North**
**Sioux Falls, SD 57117-6181**

When was the debt incurred?    **5/2007**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

Is the claim subject to offset?

- ■ No
- ☐ Yes

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    **Revolving Credit**

---

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Debtor 1 **Vanessa Pugh**                                    Case number (if know) _____

| 4.5 | **Comenity Bank/Talbot** | Last 4 digits of account number | **1631** | | $2,229.00 |

Nonpriority Creditor's Name
**PO Box 182789**
**Columbus, OH 43218**
Number Street City State Zip Code

When was the debt incurred? **7/2014**

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify **Revolving Credit**

| 4.6 | **Credit One Bank** | Last 4 digits of account number | **9997** | | $2,012.00 |

Nonpriority Creditor's Name
**PO Box 60500**
**City of Industry, CA 91716-0500**
Number Street City State Zip Code

When was the debt incurred? **8/2013**

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify **Revolving Credit**

| 4.7 | **Debt Recovery Solutions** | Last 4 digits of account number | **8885** | | $1,254.00 |

Nonpriority Creditor's Name
**6800 Jericho Tpke, Suite 113-E**
**Syosset, NY 11791-4401**
Number Street City State Zip Code

When was the debt incurred? **7/2014**

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify **Collection**
**original creditor - Verizon**

Debtor 1  **Vanessa Pugh**

Case number (if know) _____

| 4.8 | **One Main** | | Last 4 digits of account number | **3444** | | | **$3,860.80** |

Nonpriority Creditor's Name
**100 International Drive, 17th Floor**
**Baltimore, MD 21202**
Number Street City State Zip Code

When was the debt incurred?  **6/2017**

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Installment**

---

| 4.9 | **Optimum** | | Last 4 digits of account number | **6035** | | | **$262.53** |

Nonpriority Creditor's Name
**1111 Stewart Ave**
**Bethpage, NY 11714**
Number Street City State Zip Code

When was the debt incurred?  **2/2017**

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Utility bill**

---

| 4.10 | **Overstock/ Comenity Bank** | | Last 4 digits of account number | **4075** | | | **$6,054.00** |

Nonpriority Creditor's Name
**Bankruptcy Dept.**
**PO Box 183043**
**Columbus, OH 43218-3043**
Number Street City State Zip Code

When was the debt incurred?  **10/2014**

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Revolving Credit**

---

Debtor 1 **Vanessa Pugh**                                                                Case number (if know) _____

| | | |
|---|---|---|
| **4.1** **1** | **PSEG LI** | Last 4 digits of account number **5952**     **$0.00** |

Nonpriority Creditor's Name
**PO Box 9083**
**Melville, NY 11747-9083**
Number Street City State Zip Code

**When was the debt incurred?** _____

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Utility bill**

| | | |
|---|---|---|
| **4.1** **2** | **SYNCH / Walmart** | Last 4 digits of account number **7145**     **$96.00** |

Nonpriority Creditor's Name
**PO Box 530927**
**Atlanta, GA 30353-0927**
Number Street City State Zip Code

**When was the debt incurred?**   **6/2017**

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Credit Card**

| | | |
|---|---|---|
| **4.1** **3** | **US Dept of Education** | Last 4 digits of account number **6441**     **$10,000.00** |

Nonpriority Creditor's Name
**PO Box 16448**
**Saint Paul, MN 55116-0448**
Number Street City State Zip Code

**When was the debt incurred?** _____

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

■ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify _____

**Student Loan**

Debtor 1 **Vanessa Pugh**

Case number (*if know*)

| 4.1 4 | **US Dept of Education - NY Office** | | |
|---|---|---|---|

Nonpriority Creditor's Name
**32 Old Slip**
**New York, NY 10005**
Number Street City State Zip Code

Last 4 digits of account number  **9644**

$14,106.34

When was the debt incurred?

**Who incurred the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Other. Specify _____

**Student Loan**

---

**Part 3:** List Others to Be Notified About a Debt That You Already Listed

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

| Name and Address | On which entry in Part 1 or Part 2 did you list the original creditor? |
|---|---|
| **Capital One - general correspondence**<br>**PO Box 30285**<br>**Salt Lake City, UT 84130-0287** | Line **4.1** of (*Check one*):<br>☐ Part 1: Creditors with Priority Unsecured Claims<br>■ Part 2: Creditors with Nonpriority Unsecured Claims |
| Last 4 digits of account number | |
| **CB / Abercrombie**<br>**PO Box 183003**<br>**Columbus, OH 43218** | Line **4.2** of (*Check one*):<br>☐ Part 1: Creditors with Priority Unsecured Claims<br>■ Part 2: Creditors with Nonpriority Unsecured Claims |
| Last 4 digits of account number | |
| **Comenity Bank/Overstock**<br>**PO Box 182789**<br>**Columbus, OH 43218** | Line **4.10** of (*Check one*):<br>☐ Part 1: Creditors with Priority Unsecured Claims<br>■ Part 2: Creditors with Nonpriority Unsecured Claims |
| Last 4 digits of account number | |
| **LVNV Funding**<br>**c/o Resurgent Capital Services**<br>**PO Box 10587**<br>**Greenville, SC 29603-0587** | Line **4.6** of (*Check one*):<br>☐ Part 1: Creditors with Priority Unsecured Claims<br>■ Part 2: Creditors with Nonpriority Unsecured Claims |
| Last 4 digits of account number | |
| **One Main Financial**<br>**6801 Colwell Blvd**<br>**C/S Care Dept**<br>**Irving, TX 75039** | Line **4.8** of (*Check one*):<br>☐ Part 1: Creditors with Priority Unsecured Claims<br>■ Part 2: Creditors with Nonpriority Unsecured Claims |
| Last 4 digits of account number | |
| **Optimum**<br>**Attn: Bankruptcy Dept.**<br>**200 Jericho Quadrangle**<br>**Jericho, NY 11753** | Line **4.9** of (*Check one*):<br>☐ Part 1: Creditors with Priority Unsecured Claims<br>■ Part 2: Creditors with Nonpriority Unsecured Claims |
| Last 4 digits of account number | |
| **Portfolio Recovery Associates**<br>**120 Corporate Blvd., Suite 100** | Line **4.1** of (*Check one*):<br>☐ Part 1: Creditors with Priority Unsecured Claims<br>■ Part 2: Creditors with Nonpriority Unsecured Claims |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Debtor 1    **Vanessa Pugh**                                      Case number (if know)  _____

| | |
|---|---|
| **for Capital One**<br>**Norfolk, VA 23502** | |
| | Last 4 digits of account number _____ |

| | |
|---|---|
| Name and Address<br>**Quantum 3 Group as agent for**<br>**MOMA Funding LLC**<br>**PO Box 788**<br>**Kirkland, WA 98083-0788** | On which entry in Part 1 or Part 2 did you list the original creditor?<br>Line **4.3** of (Check one):    ☐ Part 1: Creditors with Priority Unsecured Claims<br>■ Part 2: Creditors with Nonpriority Unsecured Claims |
| | Last 4 digits of account number _____ |

| | |
|---|---|
| Name and Address<br>**Reliant Capital Solutions**<br>**PO Box 307290**<br>**Columbus, OH 43230** | On which entry in Part 1 or Part 2 did you list the original creditor?<br>Line **4.14** of (Check one):    ☐ Part 1: Creditors with Priority Unsecured Claims<br>■ Part 2: Creditors with Nonpriority Unsecured Claims |
| | Last 4 digits of account number    **0479** |

| | |
|---|---|
| Name and Address<br>**SYNCH / WalMart**<br>**4125 Windward Plaza**<br>**Alpharetta, GA 30005** | On which entry in Part 1 or Part 2 did you list the original creditor?<br>Line **4.12** of (Check one):    ☐ Part 1: Creditors with Priority Unsecured Claims<br>■ Part 2: Creditors with Nonpriority Unsecured Claims |
| | Last 4 digits of account number _____ |

| | |
|---|---|
| Name and Address<br>**US Dept of Education - NY Office**<br>**32 Old Slip**<br>**New York, NY 10005** | On which entry in Part 1 or Part 2 did you list the original creditor?<br>Line **4.13** of (Check one):    ☐ Part 1: Creditors with Priority Unsecured Claims<br>☐ Part 2: Creditors with Nonpriority Unsecured Claims |
| | Last 4 digits of account number _____ |

| Part 4: | Add the Amounts for Each Type of Unsecured Claim |
|---|---|

6.  **Total the amounts of certain types of unsecured claims.** This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

| | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. | $ 0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ 0.00 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ 0.00 |

| | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. | $ 24,106.34 |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ 0.00 |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ 0.00 |
| | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ 16,686.33 |
| | 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ 40,792.67 |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

**4419**

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Vanessa Pugh** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF NEW YORK |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. **Do you have any executory contracts or unexpired leases?**
   ■ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.
   ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|
| 2.1 | |
| Name | |
| Number     Street | |
| City          State          ZIP Code | |
| 2.2 | |
| Name | |
| Number     Street | |
| City          State          ZIP Code | |
| 2.3 | |
| Name | |
| Number     Street | |
| City          State          ZIP Code | |
| 2.4 | |
| Name | |
| Number     Street | |
| City          State          ZIP Code | |
| 2.5 | |
| Name | |
| Number     Street | |
| City          State          ZIP Code | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

**Fill in this information to identify your case:**

4419

| Debtor 1 | **Vanessa Pugh** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    EASTERN DISTRICT OF NEW YORK

Case number
(if known)

☐ Check if this is an
amended filing

## Official Form 106H
## Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

■ No
☐ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

■ No. Go to line 3.
☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

**3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| Column 1: **Your codebtor**<br>Name, Number, Street, City, State and ZIP Code | | Column 2: **The creditor to whom you owe the debt**<br>Check all schedules that apply: |
|---|---|---|
| **3.1** | Name | ☐ Schedule D, line _____ |
| | | ☐ Schedule E/F, line _____ |
| | | ☐ Schedule G, line _____ |
| | Number    Street | |
| | City    State    ZIP Code | |
| **3.2** | Name | ☐ Schedule D, line _____ |
| | | ☐ Schedule E/F, line _____ |
| | | ☐ Schedule G, line _____ |
| | Number    Street | |
| | City    State    ZIP Code | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Fill in this information to identify your case:

**4419**

| Debtor 1 | **Vanessa Pugh** |
|---|---|

| Debtor 2 | |
|---|---|
| (Spouse, if filing) | |

United States Bankruptcy Court for the: EASTERN DISTRICT OF NEW YORK

| Case number | |
|---|---|
| (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form 106I
## Schedule I: Your Income                                                 12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Describe Employment |
|---|---|

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Employment status | ■ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| | Occupation | **Chief Deputy Commissioner** | |
| | Employer's name | **Suffolk County Dept. of Labor** | |
| | Employer's address | **Hauppauge, NY 11788** | |
| | How long employed there? | **5 years** | |

| Part 2: | Give Details About Monthly Income |
|---|---|

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ **12,005.50** | $ **N/A** |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$ **0.00** | +$ **N/A** |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. | $ **12,005.50** | $ **N/A** |

Debtor 1  **Vanessa Pugh**                                    Case number (*if known*) _____

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | **Copy line 4 here** | 4. | $ 12,005.50 | $ N/A |
| 5. | **List all payroll deductions:** | | | |
| | 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $ 3,642.71 | $ N/A |
| | 5b. **Mandatory contributions for retirement plans** | 5b. | $ 0.00 | $ N/A |
| | 5c. **Voluntary contributions for retirement plans** | 5c. | $ 0.00 | $ N/A |
| | 5d. **Required repayments of retirement fund loans** | 5d. | $ 0.00 | $ N/A |
| | 5e. **Insurance** | 5e. | $ 0.00 | $ N/A |
| | 5f. **Domestic support obligations** | 5f. | $ 0.00 | $ N/A |
| | 5g. **Union dues** | 5g. | $ 0.00 | $ N/A |
| | 5h. **Other deductions.** Specify: _____ | 5h.+ | $ 0.00 + | $ N/A |
| 6. | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 3,642.71 | $ N/A |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ 8,362.79 | $ N/A |
| 8. | **List all other income regularly received:** | | | |
| | 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ N/A |
| | 8b. **Interest and dividends** | 8b. | $ 0.00 | $ N/A |
| | 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ N/A |
| | 8d. **Unemployment compensation** | 8d. | $ 0.00 | $ N/A |
| | 8e. **Social Security** | 8e. | $ 0.00 | $ N/A |
| | 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | $ 0.00 | $ N/A |
| | 8g. **Pension or retirement income** | 8g. | $ 0.00 | $ N/A |
| | 8h. **Other monthly income.** Specify: _____ | 8h.+ | $ 0.00 + | $ N/A |
| 9. | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ 0.00 | $ N/A |
| 10. | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 8,362.79 + | $ N/A = $ 8,362.79 |

11. **State all other regular contributions to the expenses that you list in** *Schedule J.*
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: _____                                                    11. +$                0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it
applies                                                                  12. $            8,362.79

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
   ☑ No.
   ☐ Yes. Explain: _____

4419

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | Vanessa Pugh |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF NEW YORK |
| Case number (If known) | |

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

Official Form 106J

# Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Your Household

1. **Is this a joint case?**

   ■ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**

      ☐ No
      ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?** ☐ No

   Do not list Debtor 1 and Debtor 2.

   ■ Yes. Fill out this information for each dependent..............

   Do not state the dependents names.

| | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|
| | Son | 17 years | ☐ No ■ Yes |
| | | | ☐ No ☐ Yes |
| | | | ☐ No ☐ Yes |
| | | | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ■ No
   ☐ Yes

## Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J,* check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | Your expenses |
|---|---|

| | | |
|---|---|---|
| 4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. $ | 0.00 |
| **If not included in line 4:** | | |
| 4a. Real estate taxes | 4a. $ | 0.00 |
| 4b. Property, homeowner's, or renter's insurance | 4b. $ | 0.00 |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. $ | 200.00 |
| 4d. Homeowner's association or condominium dues | 4d. $ | 0.00 |
| 5. **Additional mortgage payments for your residence,** such as home equity loans | 5. $ | 639.31 |

| Debtor 1 | **Vanessa Pugh** | Case number (if known) | |
|---|---|---|---|

6. **Utilities:**

| | | | | |
|---|---|---|---|---|
| 6a. | Electricity, heat, natural gas | 6a. | $ | **250.00** |
| 6b. | Water, sewer, garbage collection | 6b. | $ | **25.00** |
| 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | **200.00** |
| 6d. | Other. Specify: **Cell** | 6d. | $ | **200.00** |

7. **Food and housekeeping supplies** — 7. $ **300.00**

8. **Childcare and children's education costs** — 8. $ **75.00**

9. **Clothing, laundry, and dry cleaning** — 9. $ **225.00**

10. **Personal care products and services** — 10. $ **100.00**

11. **Medical and dental expenses** — 11. $ **70.00**

12. **Transportation.** Include gas, maintenance, bus or train fare.
Do not include car payments. — 12. $ **225.00**

13. **Entertainment, clubs, recreation, newspapers, magazines, and books** — 13. $ **100.00**

14. **Charitable contributions and religious donations** — 14. $ **495.00**

15. **Insurance.**
Do not include insurance deducted from your pay or included in lines 4 or 20.

| | | | | |
|---|---|---|---|---|
| 15a. | Life insurance | 15a. | $ | **202.00** |
| 15b. | Health insurance | 15b. | $ | **0.00** |
| 15c. | Vehicle insurance | 15c. | $ | **141.00** |
| 15d. | Other insurance. Specify: | 15d. | $ | **0.00** |

16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
Specify: — 16. $ **0.00**

17. **Installment or lease payments:**

| | | | | |
|---|---|---|---|---|
| 17a. | Car payments for Vehicle 1 | 17a. | $ | **450.00** |
| 17b. | Car payments for Vehicle 2 | 17b. | $ | **0.00** |
| 17c. | Other. Specify: | 17c. | $ | **0.00** |
| 17d. | Other. Specify: | 17d. | $ | **0.00** |

18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** — 18. $ **0.00**

19. **Other payments you make to support others who do not live with you.**
Specify: — 19. $

20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.***

| | | | | |
|---|---|---|---|---|
| 20a. | Mortgages on other property | 20a. | $ | **0.00** |
| 20b. | Real estate taxes | 20b. | $ | **0.00** |
| 20c. | Property, homeowner's, or renter's insurance | 20c. | $ | **0.00** |
| 20d. | Maintenance, repair, and upkeep expenses | 20d. | $ | **0.00** |
| 20e. | Homeowner's association or condominium dues | 20e. | $ | **0.00** |

21. **Other:** Specify: — 21. +$ **0.00**

22. **Calculate your monthly expenses**

| | | | |
|---|---|---|---|
| 22a. Add lines 4 through 21. | | $ | **3,897.31** |
| 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | $ | |
| 22c. Add line 22a and 22b. The result is your monthly expenses. | | $ | **3,897.31** |

23. **Calculate your monthly net income.**

| | | | |
|---|---|---|---|
| 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. | $ | **8,362.79** |
| 23b. Copy your monthly expenses from line 22c above. | 23b. | -$ | **3,897.31** |
| 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. | $ | **4,465.48** |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☐ No.

■ Yes.    Explain here:

**Fill in this information to identify your case:**

4419

| | | | |
|---|---|---|---|
| Debtor 1 | **Vanessa Pugh** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF NEW YORK | | |
| Case number (if known) | | | |

☐ Check if this is an amended filing

<u>Official Form 106Dec</u>
# Declaration About an Individual Debtor's Schedules
12/15

If two married people are filing together, both are equally responsible for supplying correct information.

**You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes.  Name of person _____  Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

| | |
|---|---|
| X **/s/ Vanessa Pugh** | X _____ |
| **Vanessa Pugh** | Signature of Debtor 2 |
| Signature of Debtor 1 | |
| Date **May 21, 2018** | Date _____ |

---

Official Form 106Dec                **Declaration About an Individual Debtor's Schedules**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

**Fill in this information to identify your case:**

4419

| | |
|---|---|
| Debtor 1 | **Vanessa Pugh** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF NEW YORK |
| Case number (if known) | |

☐ Check if this is an amended filing

# Official Form 107
# Statement of Financial Affairs for Individuals Filing for Bankruptcy

4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Give Details About Your Marital Status and Where You Lived Before**

1. **What is your current marital status?**

   ☐ Married
   ■ Not married

2. **During the last 3 years, have you lived anywhere other than where you live now?**

   ■ No
   ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|
| | | | |

3. **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

   ☐ No
   ☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

**Part 2    Explain the Sources of Your Income**

4. **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
   Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
   If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

   ☐ No
   ■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | ■ Wages, commissions, bonuses, tips | $54,551.11 | ☐ Wages, commissions, bonuses, tips | |
| | ☐ Operating a business | | ☐ Operating a business | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Debtor 1    **Vanessa Pugh**                                    Case number *(if known)*

|  | **Debtor 1** | | **Debtor 2** | |
|---|---|---|---|---|
|  | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| **For last calendar year:**<br>(January 1 to December 31, 2017 ) | ■ Wages, commissions, bonuses, tips<br>☐ Operating a business | $144,128.57 | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | |
| **For the calendar year before that:**<br>(January 1 to December 31, 2016 ) | ■ Wages, commissions, bonuses, tips<br>☐ Operating a business | $143,083.00 | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | |
| **For the calendar year:**<br>(January 1 to December 31, 2015 ) | ■ Wages, commissions, bonuses, tips<br>☐ Operating a business | $138,947.00 | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | |

5.  **Did you receive any other income during this year or the two previous calendar years?**
    Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

    List each source and the gross income from each source separately. Do not include income that you listed in line 4.

    ■ No
    ☐ Yes. Fill in the details.

|  | **Debtor 1** | | **Debtor 2** | |
|---|---|---|---|---|
|  | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions) | **Sources of income**<br>Describe below. | **Gross income**<br>(before deductions and exclusions) |

| **Part 3:** | **List Certain Payments You Made Before You Filed for Bankruptcy** |
|---|---|

6.  **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

    ☐ No.   **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

    During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,425* or more?

    ☐ No.   Go to line 7.
    ☐ Yes   List below each creditor to whom you paid a total of $6,425* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
    * Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.

    ■ Yes.   **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
    During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

    ☐ No.   Go to line 7.
    ■ Yes   List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

| Debtor 1 | **Vanessa Pugh** | | Case number (*if known*) | |

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
| --- | --- | --- | --- | --- |
| **OneMain Financial**<br>**6801 Colwell Blvd.**<br>**Irving, TX 75039** | 4/13/2018 | $3,809.07 | $0.00 | ☐ Mortgage<br>☐ Car<br>☐ Credit Card<br>☑ Loan Repayment<br>☐ Suppliers or vendors<br>☐ Other___ |

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
   *Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

   ☑ No
   ☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
| --- | --- | --- | --- | --- |

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
   Include payments on debts guaranteed or cosigned by an insider.

   ☑ No
   ☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment<br>Include creditor's name |
| --- | --- | --- | --- | --- |

**Part 4:** Identify Legal Actions, Repossessions, and Foreclosures

9. **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
   List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

   ☐ No
   ☑ Yes. Fill in the details.

| Case title<br>Case number | Nature of the case | Court or agency | Status of the case |
| --- | --- | --- | --- |
| **US Bank National Association v. Pugh**<br>**061682/2013** | | | ☐ Pending<br>☐ On appeal<br>☑ Concluded |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
    Check all that apply and fill in the details below.

    ☑ No. Go to line 11.
    ☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property<br><br>Explain what happened | Date | Value of the property |
| --- | --- | --- | --- |

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

    ☑ No
    ☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
| --- | --- | --- | --- |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

Debtor 1    **Vanessa Pugh**    Case number *(if known)*

12. Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?

- ■ No
- ☐ Yes

## Part 5:    List Certain Gifts and Contributions

13. Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?

- ☐ No
- ■ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person<br><br>Person to Whom You Gave the Gift and Address: | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| **J. Hubbard** | **$7500** | | **$7,500.00** |

Person's relationship to you: **son**

14. Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?

- ☐ No
- ■ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600<br>Charity's Name<br>Address (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|
| **Wyandanch Plaza Associates** | | | **$1,000.00** |
| **Congregation Ch South Hempstead** | | | **$1,000.00** |

## Part 6:    List Certain Losses

15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?

- ■ No
- ☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br><br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property*. | Date of your loss | Value of property lost |
|---|---|---|---|

## Part 7:    List Certain Payments or Transfers

16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

- ☐ No
- ☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

Debtor 1    **Vanessa Pugh**                                           Case number *(if known)*

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| **Ronald D. Weiss P.C.**<br>**734 Walt Whitman Road**<br>**Suite 203**<br>**Melville, NY 11747** | **$3870 including $3500 legal fees, $310 filing fee. $35 credit counseling, $25 credit report** | | **$3,870.00** |

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

☒ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

☒ No
☐ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices*.)

☒ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

**Part 8:**    List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☒ No
☐ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

☒ No
☐ Yes. Fill in the details.

| Name of Financial Institution<br>Address (Number, Street, City, State and ZIP Code) | Who else had access to it?<br>Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

Debtor 1    **Vanessa Pugh**                                          Case number *(if known)*

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

☑ No
☐ Yes. Fill in the details.

| Name of Storage Facility<br>Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it?<br>Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|
| | | | |

### Part 9:    Identify Property You Hold or Control for Someone Else

23. **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

☑ No
☐ Yes. Fill in the details.

| Owner's Name<br>Address (Number, Street, City, State and ZIP Code) | Where is the property?<br>(Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|
| | | | |

### Part 10:    Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

- *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.
- *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.
- *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24. **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

25. **Have you notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes. Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

26. **Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No
☐ Yes. Fill in the details.

| Case Title<br>Case Number | Court or agency<br>Name<br>Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|
| | | | |

### Part 11:    Give Details About Your Business or Connections to Any Business

27. **Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Debtor 1    **Vanessa Pugh**                                         Case number *(if known)*

- ☐ **A partner in a partnership**
- ☐ **An officer, director, or managing executive of a corporation**
- ☐ **An owner of at least 5% of the voting or equity securities of a corporation**

- ■ **No. None of the above applies.  Go to Part 12.**
- ☐ **Yes. Check all that apply above and fill in the details below for each business.**

| Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|

28. **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

- ■ **No**
- ☐ **Yes. Fill in the details below.**

| Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|

Debtor 1    **Vanessa Pugh** _____    Case number (*if known*) _____

---

| Part 12: | Sign Below |
| --- | --- |

**I have read the answers on this** *Statement of Financial Affairs* **and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**/s/ Vanessa Pugh** _____    _____
**Vanessa Pugh**                                **Signature of Debtor 2**
**Signature of Debtor 1**

Date    **May 21, 2018** _____    Date _____

**Did you attach additional pages to** *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* **(Official Form 107)?**
■ No
☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**
■ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

<table>
<tr><td colspan="2">

**Fill in this information to identify your case:**

Debtor 1    **Vanessa Pugh**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Eastern District of New York

Case number
(if known)

</td></tr>
</table>

4419

**Check as directed in lines 17 and 21:**

According to the calculations required by this Statement:

☐   1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).

☑   2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).

☐   3. The commitment period is 3 years.

☑   4. The commitment period is 5 years.

☐ Check if this is an amended filing

## Official Form 122C-1
# Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period
12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

**Part 1:**    **Calculate Your Average Monthly Income**

1. **What is your marital and filing status?** Check one only.

☑ **Not married**. Fill out Column A, lines 2-11.

☐ **Married**. Fill out both Columns A and B, lines 2-11.

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $   **12,005.50** | $ |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $   **0.00** | $ |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Do not include payments from a spouse. Do not include payments you listed on line 3. | $   **0.00** | $ |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | | |
|---|---|---|---|
| Gross receipts (before all deductions) | $   0.00 | | |
| Ordinary and necessary operating expenses | -$   0.00 | | |
| Net monthly income from a business, profession, or farm | $   0.00   **Copy here ->** | $   **0.00** | $ |

6. **Net income from rental and other real property**   Debtor 1

| | Debtor 1 | | |
|---|---|---|---|
| Gross receipts (before all deductions) | $   0.00 | | |
| Ordinary and necessary operating expenses | -$   0.00 | | |
| Net monthly income from rental or other real property | $   0.00   **Copy here ->** | $   **0.00** | $ |

Official Form 122C-1    **Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period**    page 1

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

45

Debtor 1  **Vanessa Pugh**

Case number (*if known*) _____

| | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|
| 7. **Interest, dividends, and royalties** | $ 0.00 | $ _____ |
| 8. **Unemployment compensation** | $ 0.00 | $ _____ |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

For you ................................................... $ _____ 0.00

For your spouse ..................................... $ _____

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act.

$ 0.00  $ _____

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total below.

| | | |
|---|---|---|
| _____ | $ 0.00 | $ _____ |
| _____ | $ 0.00 | $ _____ |
| Total amounts from separate pages, if any. | + $ 0.00 | $ _____ |

11. **Calculate your total average monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$ **12,005.50** + $ _____ = $ **12,005.50**

**Total average monthly income**

---

| **Part 2:** | **Determine How to Measure Your Deductions from Income** |
|---|---|

12. **Copy your total average monthly income from line 11.**

$ **12,005.50**

13. **Calculate the marital adjustment.** Check one:

■ You are not married. Fill in 0 below.

☐ You are married and your spouse is filing with you. Fill in 0 below.

☐ You are married and your spouse is not filing with you.

Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

Below, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

If this adjustment does not apply, enter 0 below.

| | |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | + $ _____ |
| Total | $ 0.00 |

Copy here=>   -   0.00

14. **Your current monthly income.** Subtract line 13 from line 12.

$ **12,005.50**

15. **Calculate your current monthly income for the year.** Follow these steps:

15a. Copy line 14 here=>

$ **12,005.50**

Multiply line 15a by 12 (the number of months in a year).

x 12

15b. The result is your current monthly income for the year for this part of the form. ..........................................

$ **144,066.00**

---

Official Form 122C-1   **Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period**   **page 2**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Debtor 1 **Vanessa Pugh**                                    Case number (*if known*) _____

16. **Calculate the median family income that applies to you.** Follow these steps:

16a. Fill in the state in which you live.                        **NY**

16b. Fill in the number of people in your household.             **2**

16c. Fill in the median family income for your state and size of household. ............... $ **68,087.00**

   To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

17. **How do the lines compare?**

17a. ☐ Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3.** Do NOT fill out *Calculation of Your Disposable Income* (Official Form 122C-2).

17b. ☑ Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3 and fill out Calculation of Your Disposable Income (Official Form 122C-2).** On line 39 of that form, copy your current monthly income from line 14 above.

| Part 3: | Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4) |
|---|---|

18. Copy your total average monthly income from line 11 . ..............................    $  **12,005.50**

19. **Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13.

   19a. If the marital adjustment does not apply, fill in 0 on line 19a.            -$  **0.00**

   19b. **Subtract line 19a from line 18.**                                 $  **12,005.50**

20. **Calculate your current monthly income for the year.** Follow these steps:

   20a. Copy line 19b ...........................................................    $  **12,005.50**

   Multiply by 12 (the number of months in a year).                        **x 12**

   20b. The result is your current monthly income for the year for this part of the form    $  **144,066.00**

   20c. Copy the median family income for your state and size of household from line 16c    $  **68,087.00**

21. **How do the lines compare?**

   ☐ Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is 3 years.* Go to Part 4.

   ☑ Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years.* Go to Part 4.

| Part 4: | Sign Below |
|---|---|

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

**X /s/ Vanessa Pugh**
**Vanessa Pugh**
Signature of Debtor 1

Date **May 21, 2018**
    MM / DD / YYYY

If you checked 17a, do NOT fill out or file Form 122C-2.

If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

4419

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Vanessa Pugh** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Eastern District of New York |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 122C-2

# Chapter 13 Calculation of Your Disposable Income

04/16

To fill out this form, you will need your completed copy of *Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period* (Official Form 122C-1).

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form, Include the line number to which additional information applies. On the top any additional pages, write your name and case number (if known).

**Part 1:    Calculate Your Deductions from Your Income**

The Internal Revenue Service (IRS) issues National and Local Standards for certain expense amounts. Use these amounts to answer the the questions in lines 6-15. To find the IRS standards, go online using the link specified in the separate instructions for this form. This information may also be available at the bankruptcy clerk's office.

Deduct the expense amounts set out in lines 6-15 regardless of your actual expense. In later parts of the form, you will use some of your actual expenses if they are higher than the standards. Do not include any operating expenses that you subtracted from income in lines 5 and 6 of Form 122C–1, and do not deduct any amounts that you subtracted from your spouse's income in line 13 of Form 122C–1.

If your expenses differ from month to month, enter the average expense.

Note: Line numbers 1-4 are not used in this form. These numbers apply to information required by a similar form used in chapter 7 cases.

5.    **The number of people used in determining your deductions from income**

Fill in the number of people who could be claimed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. This number may be different from the number of people in your household.

| |
|---|
| **2** |

**National Standards**        You must use the IRS National Standards to answer the questions in lines 6-7.

6.    **Food, clothing, and other items:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for food, clothing, and other items.        $        **1,202.00**

7.    **Out-of-pocket health care allowance:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for out-of-pocket health care. The number of people is split into two categories--people who are under 65 and people who are 65 or older--because older people have a higher IRS allowance for health car costs. If your actual expenses are higher than this IRS amount, you may deduct the additional amount on line 22.

Debtor 1 **Vanessa Pugh**                                                                       Case number (*if known*) _____

| People who are under 65 years of age | | | | |
|---|---|---|---|---|
| 7a. | Out-of-pocket health care allowance per person | $ 52 | | |
| 7b. | Number of people who are under 65 | X 2 | | |
| 7c. | **Subtotal.** Multiply line 7a by line 7b. | $ 104.00 | Copy here=> | $ 104.00 |

| People who are 65 years of age or older | | | | |
|---|---|---|---|---|
| 7d. | Out-of-pocket health care allowance per person | $ 114 | | |
| 7e. | Number of people who are 65 or older | X 0 | | |
| 7f. | Subtotal. Multiply line 7d by line 7e. | $ 0.00 | Copy here=> | $ 0.00 |
| 7g. | **Total.** Add line 7c and line 7f | $ 104.00 | Copy total here=> | $ 104.00 |

**Local Standards**    You must use the IRS Local Standards to answer the questions in lines 8-15.

Based on information from the IRS, the U.S. Trustee Program has divided the IRS Local Standard for housing for bankruptcy purposes into two parts:

■ Housing and utilities - Insurance and operating expenses

■ Housing and utilities - Mortgage or rent expenses

**To answer the questions in lines 8-9, use the U.S. Trustee Program chart. To find the chart, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.**

8. **Housing and utilities - Insurance and operating expenses:** Using the number of people you entered in line 5, fill in the dollar amount listed for your county for insurance and operating expenses.                                               $ 699.00

9. **Housing and utilities - Mortgage or rent expenses:**

9a. Using the number of people you entered in line 5, fill in the dollar amount listed for your county for mortgage or rent expenses.                                               $ 2,300.00

9b. Total average monthly payment for all mortgages and other debts secured by your home.

To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Next divide by 60.

| Name of the creditor | Average monthly payment |
|---|---|
| **Wells Fargo /US Bank** | $ 2,524.83 |
| **Wells Fargo Home Mortgage /US Bank** | $ 639.31 |

9b. Total average monthly payment    $ 3,164.14    Copy here=>    -$ 3,164.14    Repeat this amount on line 33a.

9c. Net mortgage or rent expense.

Subtract line 9b (*total average monthly payment*) from line 9a (*mortgage or rent expense*). If this number is less than $0, enter $0.                $ 0.00    Copy here=>    $ 0.00

10. **If you claim that the U.S. Trustee Program's division of the IRS Local Standard for housing is incorrect and affects the calculation of your monthly expenses, fill in any additional amount you claim.**                                               $ 0.00

Explain why: _____

Debtor 1 **Vanessa Pugh**

Case number (*if known*) _____

---

11. **Local transportation expenses:** Check the number of vehicles for which you claim an ownership or operating expense.

☐ 0. Go to line 14.

☐ 1. Go to line 12.

☑ 2 or more. Go to line 12.

12. **Vehicle operation expense:** Using the IRS Local Standards and the number of vehicles for which you claim the operating expenses, fill in the *Operating Costs* that apply for your Census region or metropolitan statistical area. $ **608.00**

13. **Vehicle ownership or lease expense:** Using the IRS Local Standards, calculate the net ownership or lease expense for each vehicle below. You may not claim the expense if you do not make any loan or lease payments on the vehicle. In addition, you may not claim the expense for more than two vehicles.

| Vehicle 1 | Describe Vehicle 1: | **2012 Volkswagen Passat 50000 miles fair condition Debtor to surrender vehicle** |
|---|---|---|

13a. Ownership or leasing costs using IRS Local Standard.................................................. $ **497.00**

13b. Average monthly payment for all debts secured by Vehicle 1.

Do not include costs for leased vehicles.

To calculate the average monthly payment here and on line 13e, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

| Name of each creditor for Vehicle 1 | Average monthly payment |
|---|---|
| **Citizens One Auto Finance** | $ **240.00** |

| Total Average Monthly Payment | $ **240.00** | Copy here => | -$ **240.00** | Repeat this amount on line 33b. |
|---|---|---|---|---|

13c. Net Vehicle 1 ownership or lease expense

Subtract line 13b from line 13a. if this number is less than $0, enter $0. ...................... $ **257.00** | **Copy net Vehicle 1 expense here** => $ **257.00**

| Vehicle 2 | Describe Vehicle 2: | _____ |
|---|---|---|

13d. Ownership or leasing costs using IRS Local Standard.................................................. $ **0.00**

13e. Average monthly payment for all debts secured by Vehicle 2. Do not include costs for leased vehicles.

| Name of each creditor for Vehicle 2 | Average monthly payment |
|---|---|
| **-NONE-** | $ |

| Total average monthly payment | $ **0.00** | Copy here => | -$ **0.00** | Repeat this amount on line 33c. |
|---|---|---|---|---|

13f. Net Vehicle 2 ownership or lease expense

Subtract line 13e from line 13d. if this number is less than $0, enter $0. ...................... $ **0.00** | **Copy net Vehicle 2 expense here** => $ **0.00**

14. **Public transportation expense: If you claimed 0 vehicles in line 11, using the IRS Local Standards, fill in the** *Public Transportation* **expense allowance regardless of whether you use public transportation.** $ **0.00**

15. **Additional public transportation expense:** If you claimed 1 or more vehicles in line 11 and if you claim that you may also deduct a public transportation expense, you may fill in what you believe is the appropriate expense, but you may not claim more than the IRS Local Standard for *Public Transportation*. $ **0.00**

---

Debtor 1    **Vanessa Pugh**                                   Case number (*if known*)

| Other Necessary Expenses | In addition to the expense deductions listed above, you are allowed your monthly expenses for the following IRS categories. |
|---|---|

16. **Taxes:** The total monthly amount that you will actually pay for federal, state and local taxes, such as income taxes, self-employment taxes, social security taxes, and Medicare taxes. You may include the monthly amount withheld from your pay for these taxes. However, if you expect to receive a tax refund, you must divide the expected refund by 12 and subtract that number from the total monthly amount that is withheld to pay for taxes.
Do not include real estate, sales, or use taxes.                                                    $    **3,642.71**

17. **Involuntary deductions:** The total monthly payroll deductions that your job requires, such as retirement contributions, union dues, and uniform costs.
Do not include amounts that are not required by your job, such as voluntary 401(k) contributions or payroll savings.    $    **0.00**

18. **Life Insurance:** The total monthly premiums that you pay for your own term life insurance. If two married people are filing together, include payments that you make for your spouse's term life insurance.
Do not include premiums for life insurance on your dependents, for a non-filing spouse's life insurance, or for any form of life insurance other than term.                                               $    **202.12**

19. **Court-ordered payments:** The total monthly amount that you pay as required by the order of a court or administrative agency, such as spousal or child support payments.
Do not include payments on past due obligations for spousal or child support. You will list these obligations in line 35.    $    **0.00**

20. **Education:** The total monthly amount that you pay for education that is either required:
   ■ as a condition for your job, or
   ■ for your physically or mentally challenged dependent child if no public education is available for similar services.    $    **0.00**

21. **Childcare:** The total monthly amount that you pay for childcare, such as babysitting, daycare, nursery, and preschool.
Do not include payments for any elementary or secondary school education.                                $    **0.00**

22. **Additional health care expenses, excluding insurance costs:** The monthly amount that you pay for health care that is required for the health and welfare of you or your dependents and that is not reimbursed by insurance or paid by a health savings account. Include only the amount that is more than the total entered in line 7.
Payments for health insurance or health savings accounts should be listed only in line 25.               $    **468.00**

23. **Optional telephone and telephone services:** The total monthly amount that you pay for telecommunication services for you and your dependents, such as pagers, call waiting, caller identification, special long distance, or business cell phone service, to the extent necessary for your health and welfare or that of your dependents or for the production of income, if it is not reimbursed by your employer.
Do not include payments for basic home telephone, internet and cell phone service. Do not include self-employment expenses, such as those reported on line 5 of Official Form 122C-1, or any amount you previously deducted.    +$    **0.00**

24. **Add all of the expenses allowed under the IRS expense allowances.**
Add lines 6 through 23.                                                                              $    **7,182.83**

| Additional Expense Deductions | These are additional deductions allowed by the Means Test. *Note:* Do not include any expense allowances listed in lines 6-24. |
|---|---|

25. **Health insurance, disability insurance, and health savings account expenses.** The monthly expenses for health insurance, disability insurance, and health savings accounts that are reasonably necessary for yourself, your spouse, or your dependents.

   Health insurance                      $    **0.00**

   Disability insurance                  $    **0.00**

   Health savings account              + $    **0.00**

   Total                                 $    **0.00**    Copy total here=>    $    **0.00**

   Do you actually spend this total amount?
   ☐    No. How much do you actually spend?                        $
   ■    Yes

26. **Continued contributions to the care of household or family members.** The actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. These expenses may include contributions to an account of a qualified ABLE program. 26 U.S.C. § 529A(b)    $    **0.00**

27. **Protection against family violence.** The reasonably necessary monthly expenses that you incur to maintain the safety of you and your family under the Family Violence Prevention and Services Act or other federal laws that apply.
   By law, the court must keep the nature of these expenses confidential.                              $    **0.00**

Debtor 1    **Vanessa Pugh**                                                    Case number (*if known*)

28. **Additional home energy costs.** Your home energy costs are included in your insurance and operating expenses on line 8.

   If you believe that you have home energy costs that are more than the home energy costs included in expenses on line 8, then fill in the excess amount of home energy costs

   You must give your case trustee documentation of your actual expenses, and you must show that the additional amount claimed is reasonable and necessary.     $ _____ **0.00**

29. **Education expenses for dependent children who are younger than 18.** The monthly expenses (not more than $160.42* per child) that you pay for your dependent children who are younger than 18 years old to attend a private or public elementary or secondary school.

   You must give your case trustee documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in lines 6-23.

   * Subject to adjustment on 4/01/19, and every 3 years after that for cases begun on or after the date of adjustment.     $ _____ **0.00**

30. **Additional food and clothing expense.** The monthly amount by which your actual food and clothing expenses are higher than the combined food and clothing allowances in the IRS National Standards. That amount cannot be more than 5% of the food and clothing allowances in the IRS National Standards.

   To find a chart showing the maximum additional allowance, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.

   You must show that the additional amount claimed is reasonable and necessary.     $ _____ **0.00**

31. **Continuing charitable contributions.** The amount that you will continue to contribute in the form of cash or financial instruments to a religious or charitable organization. 11 U.S.C. § 548(d)(3) and (4).

   Do not include any amount more than 15% of your gross monthly income.     $ _____ **495.00**

32. **Add all of the additional expense deductions.**
   Add lines 25 through 31.     $ _____ **495.00**

### Deductions for Debt Payment

33. **For debts that are secured by an interest in property that you own, including home mortgages, vehicle loans, and other secured debt, fill in lines 33a through 33e.**

   To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

| | Average monthly payment |
|---|---|
| **Mortgages on your home** | |
| 33a. Copy line 9b here                                    => | $ 3,164.14 |
| **Loans on your first two vehicles** | |
| 33b. Copy line 13b here                                   => | $ 240.00 |
| 33c. Copy line 13e here                                   => | $ 0.00 |

33d. List other secured debts:

| Name of each creditor for other secured debt | Identify property that secures the debt | Does payment include taxes or insurance? | |
|---|---|---|---|
| **-NONE-** | | ☐ No  ☐ Yes | $ _____ |
| | | ☐ No  ☐ Yes | $ _____ |
| | | ☐ No  ☐ Yes  + | $ _____ |

33e. Total average monthly payment. Add lines 33a through 33d     $ 3,404.14     Copy total here=>  $ 3,404.14

---

| Debtor 1 | **Vanessa Pugh** | | Case number (*if known*) | |

**34. Are any debts that you listed in line 33 secured by your primary residence, a vehicle, or other property necessary for your support or the support of your dependents?**

☐ No.   Go to line 35.

■ Yes.   State any amount that you must pay to a creditor, in addition to the payments listed in line 33, to keep possession of your property (called the *cure amount*). Next, divide by 60 and fill in the information below.

| Name of the creditor | Identify property that secures the debt | Total cure amount | | | Monthly cure amount |
|---|---|---|---|---|---|
| **Wells Fargo Home Mortgage /US Bank** | **55 Tell Avenue Deer Park, NY 11729 Suffolk County** | $ **120.00** | ÷ 60 = | $ | **2.00** |
| | | $ | ÷ 60 = | $ | |
| | | $ | ÷ 60 = | +$ | |

Total  $ **2.00**   Copy total here=>  $ **2.00**

**35. Do you owe any priority claims - such as a priority tax, child support, or alimony - that are past due as of the filing date of your bankruptcy case?** 11 U.S.C. § 507.

■ No.   Go to line 36.

☐ Yes.   Fill in the total amount of all of these priority claims. Do not include current or ongoing priority claims, such as those you listed in line 19.

Total amount of all past-due priority claims ............   $ **0.00**   ÷ 60   $ **0.00**

**36. Projected monthly Chapter 13 plan payment**   $ **3,600.00**

Current multiplier for your district as stated on the list issued by the Administrative Office of the United States Courts (for districts in Alabama and North Carolina) or by the Executive Office for United States Trustees (for all other districts).   X **7.60**

To find a list of district multipliers that includes your district, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

Average monthly administrative expense   $ **273.60**   Copy total here=>  $ **273.60**

**37. Add all of the deductions for debt payment.**
Add lines 33e through 36.   $ **3,679.74**

**Total Deductions from Income**

**38. Add all of the allowed deductions.**

| Copy line 24, *All of the expenses allowed under IRS expense allowances* ............ | $ **7,182.83** |
|---|---|
| Copy line 32, *All of the additional expense deductions* ............ | $ **495.00** |
| Copy line 37, *All of the deductions for debt payment* ............ | +$ **3,679.74** |

Total deductions.................................................   $ **11,357.57**   Copy total here=>  $ **11,357.57**

| Debtor 1 | **Vanessa Pugh** | | Case number (*if known*) | |

---

**Part 2:**     Determine Your Disposable Income Under 11 U.S.C. § 1325(b)(2)

39. **Copy your total current monthly income from line 14 of Form 122C-1,** *Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period.*     $    **12,005.50**

40. **Fill in any reasonably necessary income you receive for support for dependent children.** The monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I of Form 122C-1, that you received in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child.     $    **0.00**

41. **Fill in all qualified retirement deductions.** The monthly total of all amounts that your employer withheld from wages as contributions for qualified retirement plans, as specified in 11 U.S.C. § 541(b)(7) plus all required repayments of loans from retirement plans, as specified in 11 U.S.C. § 362(b)(19).     $    **0.00**

42. **Total of all deductions allowed under 11 U.S.C. § 707(b)(2)(A).** Copy line 38 here   =>   $    **11,357.57**

43. **Deduction for special circumstances.** If special circumstances justify additional expenses and you have no reasonable alternative, describe the special circumstances and their expenses. You must give your case trustee a detailed explanation of the special circumstances and documentation for the expenses.

| Describe the special circumstances | Amount of expense |
|---|---|
| **Summer Therapy Group for Disabled Son @ $2k/yr** | $ **166.67** |
| **Summer Camp for Disabled Son @ $3k/yr** | $ **250.00** |
| **Expected legal fees re disabled son** | $ **100.00** |
| Total $ **516.67** | Copy here=> $ **516.67** |

44. **Total adjustments.** Add lines 40 through 43.   =>   $ **11,874.24**    Copy here=> -$ **11,874.24**

45. **Calculate your monthly disposable income under § 1325(b)(2).** Subtract line 44 from line 39.     $ **131.26**

---

**Part 3:**     Change in Income or Expenses

46. **Change in income or expenses.** If the income in Form 122C-1 or the expenses you reported in this form have changed or are virtually certain to change after the date you filed your bankruptcy petition and during the time your case will be open, fill in the information below. For example, if the wages reported increased after you filed your petition, check 122C-1 in the first column, enter line 2 in the second column, explain why the wages increased, fill in when the increase occurred, and fill in the amount of the increase.

| Form | Line | Reason for change | Date of change | Increase or decrease? | Amount of change |
|---|---|---|---|---|---|
| ☐ 122C-1 | | | | ☐ Increase | |
| ☐ 122C-2 | | | | ☐ Decrease | $ |
| ☐ 122C-1 | | | | ☐ Increase | |
| ☐ 122C-2 | | | | ☐ Decrease | $ |
| ☐ 122C-1 | | | | ☐ Increase | |
| ☐ 122C-2 | | | | ☐ Decrease | $ |
| ☐ 122C-1 | | | | ☐ Increase | |
| ☐ 122C-2 | | | | ☐ Decrease | $ |

---

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

Debtor 1    **Vanessa Pugh** _____    Case number (*if known*) _____

| Part 4: | Sign Below |
|---|---|

By signing here, under penalty of perjury you declare that the information on this statement and in any attachments is true and correct.

**X  /s/ Vanessa Pugh** _____
**Vanessa Pugh**
Signature of Debtor 1

Date    **May 21, 2018** _____
MM / DD  / YYYY

Debtor 1    **Vanessa Pugh**                                          Case number (*if known*)

## Current Monthly Income Details for the Debtor

**Debtor Income Details:**
Income for the Period **11/01/2017** to **04/30/2018**.

**Line 2 - Gross wages, salary, tips, bonuses, overtime, commissions**
Source of Income: **Suffolk**
Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | **11/2017** | **$12,005.50** |
| 5 Months Ago: | **12/2017** | **$12,005.50** |
| 4 Months Ago: | **01/2018** | **$12,005.50** |
| 3 Months Ago: | **02/2018** | **$12,005.50** |
| 2 Months Ago: | **03/2018** | **$12,005.50** |
| Last Month: | **04/2018** | **$12,005.50** |
| | Average per month: | **$12,005.50** |

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court

4419

### Eastern District of New York

In re   **Vanessa Pugh** _____    Case No. _____

_____ Debtor(s)    Chapter    **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

|  |  |  |
|---|---|---|
| For legal services, I have agreed to accept | $ | **6,000.00** |
| Prior to the filing of this statement I have received | $ | **3,500.00** |
| Balance Due | $ | **2,500.00** |

2.  $ **310.00**  of the filing fee has been paid.

3.  The source of the compensation paid to me was:

    ■ Debtor    ☐ Other (specify):

4.  The source of compensation to be paid to me is:

    ☐ Debtor    ■ Other (specify):    **Pursuant to retainer, through Chapter 13 Plan**

5.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
    e. [Other provisions as needed]
       **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.  Loss mitigation / loan modification application services as needed.**

7.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding or appeal.**

---

### CERTIFICATION

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| **May 21, 2018** | **/s/ Ronald D. Weiss** |
|---|---|
| _Date_ | **Ronald D. Weiss 4419** |
|  | _Signature of Attorney_ |
|  | **Ronald D. Weiss, P.C.** |
|  | **734 Walt Whitman Road** |
|  | **Suite 203** |
|  | **Melville, NY 11747** |
|  | **(631) 271-3737   Fax: (631) 271-3784** |
|  | **weiss@ny-bankruptcy.com** |
|  | _Name of law firm_ |

---

**United States Bankruptcy Court**                                           4419

**Eastern District of New York**

In re  **Vanessa Pugh**                                        Case No.
                                            Debtor(s)          Chapter    **13**

# VERIFICATION OF CREDITOR MATRIX

      The above named debtor(s) or attorney for the debtor(s) hereby verify that the attached matrix (list of creditors) is true and correct to the best of their knowledge.

Date:  **May 21, 2018**                          **/s/ Vanessa Pugh**
                                                 **Vanessa Pugh**
                                                 Signature of Debtor

Date:  **May 21, 2018**                          **/s/ Ronald D. Weiss**
                                                 Signature of Attorney
                                                 **Ronald D. Weiss 4419**
                                                 **Ronald D. Weiss, P.C.**
                                                 **734 Walt Whitman Road**
                                                 **Suite 203**
                                                 **Melville, NY 11747**
                                                 **(631) 271-3737   Fax: (631) 271-3784**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346


NYS Dept of Taxation & Finance
Bankruptcy Unit-TCD
Bldg 8 Room 455
W. A Harriman State Campus
Albany, NY 12227


United States Attorney
Attn: Chief of Bankruptcy Litigation
271-C Cadman Plaza East
Brooklyn, NY 11201


US Department of Justice Tax Division
Box 55
Ben Franklin Station
Washington, DC 20044


State of New York
Office of the Attorney General
120 Broadway
New York, NY 10271


Capital One
PO Box 85015
Richmond, VA 23285


Capital One - general correspondence
PO Box 30285
Salt Lake City, UT 84130-0287


CB / Abercrombie
PO Box 183003
Columbus, OH 43218


CB/A&F
PO Box 182273
Columbus, OH 43218


CCB/C21
PO Box 182120
Columbus, OH 43218

Citibank, N.A.
701 E. 60th Street North
Sioux Falls, SD 57117-6181


Citizens One Auto Finance
480 Jefferson Blvd.
Warwick, RI 02886


Comenity Bank/Overstock
PO Box 182789
Columbus, OH 43218


Comenity Bank/Talbot
PO Box 182789
Columbus, OH 43218


Credit One Bank
PO Box 60500
City of Industry, CA 91716-0500


Debt Recovery Solutions
6800 Jericho Tpke, Suite 113-E
Syosset, NY 11791-4401


LVNV Funding
c/o Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587


One Main
100 International Drive, 17th Floor
Baltimore, MD 21202


One Main Financial
6801 Colwell Blvd
C/S Care Dept
Irving, TX 75039


Optimum
1111 Stewart Ave
Bethpage, NY 11714

Optimum
Attn: Bankruptcy Dept.
200 Jericho Quadrangle
Jericho, NY 11753


Overstock/ Comenity Bank
Bankruptcy Dept.
PO Box 183043
Columbus, OH 43218-3043


Portfolio Recovery Associates
120 Corporate Blvd., Suite 100
for Capital One
Norfolk, VA 23502


PSEG LI
PO Box 9083
Melville, NY 11747-9083


Quantum 3 Group as agent for
MOMA Funding LLC
PO Box 788
Kirkland, WA 98083-0788


Reliant Capital Solutions
PO Box 307290
Columbus, OH 43230


SYNCH / Walmart
PO Box 530927
Atlanta, GA 30353-0927


SYNCH / WalMart
4125 Windward Plaza
Alpharetta, GA 30005


US Dept of Education
PO Box 16448
Saint Paul, MN 55116-0448


US Dept of Education - NY Office
32 Old Slip
New York, NY 10005

Wells Fargo /US Bank
420 Montgomery Street
San Francisco, CA 94104


Wells Fargo Bank Home Equity Group
1 Home Campus X2303-01A
Des Moines, IA 50328-0001


Wells Fargo Home Mortgage
P.O. Box 14411
Des Moines, IA 50306


Wells Fargo Home Mortgage
420 Montgomery Street
San Francisco, CA 94104


Wells Fargo Home Mortgage
c/o Aldridge Pite LLP
40 Marcus Drive, Suite 200
Melville, NY 11747


Wells Fargo Home Mortgage /US Bank
420 Montgomery Street
San Francisco, CA 94104

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

## STATEMENT PURSUANT TO LOCAL
## BANKRUPTCY RULE 1073-2(b)

**DEBTOR(S):**  Vanessa Pugh                **CASE NO.:** _____

Pursuant to Local Bankruptcy Rule 1073-2(b), the debtor *(or any other petitioner)* hereby makes the following disclosure concerning Related Cases, to the petitioner's best knowledge, information and belief:

[NOTE: Cases shall be deemed "Related Cases" for purposes of E.D.N.Y. LBR 1073-1 and E.D.N.Y. LBR 1073-2 if the earlier case was pending at any time within eight years before the filing of the new petition, and the debtors in such cases: (i) are the same; (ii) are spouses or ex-spouses; (iii) are affiliates, as defined in 11 U.S.C. § 101(2); (iv) are general partners in the same partnership; (v) are a partnership and one or more of its general partners; (vi) are partnerships which share one or more common general partners; or (vii) have, or within 180 days of the commencement of either of the Related Cases had, an interest in property that was or is included in the property of another estate under 11 U.S.C. § 541(a).]

☐ NO RELATED CASE IS PENDING OR HAS BEEN PENDING AT ANY TIME.

■ THE FOLLOWING RELATED CASE(S) IS PENDING OR HAS BEEN PENDING:

1. CASE NO.:  **8-17-74413-reg**     JUDGE:          DISTRICT/DIVISION:  **Eastern District of New York**

CASE STILL PENDING (Y/N):     **N**               [*If closed*] Date of closing:_____

 CURRENT STATUS OF RELATED CASE: _____
                                            (Discharged/awaiting discharge, confirmed, dismissed, etc.)

 MANNER IN WHICH CASES ARE RELATED (*Refer to NOTE above*):  **Prior Filing  7/20/2017**_____

REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ("REAL PROPERTY") WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASE:  _____

2. CASE NO.:_____ JUDGE:_____ DISTRICT/DIVISION:_____

CASE STILL PENDING (Y/N):_____               [*If closed*] Date of closing:_____

 CURRENT STATUS OF RELATED CASE: _____
                                            (Discharged/awaiting discharge, confirmed, dismissed, etc.)

 MANNER IN WHICH CASES ARE RELATED (*Refer to NOTE above*): _____

REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ("REAL PROPERTY") WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASE:  _____

3. CASE NO.:_____ JUDGE:_____ DISTRICT/DIVISION:_____

CASE STILL PENDING (Y/N):_____               [*If closed*] Date of closing:_____

(OVER)

DISCLOSURE OF RELATED CASES (cont'd)

CURRENT STATUS OF RELATED CASE: _____
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

MANNER IN WHICH CASES ARE RELATED *(Refer to NOTE above)*: _____

REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ("REAL PROPERTY") WHICH WAS ALSO LISTED IN
SCHEDULE "A" OF RELATED CASE: _____

*NOTE:* Pursuant to 11 U.S.C. § 109(g), certain individuals who have had prior cases dismissed within the preceding 180 days may not
be eligible to be debtors. Such an individual will be required to file a statement in support of his/her eligibility to file.

TO BE COMPLETED BY DEBTOR/PETITIONER'S ATTORNEY, AS APPLICABLE:

I am admitted to practice in the Eastern District of New York (Y/N): __**Y**__

CERTIFICATION (to be signed by pro se debtor/petitioner or debtor/petitioner's attorney, as applicable):

I certify under penalty of perjury that the within bankruptcy case is not related to any case now pending or pending at any time, except
as indicated elsewhere on this form.

**/s/ Ronald D. Weiss**
_____          _____
**Ronald D. Weiss 4419**                                    Signature of Pro Se Debtor/Petitioner
Signature of Debtor's Attorney
**Ronald D. Weiss, P.C.**
**734 Walt Whitman Road**                   _____
**Suite 203**                                               Signature of Pro Se Joint Debtor/Petitioner
**Melville, NY 11747**
**(631) 271-3737 Fax:(631) 271-3784**

_____
Mailing Address of Debtor/Petitioner

_____
City, State, Zip Code

_____
Area Code and Telephone Number

Failure to fully and truthfully provide all information required by the E.D.N.Y. LBR 1073-2 Statement may subject the debtor or any
other petitioner and their attorney to appropriate sanctions, including without limitation conversion, the appointment of a trustee or the
dismissal of the case with prejudice.

NOTE: Any change in address must be reported to the Court immediately IN WRITING. Dismissal of your petition may otherwise
result.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X                         CHAPTER 13
IN RE:                                                                            CASE NO.:
**Vanessa Pugh**
               DEBTOR(S).
-------------------------------------------------------X

# CHAPTER 13 PLAN

☐      Check this box if this is an amended plan.  List below the sections of the plan which have been  changed:

_____

## PART 1: NOTICES

**To Debtors:**  This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstance or that it is permissible in your judicial district.  Plans that do not comply with the local rules for the Eastern District of New York may not be confirmable.  If you do not have an attorney, you may wish to consult one.

**To Creditors:**  Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated.  You should read this plan carefully and discuss it with your attorney.  If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation; unless otherwise ordered by the Bankruptcy Court.  The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.  See  Bankruptcy Rule 3015.  In addition, you may need to file a timely proof of claim in order to be paid under any plan.

**1.1:**  The following matters may be of particular importance.  **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as *"Not Included"* or if both or neither boxes are checked, the provision will be ineffective if set out later in the plan.**

| | | | |
|---|---|---|---|
| a. | **A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor** | ☐ Included | ☑ Not Included |
| b. | **Avoidance of a judicial lien or nonpossessory, non-purchase-money security interest, set out in Section 3.6** | ☐ Included | ☑ Not Included |
| c. | **Nonstandard provisions, set out in Part 9.** | ☐ Included | ☑ Not Included |

**1.2:**  The following matters are for informational purposes.

| | | | |
|---|---|---|---|
| a. | **The debtor(s) is seeking to modify a mortgage secured by the debtor(s)'s principal residence, set out in Section 3.3** | ☑ Included | ☐ Not Included |

| | | | |
|---|---|---|---|
| b. | **Unsecured Creditors, set out in Part 5, will receive 100% distribution of their timely filed claim** | ☑ Included | ☐ Not Included |

## PART 2:  PLAN PAYMENTS AND LENGTH OF PLAN

**2.1:  The post-petition earnings of the debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall pay to the Trustee for a period of 60 months as follows:**

$__**3,600.00**__ per month commencing __**June 2018**__ through and including __**May 2023**__ for a period of __**60**__ months.
  *Insert additional lines if needed.*

**2.2:**     **Income tax refunds.**

If general unsecured creditors are paid less than 100%, in addition to the regular monthly payments, during the pendency of this case, the Debtor(s) will provide the Trustee with signed copies of filed federal and state tax returns for each year commencing with the tax year _____, no later than April 15th of the year following the tax period.  Indicated tax refunds are to be paid to the Trustee upon receipt, however, no later than June 15th of the year in which the tax returns are filed.

**2.3:**     **Additional payments.**
    *Check one.*
      ☑     **None.** If "None" is checked, the rest of § 2.3 need not be completed or reproduced.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                          Best Case Bankruptcy

Debtor    **Vanessa Pugh**                                   Case number _____

## PART 3: TREATMENT OF SECURED CLAIMS

**3.1.:**    **Maintenance of payments (including the debtor(s)'s principal residence).**

Check one.

☐    **None.** If "None" is checked, the rest of § 3.1 need not be completed.

☑    Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s).

| Name of Creditor | Last 4 Digits of Account Number | Principal Residence (check box) | Description of Collateral | Current Installment Payment (Including escrow) |
|---|---|---|---|---|
| **Citizens One Auto Finance** | **6919** | ☐ | **2012 Volkswagen Passat 50000 miles fair condition Debtor to surrender vehicle** | **$450.00** |
| **Wells Fargo Home Mortgage /US Bank** | **7466** | ☐ | **55 Tell Avenue Deer Park, NY 11729  Suffolk County** | **$639.31** |

*Insert additional claims as needed.*

**3.2**    **Cure of default (including the debtor(s)'s principal residence).**

*Check one.*

☐    **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

☑    Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with nterest, if any, at the rate stated below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts listed below are controlling.

| Name of Creditor | Last 4 Digits of Acct No. | Principal Residence (check box) | Description of Collateral | Amount Arrearage | Interest Rate |
|---|---|---|---|---|---|
| **Wells Fargo Home Mortgage /US Bank** | **7466** | ☐ | **55 Tell Avenue Deer Park, NY 11729  Suffolk County** | **$120.00** | **0.00%** |

Insert additional claims as needed.

**3.3:**    **Modification of a mortgage secured by the debtor(s)'s principal residence.**

*Check one*

☐    **The debtor(s) is not seeking to modify a mortgage secured by the debtor's principal residence.**

☑    **The debtor(s) is seeking to modify a mortgage secured by the debtor(s)'s principal residence.**

*Complete paragraph below.*

☑    If applicable, the debtor(s) will be requesting loss mitigation pursuant to General Order #582.

The mortgage due to ___**Wells Fargo Home Mortgage**___ (creditor name) on the property known as ___**55 Tell Avenue, Deer Park, New York**___ under account number ending ___**7492**___ (last four digits of account number) is in default. All arrears, including all past due payments, late charges, escrow deficiency, legal fees and other expenses due to the mortgagee totaling $___**492,130.00**___, may be capitalized pursuant to a loan modification. The new principal balance, including capitalized arrears will be $___**492,130.00**___, and will be paid at ___**3.5**___ % interest amortized over ___**40**___ years with an estimated monthly payment of $___**2,603.69**___ including interest and escrow of $___**697.23**___. The estimated monthly payment shall be paid directly to the trustee while loss mitigation is pending and until such time as the debtor(s) has commenced payment under a trial loan modification. Contemporaneous with the commencement of a trial loan modification, the debtor(s) will amend the Chapter 13 Plan and Schedule J to reflect the terms of the trial agreement, including the direct payment to the secured creditor going forward by the debtor(s).

Debtor    **Vanessa Pugh**                                    Case number  _____

**3.4:    Request for valuation of security, payment of fully secured claims, and modification of under-secured claims.**
*Check one.*

☑    **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5:    Secured claims on personal property excluded from 11 U.S.C. §506.**

*Check one.*
☑    **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**3.6:    Lien avoidance.**

*Check one.*
☑    **None.** If "None" is checked, the rest of § 3.6 need not be completed or reproduced.

**3.7:    Surrender of collateral.**

*Check one.*
☑    **None.** If "None" is checked, the rest of § 3.7 need not be completed or reproduced.

## PART 4: TREATMENT OF FEES AND PRIORITY CLAIMS

**4.1:    General.**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in §4.5, will be paid in full without post-petition interest.

**4.2:    Trustee's fees.**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3:    Attorney's fees.**
The balance of the fees owed to the attorney for the debtor(s) is $**2,500.00**.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☑    **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

**4.5    Domestic support obligations.**

*Check one.*
☑    **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## PART 5: TREATMENT OF NONPRIORITY UNSECURED CLAIMS

Allowed nonpriority unsecured claims will be paid pro rata:

☐    Not less than the sum of $_____
☑    Not less than  __**100.00**__% of the total amount of these claims.
☐    From the funds remaining after disbursement have been made to all other creditors provided for in this plan.

If more than one option is checked, the option providing the largest payment will be effective.

| Debtor | **Vanessa Pugh** | Case number | |
|---|---|---|---|

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1: The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

Check one.

☑    **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

## PART 7: VESTING OF PROPERTY OF THE ESTATE

Unless otherwise provided in the Order of Confirmation, property of the estate will vest in the debtor(s) upon completion of the plan.

## PART 8: POST-PETITION OBLIGATIONS

**8.1:**    Post-petition mortgage payments, vehicle payments, real estate taxes, and domestic support obligations are to be made directly by the debtor(s) unless otherwise provided for in the plan

**8.2:**    Throughout the term of this Plan, the debtor(s) will not incur post-petition debt over $2,500.00 without written consent of the Trustee or by order of the Court.

## PART 9: NONSTANDARD PLAN PROVISIONS

**9.1:**    Check "None" or list nonstandard plan provisions.

☑    **None.** If "None" is checked, the rest of Part 9.1 need not be completed.

## PART 10: CERTIFICATION AND SIGNATURE(S):

**10.1:**    I/we do hereby certify that this plan does not contain any nonstandard provisions other than those set out in the final paragraph.

X    **/s/ Vanessa Pugh**                                        X    _____
     **Vanessa Pugh**                                                 Signature of Debtor 2
     Signature of Debtor 1

     Executed on    **May 21, 2018**                                Executed on    _____

X    **/s/ Ronald D. Weiss**
     **Ronald D. Weiss 4419**
     Signature of Attorney for Debtor(s)
     Dated:    **May 22, 2018**

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Vanessa Pugh** | Social Security number or ITIN   **xxx–xx–9644** |
| | First Name   Middle Name   Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _ |
| | | EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Eastern District of New York** | | Date case filed for chapter  **13**  **5/23/18** |
| Case number:   **8–18–73512–reg** | | |

# NOTICE OF HEARING ON CONFIRMATION

**NOTICE IS HEREBY GIVEN THAT:**

A hearing on confirmation of the proposed Chapter 13 Plan filed by the above–captioned debtor(s) will be held before the Honorable Robert E. Grossman , United States Bankruptcy Judge, on **August 9, 2018 at 09:30 AM** at the following location:

**United States Bankruptcy Court, Long Island Federal Courthouse, 290 Federal Plaza – Room 860, Central Islip, NY 11722**

Enclosed is a copy of the debtor(s) proposed Chapter 13 Plan for your review. Objections, if any, to the confirmation of the plan must be in writing and filed with the Clerk on or before the date of the hearing. If no objections are timely filed, the plan may be deemed to have been filed in good faith.

Dated: May 24, 2018

For the Court, Robert A. Gavin, Jr., Clerk of Court

**BLcnfhrg.jsp** [Notice of Hearing on Confirmation rev. 02/01/17]

# Notice Recipients

District/Off: 0207–8          User: smarcus          Date Created: 5/24/2018
Case: 8–18–73512–reg          Form ID: 170          Total: 41

**Recipients of Notice of Electronic Filing:**
ust        United States Trustee        USTPRegion02.LI.ECF@usdoj.gov
tr         Michael J. Macco             ecf@maccosternlaw.com
aty        Ronald D Weiss               weiss@ny–bankruptcy.com

                                                                    TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db         Vanessa Pugh        55 Tell Avenue       Deer Park, NY 11729
smg        United States Trustee        Office of the United States Trustee        Long Island Federal Courthouse        560
           Federal Plaza – Room 560        Central Islip, NY 11722–4437
9277228    CB / Abercrombie        PO Box 183003        Columbus, OH 43218
9277229    CB/A&F        Columbus, OH 43218
9277230    CCB/C21        PO Box 182120        Columbus, OH 43218
9277226    Capital One        PO Box 85015        Richmond, VA 23285
9277227    Capital One – general correspondence        PO Box 30285        Salt Lake City, UT 84130–0287
9277231    Citibank, N.A.        701 E. 60th Street North        Sioux Falls, SD 57117–6181
9277232    Citizens One Auto Finance        480 Jefferson Blvd.        Warwick, RI 02886
9277233    Comenity Bank/Overstock        PO Box 182789        Columbus, OH 43218
9277234    Comenity Bank/Talbot        PO Box 182789        Columbus, OH 43218
9277235    Credit One Bank        PO Box 60500        City of Industry, CA 91716–0500
9277236    Debt Recovery Solutions        6800 Jericho Tpke, Suite 113–E        Syosset, NY 11791–4401
9277221    Internal Revenue Service        P.O. Box 7346        Philadelphia, PA 19101–7346
9277237    LVNV Funding        c/o Resurgent Capital Services        PO Box 10587        Greenville, SC 29603–0587
9277222    NYS Dept of Taxation & Finance        Bankruptcy Unit–TCD        Bldg 8 Room 455        W. A Harriman State
           Campus        Albany, NY 12227
9277238    One Main        100 International Drive, 17th Floor        Baltimore, MD 21202
9277239    One Main Financial        6801 Colwell Blvd        C/S Care Dept        Irving, TX 75039
9277240    Optimum        1111 Stewart Ave        Bethpage, NY 11714
9277241    Optimum        Attn: Bankruptcy Dept.        200 Jericho Quadrangle        Jericho, NY 11753
9277242    Overstock/ Comenity Bank        Bankruptcy Dept.        PO Box 183043        Columbus, OH 43218–3043
9277244    PSEG LI        PO Box 9083        Melville, NY 11747–9083
9277243    Portfolio Recovery Associates        120 Corporate Blvd., Suite 100        for Capital One        Norfolk, VA
           23502
9277245    Quantum 3 Group as agent for        MOMA Funding LLC        PO Box 788        Kirkland, WA
           98083–0788
9277246    Reliant Capital Solutions        PO Box 307290        Columbus, OH 43230
9277248    SYNCH / WalMart        4125 Windward Plaza        Alpharetta, GA 30005
9277247    SYNCH / Walmart        PO Box 530927        Atlanta, GA 30353–0927
9277225    State of New York        Office of the Attorney General        120 Broadway        New York, NY 10271
9277224    US Department of Justice Tax Division        Box 55        Ben Franklin Station        Washington, DC 20044
9277249    US Dept of Education        PO Box 16448        Saint Paul, MN 55116–0448
9277250    US Dept of Education – NY Office        32 Old Slip        New York, NY 10005
9277223    United States Attorney        Attn: Chief of Bankruptcy Litigation        271–C Cadman Plaza East        Brooklyn,
           NY 11201
9277251    Wells Fargo /US Bank        420 Montgomery Street        San Francisco, CA 94104
9277252    Wells Fargo Bank Home Equity Group        1 Home Campus X2303–01A        Des Moines, IA 50328–0001
9277253    Wells Fargo Home Mortgage        420 Montgomery Street        San Francisco, CA 94104
9277253    Wells Fargo Home Mortgage        P.O. Box 14411        Des Moines, IA 50306
9277255    Wells Fargo Home Mortgage        c/o Aldridge Pite LLP        40 Marcus Drive, Suite 200        Melville, NY
           11747
9277256    Wells Fargo Home Mortgage /US Bank        420 Montgomery Street        San Francisco, CA 94104

                                                                    TOTAL: 38

# Notice Recipients

District/Off: 0207–8              User: smarcus                 Date Created: 5/24/2018

Case: 8–18–73512–reg             Form ID: pdf008               Total: 41

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| ust | United States Trustee | USTPRegion02.LI.ECF@usdoj.gov |
| tr | Michael J. Macco | ecf@maccosternlaw.com |
| aty | Ronald D Weiss | weiss@ny–bankruptcy.com |

TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | |
|---|---|---|
| db | Vanessa Pugh | 55 Tell Avenue       Deer Park, NY 11729 |
| smg | United States Trustee       Office of the United States Trustee       Long Island Federal Courthouse       560 Federal Plaza – Room 560       Central Islip, NY 11722–4437 | |
| 9277228 | CB / Abercrombie       PO Box 183003       Columbus, OH 43218 | |
| 9277229 | CB/A&F       Columbus, OH 43218 | |
| 9277230 | CCB/C21       PO Box 182120       Columbus, OH 43218 | |
| 9277226 | Capital One       PO Box 85015       Richmond, VA 23285 | |
| 9277227 | Capital One – general correspondence       PO Box 30285       Salt Lake City, UT 84130–0287 | |
| 9277231 | Citibank, N.A.       701 E. 60th Street North       Sioux Falls, SD 57117–6181 | |
| 9277232 | Citizens One Auto Finance       480 Jefferson Blvd.       Warwick, RI 02886 | |
| 9277233 | Comenity Bank/Overstock       PO Box 182789       Columbus, OH 43218 | |
| 9277234 | Comenity Bank/Talbot       PO Box 182789       Columbus, OH 43218 | |
| 9277235 | Credit One Bank       PO Box 60500       City of Industry, CA 91716–0500 | |
| 9277236 | Debt Recovery Solutions       6800 Jericho Tpke, Suite 113–E       Syosset, NY 11791–4401 | |
| 9277221 | Internal Revenue Service       P.O. Box 7346       Philadelphia, PA 19101–7346 | |
| 9277237 | LVNV Funding       c/o Resurgent Capital Services       PO Box 10587       Greenville, SC 29603–0587 | |
| 9277222 | NYS Dept of Taxation & Finance       Bankruptcy Unit–TCD       Bldg 8 Room 455       W. A Harriman State Campus       Albany, NY 12227 | |
| 9277238 | One Main       100 International Drive, 17th Floor       Baltimore, MD 21202 | |
| 9277239 | One Main Financial       6801 Colwell Blvd       C/S Care Dept       Irving, TX 75039 | |
| 9277240 | Optimum       1111 Stewart Ave       Bethpage, NY 11714 | |
| 9277241 | Optimum       Attn: Bankruptcy Dept.       200 Jericho Quadrangle       Jericho, NY 11753 | |
| 9277242 | Overstock/ Comenity Bank       Bankruptcy Dept.       PO Box 183043       Columbus, OH 43218–3043 | |
| 9277244 | PSEG LI       PO Box 9083       Melville, NY 11747–9083 | |
| 9277243 | Portfolio Recovery Associates       120 Corporate Blvd., Suite 100       for Capital One       Norfolk, VA 23502 | |
| 9277245 | Quantum 3 Group as agent for       MOMA Funding LLC       PO Box 788       Kirkland, WA 98083–0788 | |
| 9277246 | Reliant Capital Solutions       PO Box 307290       Columbus, OH 43230 | |
| 9277248 | SYNCH / WalMart       4125 Windward Plaza       Alpharetta, GA 30005 | |
| 9277247 | SYNCH / Walmart       PO Box 530927       Atlanta, GA 30353–0927 | |
| 9277225 | State of New York       Office of the Attorney General       120 Broadway       New York, NY 10271 | |
| 9277224 | US Department of Justice Tax Division       Box 55       Ben Franklin Station       Washington, DC 20044 | |
| 9277249 | US Dept of Education       PO Box 16448       Saint Paul, MN 55116–0448 | |
| 9277250 | US Dept of Education – NY Office       32 Old Slip       New York, NY 10005 | |
| 9277223 | United States Attorney       Attn: Chief of Bankruptcy Litigation       271–C Cadman Plaza East       Brooklyn, NY 11201 | |
| 9277251 | Wells Fargo /US Bank       420 Montgomery Street       San Francisco, CA 94104 | |
| 9277252 | Wells Fargo Bank Home Equity Group       1 Home Campus X2303–01A       Des Moines, IA 50328–0001 | |
| 9277254 | Wells Fargo Home Mortgage       420 Montgomery Street       San Francisco, CA 94104 | |
| 9277253 | Wells Fargo Home Mortgage       P.O. Box 14411       Des Moines, IA 50306 | |
| 9277255 | Wells Fargo Home Mortgage       c/o Aldridge Pite LLP       40 Marcus Drive, Suite 200       Melville, NY 11747 | |
| 9277256 | Wells Fargo Home Mortgage /US Bank       420 Montgomery Street       San Francisco, CA 94104 | |

TOTAL: 38

Hearing Date: June 6, 2018
Time:   9:30 a.m.
Objection Date: May 30, 2018

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

    VANESSA PUGH, aka
    VANESSA PUGH-REEFER, aka
    VANESSA D PUGH,

                         Debtor.
-------------------------------------------------------X

Chapter 13

Case No:  8-18-73512-reg

**NOTICE OF MOTION**

**S I R S:**

      **PLEASE TAKE NOTICE,** that upon the annexed motion (the "Motion") of the debtor,

Vanessa Pugh ( the "Debtor"), by and through her attorney Ronald D. Weiss P.C., will move this Court,

pursuant to 11 U.S.C. § 362(c)(3)(B) of the Bankruptcy Code, on June 6, 2018 at 9:30 am, or as soon

thereafter as counsel can be heard, at the United States Bankruptcy Court, Long Island Federal

Courthouse, 290 Federal Plaza, Courtroom 860, Central Islip, New York, 11722, before the Honorable

Robert E. Grossman, for an Order extending the automatic stay as to the Debtor pursuant to 11 U.S.C.

§ 362(a), together with such other, further, and different relief as this Court deems just, proper, and

equitable.

      **PLEASE TAKE FURTHER NOTICE,** that any objections to the granting of the

proposed Order must be served on the undersigned so as to be received at least seven (7) days before the

Order is to be heard.  If there are no objections, the Court may sign the Order without further notice.

Dated: Melville, New York
      May 23, 2018

                    RONALD D. WEISS P.C.
                    *Attorney for the Debtor*

                    */s/ Ronald D. Weiss*
                    Ronald D. Weiss, Esq.
                    734 Walt Whitman Road, Suite 203
                    Melville, NY 11747
                    (631) 271-3737
                    william@ny-bankruptcy.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X

In re:

      VANESSA PUGH, aka
      VANESSA PUGH-REEFER, aka
      VANESSA D PUGH,

                     Debtor.

-----------------------------------------------------X

Chapter 13

Case No:  8-18-73512-reg

**AFFIRMATION IN SUPPORT**

      Ronald D. Weiss, an attorney duly admitted to practice in the State of New York and before this Court, affirms under the penalties of perjury that the following is true and correct:

1.      This case was commenced by the filing of a voluntary petition under Chapter 13 of the Bankruptcy Code with the Clerk of this Court on May 23, 2018 (the "Filing Date").

2.      The Debtor had previously filed for relief under Chapter 13, case number 8-17-74413-reg (the "First Chapter 13 Case").  The First Chapter 13 case was filed on July 20, 2017. The First Chapter 13 Case was dismissed on February 27, 2018.  Upon information and belief, Debtor's First Chapter 13 Case closed on May 9, 2018.

3.      Debtor is the sole owner of her residence located at 55 Tell Avenue, Deer Park, NY 11729 (the "Property").

4.      Debtor's First Chapter 13 Case was dismissed because, among other things, Debtor's Plan was deemed not feasible.  Debtor was attempting to obtain a loan modification on the Property.  The Debtor's lender denied the loan modification, the Plan was determined to be not feasible, and Debtor's case was dismissed.

5.      In addition, Debtor did not fully understand the time constraints for providing documentation to the Lender, and failed to provide required documents to the Trustee.

6.      Debtor is the single mother of a seventeen year old son with special needs.  Debtor was previously caring for her son at home, and dealing with expensive schooling, counseling, and

legal issues.

7.      Debtor's son is now in a year-round residential program, and Debtor's expenses have dramatically decreased.

8.      Debtor's circumstances have changed because: 1) Debtor is now aware of how swiftly the modification process and the bankruptcy process can move; 2) Debtor understands that she must provide required documents to the Lender and to the Trustee and 3) While Debtor's income from employment has not increased, as previously stated, her expenses have decreased and she now has more disposable income.

9.      Debtor is aware of her responsibilities and obligations under Chapter 13. Debtor is taking the necessary steps to make sure that she will be able to confirm her Chapter 13 Plan and to make all the required payments due under the Plan. Debtor understands that as a Chapter 13 Debtor she must make her monthly Plan payments to the Trustee on a regular basis.   She and I have discussed what steps must be taken in order for the instant case to succeed.

10.      This affirmation is submitted in support of the application of the Debtor for entry of an order pursuant to 11 U.S.C. §§ 105 and 362(c)(3)(B) to continue the automatic stay in full force and effect.

11.      No prior application has been made for the specific relief requested herein.

//

//

//

//

//

//

74

**WHEREFORE**, the Debtor respectfully requests that an Order be entered pursuant to 11 U.S.C. § 362(c)(3)(B), (i) continuing in full force and effect the automatic stay as to all creditors during the prosecution of the instant Chapter 13 case; and (ii) that the Debtor be granted such other, further, and different relief as this Court deems just, proper, and equitable.

Dated:  Melville, New York
        May 23, 20118

                                      Ronald D. Weiss, P.C.
                                      Attorney for Debtor


                                      */s/ Ronald D. Weiss*
                                      Ronald D. Weiss, Esq.
                                      734 Walt Whitman Road
                                      Melville, NY 11747
                                      (631) 271-3737
                                      william@ny-bankruptcy.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

     VANESSA PUGH, aka
     VANESSA PUGH-REEFER, aka
     VANESSA D PUGH,

                        Debtor,
-------------------------------------------------------X

Chapter 13

Case No:  8-18-73512-reg

**AFFIDAVIT OF DEBTOR**

STATE OF NEW YORK    )ss.:
COUNTY OF SUFFOLK    )

     I, Vanessa Pugh, debtor ("Debtor") in this Chapter 13 case, declare under penalty of perjury that:

1.    I am the Debtor in this Chapter 13 case which was filed on May 23, 2018.

2.    I previously filed for relief under Chapter 13, case number 8-17-74413-reg (the "First Chapter 13 Case").  My First Chapter 13 case was filed on July 20, 2017 and was dismissed on February 27, 2018.  Upon information and belief, my First Chapter 13 Case closed on May 9, 2018.

3.    I am the sole owner of my residence located at 55 Tell Avenue, Deer Park, NY 11729 (the "Property").

4.    My First Chapter 13 Case was dismissed because, among other things, the Trustee said my plan was not feasible.  I was attempting to obtain a loan modification on the Property.  My lender denied my loan modification, the Plan was not feasible, and my case was dismissed.

5.    In addition, I didn't fully understand the time constraints for providing documentation to my Lender, and I failed to provide some required documents to the Trustee.

6.    I am a single mother of a seventeen year old son with special needs.  I was previously caring for my son at home, and I was dealing with expensive schooling, counseling, and legal

issues.

7.     My son is now in a year-round residential program, and my expenses have drastically lowered.

8.     My circumstances have changed because: 1) I am now aware of how swiftly the modification process and the bankruptcy process can move; 2) I understand that I must provide required documents to the Lender and to the Trustee immediately; and 3) Although my income has not increased, as previously stated my expenses have decreased and I have more disposable income.

9.     I am aware of my responsibilities and obligations under Chapter 13. I'm taking the necessary steps to make sure that I will be able to confirm my Chapter 13 Plan, and make all the required payments due under the Plan. I understand that as a Chapter 13 Debtor I have to make my monthly Plan payments to the Trustee on a regular basis.   I've discussed what steps must be taken in order for my case to succeed.

10.     No prior application has been made for the specific relief requested herein.

//

//

//

//

//

//

//

//

//

**WHEREFORE**, I respectfully request that an Order be entered pursuant to 11 U.S.C.

Section 362(c)(3)(B), continuing in full force and effect the automatic stay as to all creditors

during the prosecution of my Chapter 13 case and that I be granted such other, further, and

different relief as this Court deems just, proper and equitable.


_/s/ Vanessa Pugh_
VANESSA PUGH

Sworn to before me this
22nd day of May 2018

_/s/ Ronald D. Weiss_
Ronald D. Weiss
Notary Public- State of New York
No.: 01WE5041400
Qualified in Suffolk County
Commission Expires April 3, 2019

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X     Chapter 13
In re:
                                                             Case No:  8-18-73512-reg

     VANESSA PUGH, aka
     VANESSA PUGH-REEFER, aka
     VANESSA D PUGH,

               Debtor.          **ORDER**
-------------------------------------------------------X

     UPON the motion (the "Motion") made to this Court dated May 23, 2018, by the debtor,

Vanessa Pugh (the "Debtor"), seeking an Extension of the Automatic Stay Past the Initial Thirty

Days in this Chapter 13 case;

     and upon service of the Motion on May 23, 2018 upon the Chapter 13 Trustee;

     and upon service to all the creditors listed in the bankruptcy petition;

     and upon a hearing held before this Court on June 6, 2018;

     and upon due deliberation of the issues presented; it is hereby

     **ORDERED** that pursuant to 11 U.S.C. § 362(c)(3)(B), the Automatic Stay of the

Bankruptcy Code is hereby extended as to all creditors served with the Motion for the duration of

the Chapter 13 Plan.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X

In Re:

Vanessa Pugh

                    Debtor(s)
-------------------------------------------------X

Chapter  13

Case No.  18-73512-reg

## LOSS MITIGATION REQUEST - BY DEBTOR

I am a Debtor in this case. I hereby request to enter into the Loss Mitigation Program with respect to *[Identify the property, loan and creditor(s) for which you are requesting loss mitigation]*:

55 Tell Avenue Deer Park, NY 11729
*[Identify the Property]*

7492
*[Loan Number]*

Wells Fargo Home Mortgage, 420 Montgomery St., San Francisco, CA 94104
*[Creditor's Name and Address]*

**SIGNATURE**

I understand that if the Court orders loss mitigation in this case, I will be expected to comply with the Loss Mitigation Procedures. I agree to comply with the Loss Mitigation Procedures, and I will participate in the Loss Mitigation Program in good faith. I understand that loss mitigation is voluntary for all parties, and that I am not required to enter into any agreement or settlement with any other party as part of entry into the Loss Mitigation Program. I also understand that no other party is required to enter into any agreement or settlement with me. I understand that **I am not required to request dismissal of this case** as part of any resolution or settlement that is offered or agreed to during the Loss Mitigation Period.

Sign: x _Vanessa Pugh_    Date: 5/21/2018 , 20____

Print Name: _Vanessa Pugh._
*[First and Last Name]*

Telephone Number: _____
*[i.e. 999-999-9999]*

E-mail Address [if any]: _____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                          Chapter 13
                                                Case No. 8-18-73512

     VANESSA PUGH,


                    Debtor.          **AFFIDAVIT OF SERVICE**
-------------------------------------------------------X

STATE OF NEW YORK    )
                        ) ss.:
COUNTY OF SUFFOLK    )


       Cortland Speight, being duly sworn, says:

       On May 24, 2018, I served a true copy of the **LOSS MITIGATION REQUEST-BY**

**DEBTOR** on the following entities by mailing a true copy of same in a postage-paid envelope

and marked with the name and address of each entity to be served, and depositing same in a post-

office or official depository of the U.S. Postal Service within the State of New York, addressed to

the last known address of each of the addressees indicated:


                  ***See Attached Service List***


Sworn to before me this
 24th day of May, 2018

                                         */s/Cortland Speight*
                                      Cortland Speight

*/s/ Ellen M. Friedman*
Ellen M. Friedman
Notary Public, State of New York
No. 01FR5045129
Qualified in Suffolk County
Commission Expires August 14, 2019

**Wells Fargo Home Mortgage**
**420 Montgomery Street**
**San Francisco, CA 94104-1207**

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306-0335

Wells Fargo Home Mortgage
P.O. Box 14411
Des Moines, IA

Michael J. Macco
2950 Express Drive South
Suite 109 Islandia, NY 11749-1412

Wells Fargo Home Mortgage
c/o Aldridge Pite LLP
40 Marcus Drive, Suite 200
Melville, NY 11747-6119

**United States Trustee**
Long Island Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, NY 11722-4437

Wells Fargo Bank Home Equity Group
1 Home Campus X2303-01A
Des Moines, IA 50328-0001

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------X

In re:                                         Chapter 13
                                               Case No. 8-18-73512

     VANESSA PUGH,

                 Debtor.    **AFFIDAVIT OF SERVICE**

---------------------------------------------------X

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF SUFFOLK  )


Cortland Speight, being duly sworn, says:

On May 24, 2018, I served a true copy of the **LOSS MITIGATION REQUEST-BY DEBTOR** on the following entities by mailing a true copy of same in a sealed envelope and marked with the name and address of each entity to be served, and marked **CERTIFIED MAIL-RETURN RECEIPT REQUESTED** and depositing same in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of each of the addressees indicated below:

        *Wells Fargo Home Mortgage*
        *420 Montgomery Street*
        *San Francisco, CA 94104-1207*


Sworn to before me this
 24th day of May, 2018

                                */s/Cortland Speight*
                                Cortland Speight

*/s/ Ellen M. Friedman*
Ellen M. Friedman
Notary Public, State of New York
No. 01FR5045129
Qualified in Suffolk County
Commission Expires August 14, 2019

83

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X    Chapter 13
In re:

Case No:  8-18-73512-reg

      VANESSA PUGH, aka
      VANESSA PUGH-REEFER, aka
      VANESSA D PUGH,

                    Debtor.    **ORDER**
-------------------------------------------------------X

UPON the motion (the "Motion") made to this Court dated May 23, 2018, by the debtor,

Vanessa Pugh (the "Debtor"), seeking an Extension of the Automatic Stay Past the Initial Thirty

Days in this Chapter 13 case;

    and upon service of the Motion on May 23, 2018 upon the Chapter 13 Trustee;

    and upon service to all the creditors listed in the bankruptcy petition;

    and upon a hearing held before this Court on June 6, 2018;

    and upon due deliberation of the issues presented; it is hereby

**ORDERED** that pursuant to 11 U.S.C. § 362(c)(3)(B), the Automatic Stay of the

Bankruptcy Code is hereby extended as to all creditors served with the Motion for the duration of

the Chapter 13 Plan.



**Dated: Central Islip, New York**
          **June 7, 2018**
                               **Robert E. Grossman**
                         **United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
In re:                                                    Chapter 13

      Vanessa Pugh aka,
      Vanessa D. Pugh aka
      Vanessa Pugh-Reefer,                    Case No. 18 - 73512  - reg


          Debtor.
------------------------------------------------------------------ x

## LOSS-MITIGATION ORDER

A Loss Mitigation Request[1] was filed by the Debtor dated May 25, 2018.

Upon the foregoing, it is hereby

**ORDERED**, that the following parties (the "Loss Mitigation Parties") are directed to participate in the Loss Mitigation Program:

1.      The Debtor; and

2.      Wells Fargo Home Mortgage., the Creditor with respect to 55 Tell Avenue, Deer Park, NY 11729,  Loan No. 7492.

It is further **ORDERED**, that the Loss Mitigation Parties shall comply with the Loss Mitigation Procedures annexed to this Order; and it is further

**ORDERED**, that the Loss Mitigation Parties shall observe the following deadlines:

1.      Each Loss Mitigation Party shall designate contact persons and disclose contact information by within 7 days of entry of this order, unless this information has been previously provided. As part of this obligation, **a Creditor shall furnish each Loss Mitigation Party with written notice of the name, address and direct telephone number of the person who has full settlement authority**.

2.      Each Creditor that is a Loss Mitigation Party shall contact the Debtor within **14 days of the date of this Order**.

3.      Each Loss Mitigation Party shall make its request for information and documents, if any, within **14 days of the date of this Order**.

---

[1] All capitalized terms have the meanings defined in the Loss Mitigation Procedures.

4.      Each Loss Mitigation Party shall respond to a request for information and documents within **14 days after a request is made, or 7 days prior to the Loss Mitigation Session, whichever is earlier.**

5.      The Loss Mitigation Session shall be scheduled to occur no later than July 16, 2018.

6.      The Loss Mitigation Period shall terminate on July 23, 2018, unless extended as provided in the Loss Mitigation Procedures.

It is further **ORDERED**, that a status conference will be held in this case on August 8, 2018 at 9:30 a.m. (the "Status Conference") in Courtroom 860 of the United States Bankruptcy Court, Eastern District of New York, 290 Federal Plaza, Central Islip, New York 11722.  The Loss Mitigation Parties shall appear at the Status Conference and provide the Court with an oral Status Report unless a written Status Report that is satisfactory to the Court has been filed not later than 7 days prior to the date of the Status Conference and requests that the Status Conference be adjourned or cancelled; and it is further

**ORDERED**, that at the Status Conference, the Court may consider a Settlement reached by the Loss Mitigation Parties, or may adjourn the Status Conference if necessary to allow for adequate notice of a request for approval of a Settlement; and it is further

**ORDERED**, that any matters that are currently pending between the Loss Mitigation Parties (such as motions or applications, and any objection, opposition or response thereto) are hereby adjourned to the date of the Status Conference to the extent those matters concern (1) relief from the automatic stay, (2) objection to the allowance of a proof of claim, (3) reduction, reclassification or avoidance of a lien, (4) valuation of a Loan or Property, or (5) objection to confirmation of a plan of reorganization; and it is further

**ORDERED**, that the time for each Creditor that is a Loss Mitigation Party in this case to file an objection to a plan of reorganization in this case shall be extended until 14 days after the termination of the Loss Mitigation Period, including any extension of the Loss Mitigation Period.

**Dated: Central Islip, New York**
**June 12, 2018**

**Robert E. Grossman**
**United States Bankruptcy Judge**

## LOSS MITIGATION PROGRAM PROCEDURES

### I. PURPOSE

The Loss Mitigation Program is designed to function as a forum in individual bankruptcy cases for debtors and lenders to reach consensual resolution whenever a debtor's residential property is at risk of foreclosure. The Loss Mitigation Program aims to facilitate resolution by opening the lines of communication between the debtors' and lenders' decision-makers. While the Loss Mitigation Program stays certain bankruptcy deadlines that might interfere with the negotiations or increase costs to the loss mitigation parties, the Loss Mitigation Program also encourages the parties to finalize any Settlement (as defined below) under bankruptcy court protection, instead of seeking dismissal of the bankruptcy case.

### II. LOSS MITIGATION DEFINED

The term "loss mitigation" is intended to describe the full range of solutions that may avert the loss of a debtor's property to foreclosure, increased costs to the lender, or both. Loss mitigation commonly consists of the following general types of agreements, or a combination of them: loan modification, loan refinance, forbearance, short sale, or surrender of the property in full satisfaction. The terms of a loss mitigation solution will vary in each case according to the particular needs, interests, and goals of the parties.

### III. ELIGIBILITY

The following definitions are used to describe the types of parties, properties, and loans that are eligible for participation in the Loss Mitigation Program:

#### A.    DEBTOR

The term "Debtor" means any individual debtor in a case filed any Chapter 7, 11, 12, or 13 of the Bankruptcy Code, including joint debtors, whose case is assigned to Chief Judge Carla E. Craig, Judge Dorothy T. Eisenberg, or Judge Elizabeth S. Stong, or Judge Joel B. Rosenthal, or any other judge who elects to participate in the Loss Mitigation Program.

#### B.    PROPERTY

The term "Property" means any real property, including condominiums or cooperative apartments, used as the Debtor's principal residence, in which the Debtor holds an interest.

#### C.    LOAN

The term "Loan" means any mortgage, lien, or extension of money or credit secured by eligible Property or stock shares in a residential cooperative, regardless of whether the Loan (1) is considered to be "subprime" or "non-traditional;" (2) was in foreclosure prior to the bankruptcy filing; (3) is the first or junior mortgage or lien on the Property; or (4) has been "pooled," "securitized," or assigned to a servicer or to a trustee.

**D.**    **CREDITOR**

The term "Creditor" means any holder, mortgage servicer, or trustee of an eligible Loan.

## IV.  ADDITIONAL PARTIES

**A.**    **OTHER CREDITORS**

Any party may request, or the bankruptcy court may direct, more than one Creditor to participate in the Loss Mitigation Program, where it may be of assistance to obtain a global resolution.

**B.**    **CO-DEBTORS AND THIRD PARTIES**

Any party may request, or the bankruptcy court may direct, a co-debtor or other third party to participate in the Loss Mitigation Program, where the participation of such party may be of assistance, to the extent that the bankruptcy court has jurisdiction over the party or the party consents.

**C.**    **CHAPTER 13 TRUSTEE**

Any party may request, or the bankruptcy court may direct, the Chapter 13 Trustee to participate in the Loss Mitigation Program to the extent that such participation is consistent with the Chapter 13 Trustee's duty under Bankruptcy Code Section 1302(b)(4) to "advise, other than on legal matters, and assist the debtor in performance under the Chapter 13 plan."

**D.**    **MEDIATOR**

Any party may request, or the bankruptcy court may direct, a mediator from the Mediation Register maintained by the United States Bankruptcy Court for the Eastern District of New York to participate in the Loss Mitigation Program.

## V.  COMMENCEMENT OF LOSS MITIGATION

Parties are encouraged to request to enter into the Loss Mitigation Program as early in the case as possible, but a request may be made at any time as follows.

**A.**    **BY THE DEBTOR**

1.    In a case under Chapter 13, the Debtor may request to enter into the Loss Mitigation Program with a particular Creditor in the Chapter 13 plan, and shall note the making of the request in the docket entry for the plan.  The Creditor shall have 21 days to object.  If no objection is filed, the bankruptcy court may enter an order referring the parties to the Loss Mitigation Program (a "Loss Mitigation Order").

2.    A Debtor may serve and file a request to enter into the Loss Mitigation Program with a particular Creditor.  The Creditor shall have 14 days to object. If no objection is filed, the bankruptcy court may enter a Loss Mitigation Order.

3.  If a Creditor has filed a motion for relief from the automatic stay pursuant to Bankruptcy Code Section 362 (a "Lift-Stay Motion"), the Debtor may serve and file a request to enter into the Loss Mitigation Program at any time before the conclusion of the hearing on the Lift-Stay Motion. The bankruptcy court will consider the Debtor's request and any opposition by the Creditor at the hearing on the Lift-Stay Motion.

**B.      BY A CREDITOR**

A Creditor may serve and file a request to enter into the Loss Mitigation Program. The Debtor shall have 14 days to object. If no objection is filed, the bankruptcy court may enter a Loss Mitigation Order.

**C.      BY THE BANKRUPTCY COURT**

The bankruptcy court may enter a Loss Mitigation Order at any time after notice to the parties to be bound (the "Loss Mitigation Parties") and an opportunity to object.

**D.      HEARING ON OBJECTION**

If any party files an objection, the bankruptcy court shall hold a hearing on the request to enter the Loss Mitigation Program and the objection, and shall not enter a Loss Mitigation Order until the objection has been heard.

## VI. LOSS MITIGATION ORDER

**A.      DEADLINES**

A Loss Mitigation Order shall contain:

1.  The date by which contact persons and telephone contact information shall be provided by the Loss Mitigation Parties.

2.  The date by which each Creditor shall initially contact the Debtor.

3.  The date by which each Creditor shall transmit any request for information or documents to the Debtor.

4.  The date by which the Debtor shall transmit any request for information or documents to each Creditor.

5.  The date by which a written status report shall be filed, or the date and time for a status conference and oral status report (whether written or oral, a "Status Report"). In a Chapter 13 case, the status conference shall coincide, if possible, with a hearing on confirmation of the Chapter 13 plan. A date to file a written report shall be, if possible, not later than 7 days after the initial loss mitigation session.

6.  The date when the loss mitigation process (the "Loss Mitigation Period") shall terminate, unless extended.

## B.    EFFECT

During the Loss Mitigation Period:

1.    A Creditor may contact the Debtor directly, and it shall be presumed that such contact does not violate the automatic stay.

2.    A Creditor may not file a Lift-Stay Motion, except where necessary to prevent irreparable injury.  A Lift-Stay Motion filed by the Creditor before the entry of the Loss Mitigation Order shall be adjourned to a date following the Loss Mitigation Period, and the stay shall be extended pursuant to Bankruptcy Code Section 362(e).

3.    In a Chapter 13 case, the date by which a Creditor must object to confirmation of the Chapter 13 plan shall be extended to a date that is at least 14 days following the Loss Mitigation Period.

4.    Federal Rule of Evidence 408 shall apply to communications, information and documents exchanged by the Loss Mitigation Parties in connection with the Loss Mitigation Program.

## VII.  DUTIES UPON COMMENCEMENT OF LOSS MITIGATION

## A.    GOOD FAITH

The Loss Mitigation Parties shall negotiate in good faith.  A party that does not participate in the Loss Mitigation Program in good faith may be subject to sanctions.

## B.    CONTACT INFORMATION

1.    The Debtor:  The Debtor shall provide written notice to each Loss Mitigation Party of the manner in which the Creditor shall contact the Debtor or the Debtor's attorney.  This may be done in the request to enter the Loss Mitigation Program.

2.    The Creditor:  Each Creditor shall provide written notice to the Debtor of  the name, address and direct telephone number of the contact person with authority to act on the Creditor's behalf.  This may be done in the request to enter the Loss Mitigation Program.

## C.    STATUS REPORT

The Loss Mitigation Parties shall provide a written or oral Status Report to the bankruptcy court within the period set in the Loss Mitigation Order.  The Status Report shall indicate how many loss mitigation sessions have occurred, whether a resolution has been reached, and whether a Loss Mitigation Party believes that additional sessions may result in partial or complete resolution.  A Status Report may include a request for an extension of the Loss Mitigation Period.

**D.**      **BANKRUPTCY COURT APPROVAL**

The Loss Mitigation Parties shall seek bankruptcy court approval of any Settlement reached during loss mitigation.

## VIII. LOSS MITIGATION PROCESS

**A.**      **INITIAL CONTACT**

Following entry of a Loss Mitigation Order, the contact person designated by each Creditor shall contact the Debtor and any other Loss Mitigation Party within the time set by the bankruptcy court. The Debtor may contact any Loss Mitigation Party at any time. The purpose of the initial contact is to create a framework for the loss mitigation session and to ensure that the Loss Mitigation Parties are prepared. The initial contact is not intended to limit the issues or proposals that may arise during the loss mitigation session.

During the initial contact, the Loss Mitigation Parties shall discuss:

1.      The time and method for conducting the loss mitigation sessions.

2.      The loss mitigation alternatives that each party is considering.

3.      The exchange of information and documents before the loss mitigation session, including the date by when the Creditor shall request information and documents from the Debtor and the date by when the Debtor shall respond. All information and documents shall be provided at least seven days before the first loss mitigation session.

**B.**      **LOSS MITIGATION SESSIONS**

Loss mitigation sessions may be conducted in person, by telephone, or by video conference. At the conclusion of each loss mitigation session, the Loss Mitigation Parties shall discuss whether and when to hold a further session, and whether any additional information or documents should be exchanged.

**C.**      **BANKRUPTCY COURT ASSISTANCE**

At any time during the Loss Mitigation Period, a Loss Mitigation Party may request a settlement conference or status conference with the bankruptcy judge.

**D.**      **SETTLEMENT AUTHORITY**

At a loss mitigation session, each Loss Mitigation Party shall have a person with full settlement authority present. At a status conference or settlement conference with the bankruptcy court, each Loss Mitigation Party shall have a person with full settlement authority present. If a Loss Mitigation Party is appearing by telephone or video conference, that party shall be available beginning thirty minutes before the conference.

## IX.  DURATION, EXTENSION AND EARLY TERMINATION

### A.    INITIAL PERIOD

The initial Loss Mitigation Period shall be set by the bankruptcy court in the Loss Mitigation Order.

### B.    EXTENSION

1.    <u>By Agreement</u>:  The Loss Mitigation Parties may agree to extend the Loss Mitigation Period by stipulation to be filed not less than one business day before the Loss Mitigation Period ends.

2.    <u>In the Absence of Agreement</u>:  A Loss Mitigation Party may request to extend the Loss Mitigation Period in the absence of agreement by filing and serving a request to extend the Loss Mitigation Period on the other Loss Mitigation Parties, who shall have seven days to object. If the request to extend the Loss Mitigation Period is opposed, then the bankruptcy court shall schedule a hearing on the request.  The bankruptcy court may consider whether (1) an extension of the Loss Mitigation Period may result in a complete or partial resolution that provides a substantial benefit to a Loss Mitigation Party; (2) the party opposing the extension has participated in good faith and complied with these Loss Mitigation Procedures; and (3) the Loss party opposing the extension will be prejudiced.

### C.    EARLY TERMINATION

1.    <u>Upon Request of a Loss Mitigation Party</u>: A Loss Mitigation Party may request to terminate the Loss Mitigation Period by filing and serving a request to terminate the Loss Mitigation Period on the other Loss Mitigation Parties, who shall have seven days to object.  If the request to terminate the Loss Mitigation Period is opposed, then the bankruptcy court shall schedule a hearing on the request.  Notice may be modified for cause if necessary to prevent irreparable injury.

2.    <u>Dismissal of the Bankruptcy Case</u>:  A Chapter 13 bankruptcy case shall not be dismissed during the pendency of a Loss Mitigation Period, except (1) upon motion of the Chapter 13 Trustee or the United States Trustee for failure to comply with the requirements of the Bankruptcy Code; or (2) upon the voluntary request of the Chapter 13 Debtor.  **A Chapter 13 Debtor may not be required to request dismissal of the bankruptcy case as part of a Settlement during the Loss Mitigation Period.**  If a Chapter 13 Debtor requests voluntary dismissal during the Loss Mitigation Period, the Debtor shall indicate whether the Debtor agreed or intends to enter into a Settlement with a Loss Mitigation Party.

### D.    DISCHARGE

The Clerk of the Court shall not enter a discharge during the pendency of a Loss Mitigation Period.

# X.  SETTLEMENT

The bankruptcy court shall consider any agreement or resolution (a "Settlement") reached during loss mitigation and may approve the Settlement, subject to the following provisions:

1.    Implementation:  A Settlement may be noticed and implemented in any manner permitted by the Bankruptcy Code and Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), including but not limited to a stipulation, sale, Chapter 11 plan of reorganization, or Chapter 13 plan.

2.    Fees, Costs, or Charges:  If a Settlement provides for a Creditor to receive payment or reimbursement of any expense arising from the Creditor's participation in the Loss Mitigation Program, that expense shall be disclosed to the Debtor and the bankruptcy court before the Settlement is approved.

3.    Signatures:  Consent to the Settlement shall be acknowledged in writing by the Creditor representative who participated in the loss mitigation session, the Debtor, and the Debtor's attorney, if applicable.

4.    Hearing:  Where a Debtor is represented by an attorney, a Settlement may be approved by the bankruptcy court without further notice, or upon such notice as the bankruptcy court directs, unless additional notice or a hearing is required by the Bankruptcy Code or Bankruptcy Rules.  Where a Debtor is not represented by counsel, a Settlement shall not be approved until the bankruptcy court conducts a hearing at which the Debtor shall appear in person.

5.    Dismissal Not Required:  **A Debtor shall not be required to request dismissal of the bankruptcy case in order to effectuate a Settlement.**  In order to ensure that the Settlement is enforceable, the Loss Mitigation Parties shall seek bankruptcy court approval of the Settlement.  Where the Debtor requests or consents to dismissal of the bankruptcy case as part of the Settlement, the bankruptcy court may approve the Settlement as a "structured dismissal," if such relief complies with the Bankruptcy Code and Bankruptcy Rules.

# XI.  LOSS MITIGATION FINAL REPORT

Debtor's counsel (or the Debtor, if the Debtor is proceeding without attorney representation) shall file with the Court a Loss Mitigation Final Report. The form of Loss Mitigation Final Report is on the Court's website. The Loss Mitigation Final Report shall be filed no later than 14 days after termination of the Loss Mitigation Period.  Termination occurs:

1.     when the Court enters an order terminating the Loss Mitigation Period;

2.    when the Court approves a stipulated agreement that has been presented to the Court, which provides for settlement or resolution of the Loss Mitigation; or

3.    upon expiration of the Loss Mitigation Period.

Where two or more requests for Loss Mitigation have been made in a case, for different properties or different mortgages on a property, a separate Loss Mitigation Final Report must be filed with respect to each request.

## XII.  COORDINATION WITH OTHER PROGRAMS

[Provision may be added in the future to provide for coordination with other loss mitigation programs, including programs in the New York State Unified Court System.]

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0207–8 | User: smarcus | Date Created: 6/13/2018 |
| Case: 8–18–73512–reg | Form ID: pdf000 | Total: 10 |

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| ust | United States Trustee | USTPRegion02.LI.ECF@usdoj.gov |
| tr | Michael J. Macco | ecf@maccosternlaw.com |
| aty | Ronald D Weiss | weiss@ny–bankruptcy.com |

TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | |
|---|---|---|
| db | Vanessa Pugh          55 Tell Avenue          Deer Park, NY 11729 | |
| 9277251 | Wells Fargo /US Bank          420 Montgomery Street          San Francisco, CA 94104 | |
| 9277252 | Wells Fargo Bank Home Equity Group          1 Home Campus X2303–01A          Des Moines, IA 50328–0001 | |
| 9277253 | Wells Fargo Home Mortgage          P.O. Box 14411          Des Moines, IA 50306 | |
| 9277254 | Wells Fargo Home Mortgage          420 Montgomery Street          San Francisco, CA 94104 | |
| 9277255 | Wells Fargo Home Mortgage          c/o Aldridge Pite LLP          40 Marcus Drive, Suite 200          Melville, NY 11747 | |
| 9277256 | Wells Fargo Home Mortgage /US Bank          420 Montgomery Street          San Francisco, CA 94104 | |

TOTAL: 7

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------X
IN RE:
**Vanessa Pugh**
             DEBTOR(S).
----------------------------------------------------X

CHAPTER 13
CASE NO.: **8-18-73512**

# CHAPTER 13 PLAN

☑        Check this box if this is an amended plan.  List below the sections of the plan which have been  changed:
         Amended Chapter 13 Plan - 2.2; 3.2; 3.3

## PART 1: NOTICES

**To Debtors:**  This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstance or that it is permissible in your judicial district.  Plans that do not comply with the local rules for the Eastern District of New York may not be confirmable.  If you do not have an attorney, you may wish to consult one.

**To Creditors:**  Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated.  You should read this plan carefully and discuss it with your attorney.  If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or an y provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation; unless otherwise ordered by the Bankruptcy Court.  The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

**1.1:**  The following matters may be of particular importance.  **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as *"Not Included"* or if both or neither boxes are checked, the provision will be ineffective if set out later in the plan.**

| a. | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| b. | Avoidance of a judicial lien or nonpossessory, non-purchase-money security interest, set out in Section 3.6 | ☐ Included | ☑ Not Included |
| c. | Nonstandard provisions, set out in Part 9. | ☐ Included | ☑ Not Included |

**1.2:**  The following matters are for informational purposes.

| a. | The debtor(s) is seeking to modify a mortgage secured by the debtor(s)'s principal residence, set out in Section 3.3 | ☑ Included | ☐ Not Included |
|---|---|---|---|
| b. | Unsecured Creditors, set out in Part 5, will receive 100% distribution of their timely filed claim | ☑ Included | ☐ Not Included |

## PART 2:  PLAN PAYMENTS AND LENGTH OF PLAN

**2.1:  The post-petition earnings of the debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall pay to the Trustee for a period of 60 months as follows:**

$__3,600.00__ per month commencing __June 2018__ through and including __May 2023__ for a period of __60__ months.
*Insert additional lines if needed.*

**2.2:**       **Income tax refunds.**

If general unsecured creditors are paid less than 100%, in addition to the regular monthly payments, during the pendency of this case, the Debtor(s) w ill provide the Trustee with signed copies of filed federal and state tax returns for each year commencing with the tax year __2018__, no later than April 15th of the year following the tax period.  Indicated tax refunds are to be paid to the Trustee upon receipt, however, no later than June 15th of the year in which the tax returns are filed.

**2.3:**       **Additional payments.**
       *Check one.*
         ☑       **None.** If "None" is checked, the rest of § 2.3 need not be completed or reproduced.

Debtor    **Vanessa Pugh**                              Case number    **8-18-73512**

## PART 3:  TREATMENT OF SECURED CLAIMS

**3.1.:    Maintenance of payments (including the debtor(s)'s principal residence).**

Check one.

☐    **None.** If "None" is checked, the rest of § 3.1 need not be completed.

☑    Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  These payments will be disbursed directly by the debtor(s).

| Name of Creditor | Last 4 Digits of Account Number | Principal Residence (check box) | Description of Collateral | Current Installment Payment (Including escrow) |
|---|---|---|---|---|
| **Citizens One Auto Finance** | **6919** | ☐ | **2012 Volkswagen Passat 50000 miles fair condition Debtor to surrender vehicle** | **$450.00** |
| **Wells Fargo Home Mortgage /US Bank** | **7466** | ☐ | **55 Tell Avenue Deer Park, NY 11729  Suffolk County** | **$639.31** |

*Insert additional claims as needed.*

**3.2    Cure of default (including the debtor(s)'s principal residence).**

*Check one.*

☑    **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3:    Modification of a mortgage secured by the debtor(s)'s principal residence.**
*Check one*

☐    **The debtor(s) is not seeking to modify a mortgage secured by the debtor's principal residence.**
☑    **The debtor(s) is seeking to modify a mortgage secured by the debtor(s)'s principal residence.**

☑    *Complete paragraph below.*
     If applicable, the debtor(s) will be requesting loss mitigation pursuant to General Order #582.

The mortgage due to    **Wells Fargo Home Mortgage**    (creditor name) on the property known as    **55 Tell Avenue, Deer Park, New York**    under account number ending    **7492**    (last four digits of account number) is in default. All arrears, including all past due payments, late charges, escrow deficiency, legal fees and other expenses due to the mortgagee totaling $    **497,253.94**    , may be capitalized pursuant to a loan modification. The new principal balance, including capitalized arrears will be $    **497,253.94**    , and will be paid at    **3.5**    % interest amortized over    **40**    years with an estimated monthly payment of $    **2,571.65**    including interest and escrow of $    **645.33**    . The estimated monthly payment shall be paid directly to the trustee while loss mitigation is pending and until such time as the debtor(s) has commenced payment under a trial loan modification. Contemporaneous with the commencement of a trial loan modification, the debtor(s) will amend the Chapter 13 Plan and Schedule J to reflect the terms of the trial agreement, including the direct payment to the secured creditor going forward by the debtor(s).

**3.4:    Request for valuation of security, payment of fully secured claims, and modification of under-secured claims.**
*Check one.*

☑    **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5:    Secured claims on personal property excluded from 11 U.S.C. §506.**

*Check one.*
☑    **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**3.6:    Lien avoidance.**

*Check one.*

| Debtor | **Vanessa Pugh** | Case number | **8-18-73512** |

☑ **None.** If "None" is checked, the rest of § 3.6 need not be completed or reproduced.

**3.7:    Surrender of collateral.**

*Check one.*

☑ **None.** If "None" is checked, the rest of § 3.7 need not be completed or reproduced.

## PART 4: TREATMENT OF FEES AND PRIORITY CLAIMS

**4.1:    General.**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in §4.5, will be paid in full without post-petition interest.

**4.2:    Trustee's fees.**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3:    Attorney's fees.**
The balance of the fees owed to the attorney for the debtor(s) is $**2,500.00**.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☑ **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

**4.5    Domestic support obligations.**

*Check one.*

☑ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## PART 5: TREATMENT OF NONPRIORITY UNSECURED CLAIMS

Allowed nonpriority unsecured claims will be paid pro rata:

☐ Not less than the sum of $_____
☑ Not less than    **100.00**    % of the total amount of these claims.
☐ From the funds remaining after disbursement have been made to all other creditors provided for in this plan.

If more than one option is checked, the option providing the largest payment will be effective.

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1: The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

Check one.

☑ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

## PART 7: VESTING OF PROPERTY OF THE ESTATE

Unless otherwise provided in the Order of Confirmation, property of the estate will vest in the debtor(s) upon completion of the plan.

## PART 8: POST-PETITION OBLIGATIONS

**8.1:**    Post-petition mortgage payments, vehicle payments, real estate taxes, and domestic support obligations are to be made directly by the debtor(s) unless otherwise provided for in the plan

| Debtor | **Vanessa Pugh** | Case number | **8-18-73512** |
|--------|------------------|-------------|----------------|

**8.2:**     Throughout the term of this Plan, the debtor(s) will not incur post-petition debt over $2,500.00 without written consent of the Trustee or by order of the Court.

## PART 9: NONSTANDARD PLAN PROVISIONS

**9.1:**     Check "None" or list nonstandard plan provisions.

☑     **None.** If "None" is checked, the rest of Part 9.1 need not be completed.

## PART 10: CERTIFICATION AND SIGNATURE(S):

**10.1:**     I/we do hereby certify that this plan does not contain any nonstandard provisions other than those set out in the final paragraph.

X     **/s/ Vanessa Pugh**                                               X     _____
    **Vanessa Pugh**                                                              Signature of Debtor 2
    Signature of Debtor 1

Executed on     **August 10, 2018**                         Executed on     _____

X     **/s/ Ronald D. Weiss**
    **Ronald D. Weiss 4419**
    Signature of Attorney for Debtor(s)
    Dated:     **August 10, 2018**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

                                                        Case No. 18-73512-reg

      Vanessa Pugh,
      *aka* Vanessa D. Pugh,
      *aka* Vanessa Pugh-Reefer,

                            Debtor.                Chapter 13
----------------------------------------------------------------x

## <u>ORDER SCHEDULING HEARING</u>

        Vanessa Pugh, *aka* Vanessa D. Pugh, *aka* Vanessa Pugh-Reefer (the "Debtor")
having filed a petition for relief under Chapter 13 on May 23, 2018 and having retained the law firm
of Ronald D. Weiss to represent her in the bankruptcy case, and the Debtor having filed a request
to enter into the Loss Mitigation Program on May 25, 2018 with Wells Fargo Home Mortgage
("Wells Fargo") with respect to her residence , and the Court having entered an Order on June 12,
2018 directing the Debtor and Wells Fargo to enter into loss mitigation, and a hearing on the loss
mitigation having been held on August 8, 2018 and adjourned to October 3, 2018, and on July 19,
2018, the Chapter 13 Trustee having filed a Motion to Dismiss the Debtor's case for cause, including
failure to make Chapter 13 plan payments, and a  hearing on the Trustee's Motion to Dismiss having
been held  on August 23, 2018, and counsel to Wells Fargo having advised the Court that the Debtor
was previously denied loss mitigation in a prior Chapter 13 case on the basis that her income
exceeded the maximum for a mortgage modification under the applicable  programs, and that the
Debtor's current request for a loan modification would be denied on the same basis, and the Court
having adjourned the Motion to Dismiss to September 27, 2018, and the Court having determined
at the adjourned hearing on the Motion to Dismiss to grant the motion but to retain jurisdiction to
determine whether the legal fees paid by the Debtor to the law firm of Ronald D. Weiss exceeded

the reasonable value of such services, and whether all or any portion of the legal fees paid by the Debtor to the law firm of Ronald D. Weiss should be returned to the Debtor;

NOW THEREFORE; it is hereby

ORDERED, that a hearing to determine whether, pursuant to 11 U.S.C. § 329, the legal fees paid by the Debtor to the Law Firm of Ronald D. Weiss in this case exceed the reasonable value of services so provided, and whether any or all portion of such fees should be returned by the Law Firm of Ronald D. Weiss to the Debtor is scheduled for **October 31, 2018 at 10:00 a.m.**, before the Hon. Robert E. Grossman, United States Bankruptcy Judge, United States Bankruptcy Court, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Room 860, Central Islip, New York, 11722 and it is further

ORDERED, that on or before **October 10, 2018**, the Law Firm of Ronald D. Weiss shall file with the Court and serve upon the Office of the United States Trustee, the Debtor and the Chapter 13 Trustee a detailed description of time spent on the Debtor's case, including amounts charged for each task, and it is further

ORDERED, that responses to the submission by the Law Firm of Ronald D. Weiss shall be filed with the Court and served upon the Law Firm of Ronald D. Weiss so as to be received on or before **October 24, 2018**; and it is further

ORDERED, that on or before **September 28, 2018**, the Clerk of the Court shall serve the Debtor, the Chapter 13 Trustee and the Office of the United States Trustee with a copy of this Order by regular mail.



**Dated: Central Islip, New York**
**September 27, 2018**

Page 3 of 3

_____
**Robert E. Grossman**
**United States Bankruptcy Judge**

# Notice Recipients

District/Off: 0207–8          User: smarcus          Date Created: 9/27/2018

Case: 8–18–73512–reg          Form ID: pdf000          Total: 4

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| ust | United States Trustee | USTPRegion02.LI.ECF@usdoj.gov |
| tr | Michael J. Macco | ecf@maccosternlaw.com |
| aty | Ronald D Weiss | weiss@ny–bankruptcy.com |

TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | | |
|---|---|---|---|
| db | Vanessa Pugh | 55 Tell Avenue | Deer Park, NY 11729 |

TOTAL: 1

# UNITED STATES BANKRUPTCY COURT

### Eastern District of New York
### www.nyeb.uscourts.gov

**Case Name:** Vanessa Pugh

**Case No.** 18-73512-reg

# MAILING CERTIFICATE

I , Simon Marcus                    -, **Deputy Clerk** in the Office of the United States

Bankruptcy Court, hereby certify that there was deposited on September 27, 2018

in a duly maintained Post Office Box at the United States Bankruptcy Court,

**290 Federal Plaza, Central Islip, New York 11722**      4    Copies of an

Order Scheduling Hearing                              ,duly addressed to:

Vanessa Pugh                    Michael J. Macco
55 Tell Avenue                  2950 Express Drive South, Suite 109
Deer Park, NY 11729             Islandia, NY 11749

Ronald D Weiss                  United States Trustee
734 Walt Whitman Road           Long Island Federal Courthouse
Suite 203                       560 Federal Plaza - Room 560
Melville, NY 11747              Central Islip, NY 11722-4437


                                **ROBERT A. GAVIN, JR.**
                                Clerk of Court

Dated: Central Islip, New York
        September 27, 2018

                                By:  s/ S. Marcus
                                     Deputy Clerk


USBC-18A                                        Rev. 9/25/07

104

# Aldridge Pite, LLP

40 Marcus Drive, Suite 200
Melville, New York 11747
Tel: 631-454-8059 – Fax: 631-454-8169

October 1, 2018

Hon. Robert E. Grossman
United States Bankruptcy Court
Eastern District of New York
Alfonse M. D'Amato Federal Courthouse
290 Federal Plaza
Central Islip, New York 11722

**Re:**          **Vanessa Pugh**
**Creditor:**    **Wells Fargo Home Mortgage**
**Case:**       **18-73512**

Dear Judge Robert E. Grossman,

Our office represents Wells Fargo Home Mortgage in this matter.  The Order directing Loss Mitigation was entered on June 12, 2018.  On June 19, 2018, our Firm filed the Creditor affidavit.

On August 8, 2018, a Loss Mitigation Status Conference was held, wherein your Honor required Creditor to review Debtor for Loss Mitigation a second time.  As of today's date, the documents requested for review remain outstanding.

On September 27, 2018, the Trustee's Motion to Dismiss was granted.  As a result, Creditor requests that this Court allow it to upload an Order Terminating Loss Mitigation, as it is now moot based on the dismissal of the case.

Thank you for your time and consideration.

Respectfully,

/s/ Jenelle C. Arnold
Jenelle C. Arnold, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

In re:

    VANESSA PUGH, aka
    VANESSA PUGH-REEFER, aka
    VANESSA D PUGH,

                    Debtor.
-----------------------------------------------------X

Chapter 13

Case No: 8-18-73512-reg

**AFFIRMATION IN SUPPORT**

       Michael L. Carey, an attorney duly admitted to practice in the State of New York and before this Court, affirms under the pain and penalties of perjury that the following is true and correct:

1.     I am an attorney associated with the Law of Office of Ronald D. Weiss, P.C.

2.     I make this affirmation as per the Order of Hon. Robert E. Grossman dated September 24, 2018, requiring a detailed description of the services provided in the above referenced Debtor's Chapter 13 Bankruptcy action.

3.     At certain specified points in this affirmation, I am relying on records that are kept in our office, including but not limited to the physical paper file and electronic records. I have reviewed these records and can attest that they are created, kept and maintained in the regular course of business. It is in the regular course of business that we create, keep and maintain these records and these records are created at or near the time of the event in which they are meant to memorialize.

4.     On May 14, 2018, I sat with the Debtor for an in-office bankruptcy intake appointment. This appointment is designed to evaluate a client for their suitability to file Chapter 13 Bankruptcy and to gather all of the information necessary to prepare a Chapter 13 Bankruptcy petition, set of schedules and Chapter 13 payment plan. We addressed all of the Debtor's debts, income, assets and liabilities.

5.    On July 9, 2018, I appeared, along with the Debtor, at the 341 meeting before Trustee Michael Macco.  The Debtor did not bring her Social Security card.  As such, the matter was adjourned to July 23, 2018.

6.    On July 23, 2018, our office appeared at the 341 meeting before Trustee Michael Macco. The Debtor did not appear.  As such, the matter was adjourned to August 20, 2018.

7.    On August 20, 2018, our office appeared at the 341 meeting before Trustee Michael Macco.  The Debtor did not appear.  As such, the matter was adjourned to September 6, 2018.

8.    On September 6, 2018, I appeared, along with the Debtor, at the 341 meeting before Trustee Michael Macco.  The Debtor brought her Social Security card and the Trustee was able to perform his examination.  The Trustee closed the meeting.

Dated:  Melville, New York
          October 10, 2018                        Ronald D. Weiss, P.C.
                                                  Attorney for Debtor


                                                  Michael L. Carey, Esq.
                                                  734 Walt Whitman Road
                                                  Melville, NY 11747
                                                  (631) 271-3737
                                                  michaelc@ny-bankruptcy.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X                Chapter 13

In re:
                                                                      Case No:  8-18-73512-reg

      VANESSA PUGH, aka
      VANESSA PUGH-REEFER, aka
      VANESSA D PUGH,

                       Debtor.                        **<u>AFFIRMATION IN SUPPORT</u>**

-----------------------------------------------------X

      William J. Birmingham, an attorney duly admitted to practice in the State of New York and before this Court, affirms under the pain and penalties of perjury that the following is true and correct:

1.      I am an attorney associated with the Law Office of Ronald D. Weiss, P.C.

2.      I make this affirmation as per the Order of the Honorable Robert E. Grossman dated September 24, 2018, requiring a detailed description of the services provided in the above referenced Debtor's Chapter 13 Bankruptcy action.

3.      At certain specified points in this affirmation, I am relying on records that are kept in our office, including but not limited to the physical paper file and electronic records.  I have reviewed these records and can attest that they are created, kept and maintained in the regular course of business.  It is in the regular course of business that we create, keep and maintain these records and these records are created at or near the time of the event in which they are meant to memorialize.

4.      On May 21, 2018, based on our office records, the Debtor came into our office for an appointment.  Due to the impending foreclosure sale scheduled for May 24, 2018, our office moved quickly to prepare a Chapter 13 Bankruptcy petition for the Debtor's review and execution.

5.      On May 23, 2018, based on our office records, our office filed a Chapter 13 Bankruptcy

petition on behalf of the Debtor.

6.      On May 24, 2018, this being the second Chapter 13 Bankruptcy petition filed by the Debtor with a twelve month period, our office drafted and filed a Motion to Extend the Automatic stay.  The change in circumstances that formed the basis for this motion was that the Debtor's special needs teenage son was placed in a year round residential program, thus drastically reducing the Debtor's expenses.  These expenses were not reduced enough to allow for a traditional Chapter 13 plan, however, the reduction would allow for the Debtor to apply for another loan modification via the loss mitigation program.

7.      On June 6, 2018, I appeared on behalf of the Debtor before Hon. Robert E. Grossman at the hearing on the Motion to Extend the Automatic Stay.  This motion was granted.

8.      On August 2, 2018, I had a telephone conversation with the Debtor in which we discussed the bankruptcy action and upcoming Confirmation/Motion to Dismiss hearing to be held on August 9, 2018.  Additionally, I further explained the difference between loss mitigation plans and traditional Chapter 13 "catch-up" plans.

9.      On August 9, 2018, I appeared at the Confirmation/Motion to Dismiss hearing before Hon. Robert Grossman and Trustee Michael Macco.  The Debtor also personally appeared at the hearing.  Due to the Debtor being current with her Chapter 13 Trustee payments, the Trustee did not require us to appear before Hon. Grossman.  The Trustee reminded us that the 341 was scheduled for August 20, 2018.  He then adjourned the matter to August 23, 2018

10.     On August 10, 2018, I had a telephone conversation with the Debtor regarding her social security card and we discussed the changes that needed to be made to the Chapter 13 Plan.  I indicated that I would be making the changes and would send the plan to her via email for her review and approval.

11.    On August 10, 2018, I amended the Debtor's Chapter 13 repayment plan, as per the Trustee's instructions.  The amended plan was sent to the Debtor for review and approval.

12.    On August 15, 2018, I received the executed plan back from the Debtor.  The plan was subsequently uploaded to the Bankruptcy docket and served upon the creditors.

13.    On August 23, 2018, I appeared at the Confirmation/Motion to Dismiss hearing before Hon. Robert Grossman and Trustee Michael Macco.  The Debtor also personally appeared at the hearing.  The matter was adjourned to September 27, 2018.

14.    On September 27, 2018, I appeared at the Confirmation/Motion to Dismiss hearing before Hon. Robert Grossman and Trustee Michael Macco.  The Debtor did not personally appear at the hearing.  Hon. Robert Grossman dismissed the matter but retained jurisdiction so as to conduct a hearing as to the reasonableness of the fees collected by our firm.

15.    On October 1, 2018, I placed a telephone call to the Debtor to explain the outcome of the hearing held on September 27, 2018 and the ramifications of the dismissal.  The Debtor indicated that she understood my explanation.

Dated:  Melville, New York
      October 10, 2018

                                    Ronald D. Weiss, P.C.
                                    Attorney for Debtor

                                    William J. Birmingham, Esq.
                                    734 Walt Whitman Road
                                    Melville, NY 11747
                                    (631) 271-3737
                                    william@ny-bankruptcy.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

In re:

      VANESSA PUGH, aka
      VANESSA PUGH-REEFER, aka
      VANESSA D PUGH,

                       Debtor,
-----------------------------------------------------X

Chapter 13

Case No:  8-18-73512-reg

**AFFIDAVIT OF HEIDI ORTIZ**

STATE OF NEW YORK    )ss.:
COUNTY OF SUFFOLK    )

      I, Heidi Ortiz, declare under the pain and penalty of perjury that:

1.      I employed as a paralegal at the Law Office of Ronald D. Weiss, P.C.

2.      I was assigned to the loan modification/loss mitigation aspect of the Chapter 13

Bankruptcy for the above referenced Debtor.

3.      I make this affidavit as per the Order of Hon. Robert E. Grossman requiring a detailed

description of the services provided in the above referenced Debtor's Chapter 13 Bankruptcy

action. The foregoing is a summary of the services performed by myself and members of my

department.

4.      On May 14, 2018, the Debtor came into our office and retained our firm for a Chapter 13

Bankruptcy and for loss mitigation.  I sat with the Debtor to explain the process to her and

answer any questions she had regarding the loss mitigation aspect of her bankruptcy.  I provided

the Debtor with a list of documents that were required.

5.      On June 6, 2018, following the Debtor providing me with the documents required for a

loan modification application, I submitted the application directly to the Secured Creditor.  I

submitted it this way because a loss mitigation point of contact had not yet been designated.

6.      On June 13, 2018, Hon. Robert E. Grossman issued an Order directing Secured Creditor

and Debtor to participate in the loss mitigation program.

7.      On June 20, 2018, counsel for Secured Creditor designated their point of contact for the loss mitigation program.

8.       On June 25, 2018, I submitted the previously submitted loan modification application to counsel for the Secured Creditor.

9.      On June 26, 2018, the very next day, I received a letter via email from counsel for the Secured Creditor informing our office that the Debtor's loan modification application had been denied.  The basis for the denial was that the payments were considered affordable to the Debtor.

10.     On June 26, 2018, later that same day, I submitted via email an appeal letter to the counsel for the Secured Creditor.  The basis for the appeal letter was that while the Debtor could afford the payment currently, the Debtor was unable to cure the arrears to recommence paying the regular monthly mortgage amount.

11.     On June 28, 2018, counsel for the Secured Creditor informed our office via email that the appeal letter had been forwarded to the Secured Creditor for review.

12.     On July 18, 2018, counsel for the Secured Creditor informed our office via email that the Debtor's appeal had been denied.

13.     On July 19, 2018, I communicated the denial to the Debtor via email.

14.     Following a discussion with the Debtor and the attorneys in the office, it was decided that our office should submit another loan modification application.  The Debtor was very eager to save her home and was equally as eager to aid her in accomplishing this goal.

15.     On August 22, 2018, I submitted another complete loan modification application to counsel for the Secured Creditor.

16.     On September 24, 2018, I received via email from counsel for the secured creditor a

missing documents letter regarding additional documents required for the loan modification application to be complete.  Later that same day I communicated via email those requested documents to the Debtor.

17.    On October 4, 2018, the client came into the office for appointment regarding the outstanding documents required for the loan modification application.  I provided her with the list of documents and went over all that was required.

Heidi Ortiz

Sworn to before me this
10th day of October 2018

_/s/ Ronald D. Weiss_
Ronald D. Weiss
Notary Public- State of New York
No.:  01WE5041400
Qualified in Suffolk County
Commission Expires April 3, 2019

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In re:

      VANESSA PUGH, aka
      VANESSA PUGH-REEFER, aka
      VANESSA D PUGH,

                    Debtor,

-----------------------------------------------------X

Chapter 13

Case No:  8-18-73512-reg

**PROPOSED AFFIDAVIT OF**
**DEBTOR**

STATE OF NEW YORK    )ss.:
COUNTY OF SUFFOLK    )

       The following is a proposed affidavit that Debtor has indicted she will execute.  Original to follow.

       I, Vanessa Pugh, debtor ("Debtor") in this Chapter 13 case, declare under penalty of perjury that:

1.     I am the Debtor in this Chapter 13 case which was filed on May 23, 2018.  I submit this affidavit in response to Hon. Robert E. Grossman's order dated September 27, 2018.

2.     On May 14, 2018, I retained the Law Office of Ronald D. Weiss, P.C. to file a second Chapter 13 Bankruptcy action.

3.     I am the sole owner of my residence located at 55 Tell Avenue, Deer Park, NY 11729.

4.     My First Chapter 13 Case was dismissed primarily due to the Trustee finding my plan unfeasible.  I was attempting to obtain a loan modification in order to save my home.  My lender denied my loan modification and my Plan could not be converted into a traditional "catch-up" plan.  Consequently, my case was dismissed.

5.     I returned to the Law Office of Ronald D. Weiss, P.C. to file a second Chapter 13 and also pursue loss mitigation.  I sat with Mr. Weiss who explained to me that the automatic stay that would stop the bank holding my mortgage from continuing their foreclosure action would

only last for 30 days.  He further explained that in order for the automatic stay to be imposed for the duration of the matter, I would have to petition the Court with a change in circumstances.

6.      As such, I explained to Mr. Weiss that my seventeen year old son with special needs is no longer living with me.  At the time of the second filing, I was able to move my son into a year-round residential program which resulted in an approximate $750.00 reduction in my expenses.

7.      I worked with Mr. Weiss' office in order to obtain a loan modification via the Chapter 13 loss mitigation program.  Despite the extensive efforts of myself and Mr. Weiss' office, I was denied a loan modification by the holder of my mortgage.

8.      On August 23, 2018, I appeared at the Confirmation/Motion to Dismiss hearing before Hon. Robert E. Grossman and Trustee Michael Macco.  At this hearing, Hon. Robert E. Grossman asked the attorney who appeared from Mr. Weiss' office, William J. Birmingham, if the money I paid to Mr. Weiss' office for this second Chapter 13 Bankruptcy would be returned to me if it was my desire to have it returned.  Mr. Birmingham answered that it would be.

9.      Following the hearing, I did not make such a request from Mr. Weiss.  Although I did not get the result I was looking for, I am satisfied with the services provided by the Law Office of Ronald D. Weiss, P.C.

_____
VANESSA PUGH

Sworn to before me this
10th day of October 2018

_____
Notary Public – State of New York

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
In re:                                             Chapter 13
                                                   Case No. 8-18-73512-reg

      VANESSA PUGH, aka
      VANESSA PUGH-REEFER, aka
      VANESSA D. PUGH,

                Debtor.        **AFFIDAVIT OF SERVICE**
----------------------------------------------------X
STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF SUFFOLK        )


      Ellen Friedman, being duly sworn, says:

      On October 10, 2018, I served a true copy of the **AFFIRMATIONS IN SUPPORT** on

the following entities by e-mailing a true copy of same to the parties listed herein by forwarding

a copy to each entity at the electronic mail addresses provided for contacting each entity as

listed below:


                Christine Black, US Trustee
                Office of the United States Trustee
                Christine.h.black@usdoj.gov

                Michael Macco, Chapter 13 Trustee
                lbragin@maccosternlaw.com
                sgreene@maccosternlaw.com
                jzarrilli@maccostern.com

                Vanessa Pugh, debtor
                (E-mail not listed due to privacy laws)


Sworn to before me this
8th day of October, 2018

                      */s/Ellen Friedman*
                      Ellen Friedman

*/s/ Ronald D. Weiss*
Ronald D. Weiss
Notary Public, State of New York
No. 02WE5041400
Qualified in Suffolk County
Commission Expires April 3, 2019

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

In re:                                                    Chapter 13
                                                          Case No. 8-18-73512-reg
      VANESSA PUGH, aka
      VANESSA PUGH-REEFER, aka
      VANESSA D. PUGH,

                     Debtor.          **AFFIDAVIT OF SERVICE**

-----------------------------------------------------

STATE OF NEW YORK   )
                     ) ss.:
COUNTY OF SUFFOLK  )

      Lita Davidson, being duly sworn, says:

      On October 10, 2018, I served a true copy of the **AFFIRMATIONS IN SUPPORT** on

the following entities by mailing a true copy of same in a postage-paid envelope and marked with

the name and address of each entity to be served, and depositing same in a post-office or official

depository of the U.S. Postal Service within the State of New York, addressed to the last known

address of each of the addressees indicated below:

Christine H, Black, Assistant US Trustee      Michael Macco, Chapter 13 Trustee
Office of the United States Trustee             Macco & Stern LLP
Alfonse D'Amato Federal Courthouse       2950 Expressway Drive South, Ste. 109
560 Federal Plaza                       Islandia, NY 11749
Central Islip, NY 11722

Vanessa Pugh, debtor
55 Tell Avenue
Deer Park, NY 11729

Sworn to before me this
11th day of October, 2018

                                  _/s/Lita Davidson_
                                  Lita Davidson

_/s/Ronald D. Weiss_
Ronald D. Weiss
Notary Public, State of New York
NO. 02WE5041400
Qualified in Suffolk County
Commission Expires 4/3/19

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:

     VANESSA PUGH, aka
     VANESSA PUGH-REEFER, aka
     VANESSA D PUGH,

                  Debtor,
------------------------------------------------------X

Chapter 13

Case No:  8-18-73512-reg

**AFFIDAVIT OF DEBTOR**

STATE OF NEW YORK    )ss.:
COUNTY OF SUFFOLK    )

     I, Vanessa Pugh, debtor ("Debtor") in this Chapter 13 case, declare under penalty of

perjury that:

1.    I am the Debtor in this Chapter 13 case which was filed on May 23, 2018. I submit this

affidavit in response to Hon. Robert E. Grossman's order dated September 27, 2018.

2.    On May 14, 2018, I retained the Law Office of Ronald D. Weiss, P.C. to file a second

Chapter 13 Bankruptcy action.

3.    I am the sole owner of my residence located at 55 Tell Avenue, Deer Park, NY 11729.

4.    My First Chapter 13 Case was dismissed primarily due to the Trustee finding my plan

unfeasible. I was attempting to obtain a loan modification in order to save my home. My lender

denied my loan modification and my Plan could not be converted into a traditional "catch-up"

plan. Consequently, my case was dismissed.

5.    I returned to the Law Office of Ronald D. Weiss, P.C. to file a second Chapter 13 and

also pursue loss mitigation. I sat with Mr. Weiss who explained to me that the automatic stay

that would stop the bank holding my mortgage from continuing their foreclosure action would

only last for 30 days. He further explained that in order for the automatic stay to be imposed for

the duration of the matter, I would have to petition the Court with a change in circumstances.

6.      As such, I explained to Mr. Weiss that my seventeen year old son with special needs is no longer living with me.  At the time of the second filing, I was able to move my son into a year-round residential program which resulted in an approximate $750.00 reduction in my expenses.

7.      I worked with Mr. Weiss' office in order to obtain a loan modification via the Chapter 13 loss mitigation program.  Despite the extensive efforts of myself and Mr. Weiss' office, I was denied a loan modification by the holder of my mortgage.

8.      On August 23, 2018, I appeared at the Confirmation/Motion to Dismiss hearing before Hon. Robert E. Grossman and Trustee Michael Macco.  At this hearing, Hon. Robert E. Grossman asked the attorney who appeared from Mr. Weiss' office, William J. Birmingham, if the money I paid to Mr. Weiss' office for this second Chapter 13 Bankruptcy would be returned to me if it was my desire to have it returned.  Mr. Birmingham answered that it would be.

9.      Following the hearing, I did not make such a request from Mr. Weiss.  Although I did not get the result I was looking for, I am satisfied with the services provided by the Law Office of Ronald D. Weiss, P.C.

_____
VANESSA PUGH

Sworn to before me this
10th day of October 2018
11th day of October 2018

_____
Notary Public – State of New York

        LISA M GIOIA
NOTARY PUBLIC-STATE OF NEW YORK
        No. 01GI6187694
    Qualified in Suffolk County
  My Commission Expires 05-27-20___

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

                                         Case No. 18-73512-reg

      Vanessa Pugh,
      *aka* Vanessa D. Pugh,
      *aka* Vanessa Pugh-Reefer,                   Chapter 13

                  Debtor.
----------------------------------------------------------------x

## ORDER DIRECTING DISGORGEMENT OF FEES

        Vanessa Pugh, *aka* Vanessa D. Pugh,  *aka* Vanessa Pugh-Reefer (the "Debtor")

having filed a petition for relief under Chapter 13 on May 23, 2018 and having retained the law firm

of Ronald D. Weiss to represent her in the bankruptcy case, and the Chapter 13 Trustee having filed

a Motion to Dismiss the Debtor's case for cause, including failure to make Chapter 13 plan

payments, and a  hearing on the Trustee's Motion to Dismiss having been held  on August 23, 2018,

and the Court having granted the Trustee's Motion to Dismiss, but  retaining jurisdiction to

determine whether the legal fees paid by the Debtor to the law firm of Ronald D. Weiss exceeded

the reasonable value of such services, and whether all or any portion of the legal fees paid by the

Debtor to the law firm of Ronald D. Weiss should be returned to the Debtor, and on September 27,

2018, the Court having entered an Order to Show Cause ("OSC") to determine whether, pursuant

to 11 U.S.C. § 329,  the legal fees paid by the Debtor to the law firm of Ronald D. Weiss in this case

exceed the reasonable value of services so provided, and whether any or all portion of such fees

should be returned by the law firm of Ronald D. Weiss to the Debtor, and on October 31, 2018, the

hearing on the OSC having been held, and the Court having determined based on the record before

it that the legal fees paid by the Debtor to the law firm of Ronald D. Weiss exceeded the reasonable

value of the services provided in the amount of $3,500.00; it is hereby

ORDERED, that the law firm of Ronald D. Weiss is directed to disgorge to the Debtor the amount of $3,500.00 on or before October 31, 2018 at 5:00 p.m., and to file a letter with the Court confirming that such payment was made; and upon entry of such letter of confirmation on the Court's docket, the Debtor's case shall be closed.



**Dated: Central Islip, New York**
**November 1, 2018**

Page 2 of 2

_____
**Robert E. Grossman**
**United States Bankruptcy Judge**

# Notice Recipients

District/Off: 0207–8  User: smarcus  Date Created: 11/1/2018
Case: 8–18–73512–reg  Form ID: pdf000  Total: 4

**Recipients of Notice of Electronic Filing:**
ust        United States Trustee        USTPRegion02.LI.ECF@usdoj.gov
tr         Michael J. Macco             ecf@maccosternlaw.com
aty        Ronald D Weiss               weiss@ny–bankruptcy.com

TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db         Vanessa Pugh        55 Tell Avenue        Deer Park, NY 11729

TOTAL: 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X                    Chapter 13
In re:

       VANESSA PUGH, aka
       VANESSA PUGH-REEFER, aka
       VANESSA D PUGH,

                 Debtor.                    **NOTICE OF APPEAL**
-------------------------------------------------------X

To: The Office of the United States Trustee
    Long Island Federal Courthouse
    560 Federal Plaza- Room 560
    Central Islip, New York 11722-4437

    Clerk United States Bankruptcy Court
    Eastern District of New York
    560 Federal Plaza- Second Floor
    Central Islip, New York 11722-4437

    Michael J. Macco, Chapter 13 Trustee
    2950 Express Drive South
    Suite 109
    Islandia, New York 11749

**S I R S:**

    **PLEASE TAKE NOTICE,** that the debtor, Vanessa Pugh ( the "Debtor"), by and

through her attorneys Ronald D. Weiss, P.C. and Ronald D. Weiss P.C. on its own behalf, hereby

appeal the Court's Decision and Order directing the law firm of Ronald D. Weiss, P.C. to

disgorge to the Debtor the amount of $3,500.00, as set forth in the Court Order signed on

November 1, 2018 after an evidentiary hearing held on October 31, 2018 and entered on the

Court Docket as Document Number 33 on November 1, 2018. A copy of the Order is attached

hereto.

    **PLEASE TAKE FURTHER NOTICE**, that the questions on Appeal are as follows:

    1.      Did the Court err in determining that the Ronald D. Weiss, P.C. should return fees

to the Debtor before the Court heard any evidence, either testimony or documentary, and prior to conducting the evidentiary hearing on October 31, 2018.

2.      Does the Court have the authority to Order a fee returned to the Debtor where the Debtor testified that the Debtor did not want the fee returned and stated on the record that the Debtor was satisfied with the legal services rendered and the evidence presented at the evidentiary hearing set forth that considerable time was spent on the case and it was believed that the bankruptcy filing with loss mitigation could be successful.

3.      Did the Court err in changing the Court's position as to the Loss Mitigation Program and Procedures after the case was filed and the Court had entered an Order extending the Automatic Stay, after a hearing at which the Debtor established a change in circumstances for the entry of an Order extending the Automatic Stay, and after the Court entered an Order directing the Debtor and Creditor Wells Fargo Home Mortgage to participate in The Loss Mitigation Program with respect to property located at 55 Tell Avenue, Deer Park, N.Y. 11729.

Dated:  Melville, New York
          November 14, 2018                     RONALD D. WEISS P.C.
                                       *Attorney for the Debtor*

                                   *  /s/ Ronald D. Weiss*
                                    Ronald D. Weiss, Esq.
                                    734 Walt Whitman Road, Suite 203
                                    Melville, NY 11747
                                    (631) 271-3737
                                    weiss@ny-bankruptcy.com
cc:

Ms. Vanessa Pugh
55 Tell Avenue
Deer Park, New York 11729

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

                                          Case No. 18-73512-reg

      Vanessa Pugh,
      *aka* Vanessa D. Pugh,
      *aka* Vanessa Pugh-Reefer,                  Chapter 13

                       Debtor.
-----------------------------------------------------------------x

## ORDER DIRECTING DISGORGEMENT OF FEES

        Vanessa Pugh, *aka* Vanessa D. Pugh, *aka* Vanessa Pugh-Reefer (the "Debtor")

having filed a petition for relief under Chapter 13 on May 23, 2018 and having retained the law firm

of Ronald D. Weiss to represent her in the bankruptcy case, and the Chapter 13 Trustee having filed

a Motion to Dismiss the Debtor's case for cause, including failure to make Chapter 13 plan

payments, and a hearing on the Trustee's Motion to Dismiss having been held on August 23, 2018,

and the Court having granted the Trustee's Motion to Dismiss, but retaining jurisdiction to

determine whether the legal fees paid by the Debtor to the law firm of Ronald D. Weiss exceeded

the reasonable value of such services, and whether all or any portion of the legal fees paid by the

Debtor to the law firm of Ronald D. Weiss should be returned to the Debtor, and on September 27,

2018, the Court having entered an Order to Show Cause ("OSC") to determine whether, pursuant

to 11 U.S.C. § 329, the legal fees paid by the Debtor to the law firm of Ronald D. Weiss in this case

exceed the reasonable value of services so provided, and whether any or all portion of such fees

should be returned by the law firm of Ronald D. Weiss to the Debtor, and on October 31, 2018, the

hearing on the OSC having been held, and the Court having determined based on the record before

it that the legal fees paid by the Debtor to the law firm of Ronald D. Weiss exceeded the reasonable

value of the services provided in the amount of $3,500.00; it is hereby

ORDERED, that the law firm of Ronald D. Weiss is directed to disgorge to the Debtor the amount of $3,500.00 on or before October 31, 2018 at 5:00 p.m., and to file a letter with the Court confirming that such payment was made; and upon entry of such letter of confirmation on the Court's docket, the Debtor's case shall be closed.



**Dated: Central Islip, New York**
**November 1, 2018**

Page 2 of 2

_Robert E. Grossman_

**Robert E. Grossman**
**United States Bankruptcy Judge**

126

JS 44C/EDNY (Rev 3/6/2018)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Ronald D. Weiss, P.C. | **Office of the United States Trustee** |

| (b) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Ronald D. Weiss, P.C.    ph (631)271-3737<br>734 Walt Whitman Road, Ste 203<br>Melville, NY 11747 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government<br>Plaintiff

☒ 3  Federal Question<br>*(U.S. Government Not a Party)*

☐ 2  U.S. Government<br>Defendant

☐ 4  Diversity<br>*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)                    and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place<br>of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITING A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTION STATUTES UNLESS DIVERSITY)

**Appeal of Order Directing Disgorgement of Fees dated November 1, 2018 at Docket Number 33.**

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original<br>Proceeding

☐ 2 Removed from<br>State Court

☐ 3 Remanded from<br>Appellate Court

☐ 4 Reinstated or<br>Reopened

☐ 5 Transferred from<br>Another District<br>*(specify)*

☐ 6 Multidistrict<br>Litigation -<br>Transfer

☐ 8 Multidistrict<br>Litigation -<br>Direct File

## VI. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>& Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>Student Loans<br>(Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>Liability<br>☐ 320 Assault, Libel &<br>Slander<br>☐ 330 Federal Employers'<br>Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>Product Liability<br>☐ 360 Other Personal<br>Injury<br>☐ 362 Personal Injury -<br>Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>Product Liability<br>☐ 367 Health Care/<br>Pharmaceutical<br>Personal Injury<br>Product Liability<br>☐ 368 Asbestos Personal<br>Injury Product<br>Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>Property Damage<br>☐ 385 Property Damage<br>Product Liability | ☐ 625 Drug Related Seizure<br>of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards<br>Act<br>☐ 720 Labor/Management<br>Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>Income Security Act | ☒ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>New Drug Application<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>Accommodations<br>☐ 445 Amer. w/Disabilities -<br>Employment<br>☐ 446 Amer. w/Disabilities -<br>Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>Habeas Corpus:<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>Conditions of<br>Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>or Defendant)<br>☐ 871 IRS—Third Party<br>26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>Act/Review or Appeal of<br>Agency Decision<br>☐ 950 Constitutionality of<br>State Statutes |

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION<br>UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S)
IF ANY

*(See instructions)*

JUDGE  **Honorable Robert E. Grossman**  DOCKET NUMBER  **8-18-73512-reg**

| DATE<br>November 14, 2018 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

FOR OFFICE USE ONLY

| RECEIPT # _____ | AMOUNT _____ | APPLYING IFP _____ | JUDGE _____ | MAG. JUDGE _____ |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**
Ronald D. Weiss, PC
734 Walt Whitman Road, Ste 203
Melville, NY 11747

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

The Office of the United States Trustee          Clerk United States Bankruptcy Court
Long Island Federal Courthouse                   Eastern District of New York
560 Federal Plaza- Room 560                      560 Federal Plaza- Second Floor
Central Islip, New York 11722-4437               Central Islip, New York 11722-4437

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE
RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a)
provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or
because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to
the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the
civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the
power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending
before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)     Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?
        [ ] Yes     [✔] No

2.)     If you answered "no" above:
        a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk
        County?     [✔] Yes     [ ] No

        b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?
                    [✔] Yes     [ ] No

        c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:
        _____

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau
or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in
Nassau or Suffolk County?     [ ] Yes     [ ] No
        (*Note: A corporation shall be considered a resident of the County in which it has the most significant contacts*).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

        [✔]          Yes                    [ ]          No

Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?

        [ ]          Yes  (*If yes, please explain*)     [✔]          No

I certify the accuracy of all information provided above.
Signature: _____

JS 44C/EDNY Reverse (Rev. 03/18)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority for Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.
   a) **Plaintiffs-Defendants**. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   b) **County of Residence**. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   c) **Attorneys**. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below. United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here. United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box. Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.   **Residence (citizenship) of Principal Parties**. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

V.   **Origin**. Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation -- Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7**. Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.   **Nature of Suit**. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

VII.   **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P. Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction. Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases**. This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

**Information to identify the case:**

| | |
|---|---|
| Debtor 1 | **Vanessa Pugh** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court | **Eastern District of New York** |
| Case number: | **8–18–73512–reg** |

Social Security number or ITIN    **xxx–xx–9644**

EIN    _ _–_ _ _ _ _ _ _

Social Security number or ITIN    _ _ _ _

EIN    _ _–_ _ _ _ _ _ _

Date case filed for chapter **13    5/23/18**

# NOTICE TO PARTIES CONCERNING APPEAL (ECF CASE)

A Notice of Appeal was filed on November 14, 2018, in the above case by Ronald D Weiss, regarding Order Directing Disgorgement of Fees. dated November 14, 2018, document number 33.

Effective December 1, 2014, Part VIII of the Federal Rules of Bankruptcy Procedure governing bankruptcy appeals was substantially revised in order to align those rules with the Federal Rules of Appellate Procedure and updated to include electronic transmission, filing, and service.

This notice must be read together with the Federal Rules of Civil Procedure (FRCP), the Federal Rules of Bankruptcy Procedure (FRBP), the Local Rules of the Eastern District of New York, and this Court's Local Rules and Procedures.

1. **Service of Notice:** The appellant must provide the Clerk with the email address of each party to be served; to the extent that there are parties to the appeal who are not equipped to receive email noticification, the appellant must provide the Clerk with the address for all parties to be served.

2. **Appellant's Designation:** Appellant's designation of record on appeal and statement of issues to be presented on appeal are due within fourteen (14) days from the date of the filing of the Notice of Appeal. The designation must include a list of items to be included in the record on appeal. A copy of the designation and statement shall be served by the appellant on the appellee. A certificate of service must be filed with the bankruptcy court as proof that proper service was made.

3. **Appellee's Designation:** Within fourteen (14) days after service of the appellant's designation and statement, the appellee may file with the bankruptcy court and serve on the appellant a designation of additional items to be included in the record on appeal.

4. **Transcripts:** If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, call one of the court approved transcription service agencies to request a copy of a transcript. The written request for the transcript shall be filed with the bankruptcy court. The party requesting the transcript is responsible for the cost of transcription. Designated transcripts must be provided to this office in PDF format.

5. **ECF Registration (*Attorneys Only*):** Documents must be filed electronically relative to this matter, both in the Bankruptcy Court and, once the record has been transmitted, in the District Court. For information on ECF registration in the Bankruptcy Court, please visit: www.nyeb.uscourts.gov/electronic–filing–procedures; in the District Court, visit: https://www.nyed.uscourts.gov/cmecf.

6. **Transmittal of Record on Appeal:** Generally the record on appeal will be transmitted thirty (30) days from the date of the filing with the Court of the Notice of Appeal.

Dated: November 15, 2018

FOR THE COURT

By: s/ S Dolan

_____

Deputy Clerk

BLntcparties.jsp [Notice to Parties 04/17/17]

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0207–8 | User: sdolan | Date Created: 11/15/2018 |
| Case: 8–18–73512–reg | Form ID: 772 | Total: 3 |

**Recipients of Notice of Electronic Filing:**

tr      Michael J. Macco      ecf@maccosternlaw.com
aty     Ronald D Weiss      weiss@ny–bankruptcy.com

TOTAL: 2

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

     U.S. Trustee      United States Trustee      Long Island Federal Courthouse      560 Federal Plaza Room
     560      Central Islip, NY 117224437

TOTAL: 1

Repeat, PRVDISM, DebtEd, DomSup, DISMISSED, APPEAL

**U.S. Bankruptcy Court**
**Eastern District of New York (Central Islip)**
**Bankruptcy Petition #: 8–18–73512–reg**

*Date filed:* 05/23/2018
*Debtor dismissed:* 10/11/2018
*341 meeting:* 09/06/2018

*Assigned to:* Robert E. Grossman
Chapter 13
Voluntary
Asset

*Debtor disposition:* Dismissed for Failure to File
Information

**Debtor**
**Vanessa Pugh**
55 Tell Avenue
Deer Park, NY 11729
SUFFOLK–NY
SSN / ITIN: xxx–xx–9644
*aka* **Vanessa D Pugh**
*aka* **Vanessa Pugh–Reefer**

represented by **Ronald D Weiss**
734 Walt Whitman Road
Suite 203
Melville, NY 11747
(631) 271–3737
Fax : (631) 271–3784
Email: weiss@ny–bankruptcy.com

**Trustee**
**Michael J. Macco**
2950 Express Drive South
Suite 109
Islandia, NY 11749
(631) 549–7900
Email: ecf@maccosternlaw.com

**U.S. Trustee**
**United States Trustee**
Long Island Federal Courthouse
560 Federal Plaza – Room 560
Central Islip, NY 11722–4437
(631) 715–7800

| Filing Date | # | | Docket Text |
|---|---|---|---|
| | | 24 | Order to Show Cause to determine whether the legal fees paid by the Debtor to the Law Firm of Ronald D. Weiss in this case exceed the reasonable value of services so provided, and whether any or all portion of such fees should be returned by the Law Firm of Ronald D. Weiss to the Debtor, and on or before 10/10/2018, the Law Firm of Ronald D. Weiss shall file with the Court and serve upon the Office of the United States Trustee, the Debtor and the Chapter 13 Trustee a detailed description of time spent on the Debtors case, including amounts charged for each task. Signed on 9/27/2018 Show Cause hearing to be held on 10/31/2018 at 10:00 AM at Courtroom 860 (Judge Grossman), CI, NY. (srm) (Entered: 09/27/2018) |
| 09/27/2018 | | | |
| 11/01/2018 | | 33 | |

| | | | |
|---|---|---|---|
| | | | Order Directing the law firm of Ronald D. Weiss to disgorge to the Debtor the amount of $3,500.00 on or before 10/31/2018 at 5:00 p.m., and to file a letter with the Court confirming that such payment was made; and upon entry of such letter of confirmation on the Court's docket, the Debtor's case shall be closed (RE: related document(s)24 Order to Show Cause (Generic)). Signed on 11/1/2018 (srm) (Entered: 11/01/2018) |
| 11/14/2018 | | 35 | Notice of Appeal to District Court. *regarding Order Directing Disgorgement of Fees*. Fee Amount $298 Filed by Ronald D Weiss on behalf of Vanessa Pugh (RE: related document(s)33 Generic Order). Appellant Designation due by 11/28/2018. Transmission of Designation to District Court Due by 12/14/2018. (Weiss, Ronald) (Entered: 11/14/2018) |
| 11/14/2018 | | 36 | Civil Cover Sheet Filed by Ronald D Weiss on behalf of Vanessa Pugh (RE: related document(s)35 Notice of Appeal filed by Debtor Vanessa Pugh). (Weiss, Ronald) (Entered: 11/14/2018) |
| 11/14/2018 | | | Receipt of Notice of Appeal(8–18–73512–reg) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number 17326346. Fee amount 298.00. (re: Doc# 35) (U.S. Treasury) (Entered: 11/14/2018) |
| 11/15/2018 | | 37 | Notice to Parties of requirements, deadlines (sld) (Entered: 11/15/2018) |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

                                         Case No. 18-73512-reg

     Vanessa Pugh,
     *aka* Vanessa D. Pugh,
     *aka* Vanessa Pugh-Reefer,

                   Debtor.           Chapter 13
----------------------------------------------------------------x

### <u>ORDER SCHEDULING HEARING</u>

        Vanessa Pugh, *aka* Vanessa D. Pugh, *aka* Vanessa Pugh-Reefer (the "Debtor")

having filed a petition for relief under Chapter 13 on May 23, 2018 and having retained the law firm

of Ronald D. Weiss to represent her in the bankruptcy case, and the Debtor having filed a request

to enter into the Loss Mitigation Program on May 25, 2018 with Wells Fargo Home Mortgage

("Wells Fargo") with respect to her residence , and the Court having entered an Order on June 12,

2018 directing the Debtor and Wells Fargo to enter into loss mitigation, and a hearing on the loss

mitigation having been held on August 8, 2018 and adjourned to October 3, 2018, and on July 19,

2018, the Chapter 13 Trustee having filed a Motion to Dismiss the Debtor's case for cause, including

failure to make Chapter 13 plan payments, and a hearing on the Trustee's Motion to Dismiss having

been held on August 23, 2018, and counsel to Wells Fargo having advised the Court that the Debtor

was previously denied loss mitigation in a prior Chapter 13 case on the basis that her income

exceeded the maximum for a mortgage modification under the applicable programs, and that the

Debtor's current request for a loan modification would be denied on the same basis, and the Court

having adjourned the Motion to Dismiss to September 27, 2018, and the Court having determined

at the adjourned hearing on the Motion to Dismiss to grant the motion but to retain jurisdiction to

determine whether the legal fees paid by the Debtor to the law firm of Ronald D. Weiss exceeded

the reasonable value of such services, and whether all or any portion of the legal fees paid by the Debtor to the law firm of Ronald D. Weiss should be returned to the Debtor;

NOW THEREFORE; it is hereby

ORDERED, that a hearing to determine whether, pursuant to 11 U.S.C. § 329, the legal fees paid by the Debtor to the Law Firm of Ronald D. Weiss in this case exceed the reasonable value of services so provided, and whether any or all portion of such fees should be returned by the Law Firm of Ronald D. Weiss to the Debtor is scheduled for **October 31, 2018 at 10:00 a.m.**, before the Hon. Robert E. Grossman, United States Bankruptcy Judge, United States Bankruptcy Court, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Room 860, Central Islip, New York, 11722 and it is further

ORDERED, that on or before **October 10, 2018**, the Law Firm of Ronald D. Weiss shall file with the Court and serve upon the Office of the United States Trustee, the Debtor and the Chapter 13 Trustee a detailed description of time spent on the Debtor's case, including amounts charged for each task, and it is further

ORDERED, that responses to the submission by the Law Firm of Ronald D. Weiss shall be filed with the Court and served upon the Law Firm of Ronald D. Weiss so as to be received on or before **October 24, 2018**; and it is further

ORDERED, that on or before **September 28, 2018**, the Clerk of the Court shall serve the Debtor, the Chapter 13 Trustee and the Office of the United States Trustee with a copy of this Order by regular mail.



**Dated: Central Islip, New York**
**September 27, 2018**

Page 3 of 3

_____
        **Robert E. Grossman**
   **United States Bankruptcy Judge**

# Notice Recipients

District/Off: 0207–8          User: smarcus          Date Created: 9/27/2018
Case: 8–18–73512–reg         Form ID: pdf000        Total: 4

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| ust | United States Trustee | USTPRegion02.LI.ECF@usdoj.gov |
| tr | Michael J. Macco | ecf@maccosternlaw.com |
| aty | Ronald D Weiss | weiss@ny–bankruptcy.com |

TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | | |
|---|---|---|---|
| db | Vanessa Pugh | 55 Tell Avenue | Deer Park, NY 11729 |

TOTAL: 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

                                            Case No. 18-73512-reg

       Vanessa Pugh,
       *aka* Vanessa D. Pugh,
       *aka* Vanessa Pugh-Reefer,                    Chapter 13

                     Debtor.
----------------------------------------------------------------x

### ORDER DIRECTING DISGORGEMENT OF FEES

         Vanessa Pugh, *aka* Vanessa D. Pugh,  *aka* Vanessa Pugh-Reefer (the "Debtor")

having filed a petition for relief under Chapter 13 on May 23, 2018 and having retained the law firm

of Ronald D. Weiss to represent her in the bankruptcy case, and the Chapter 13 Trustee having filed

a Motion to Dismiss the Debtor's case for cause, including failure to make Chapter 13 plan

payments, and a  hearing on the Trustee's Motion to Dismiss having been held  on August 23, 2018,

and the Court having granted the Trustee's Motion to Dismiss, but  retaining jurisdiction to

determine whether the legal fees paid by the Debtor to the law firm of Ronald D. Weiss exceeded

the reasonable value of such services, and whether all or any portion of the legal fees paid by the

Debtor to the law firm of Ronald D. Weiss should be returned to the Debtor, and on September 27,

2018, the Court having entered an Order to Show Cause ("OSC") to determine whether, pursuant

to 11 U.S.C. § 329,  the legal fees paid by the Debtor to the law firm of Ronald D. Weiss in this case

exceed the reasonable value of services so provided, and whether any or all portion of such fees

should be returned by the law firm of Ronald D. Weiss to the Debtor, and on October 31, 2018, the

hearing on the OSC having been held, and the Court having determined based on the record before

it that the legal fees paid by the Debtor to the law firm of Ronald D. Weiss exceeded the reasonable

value of the services provided in the amount of $3,500.00; it is hereby

ORDERED, that the law firm of Ronald D. Weiss is directed to disgorge to the Debtor the amount of $3,500.00 on or before October 31, 2018 at 5:00 p.m., and to file a letter with the Court confirming that such payment was made; and upon entry of such letter of confirmation on the Court's docket, the Debtor's case shall be closed.



**Dated: Central Islip, New York**
**November 1, 2018**

Page 2 of 2

_____
**Robert E. Grossman**
**United States Bankruptcy Judge**

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0207–8 | User: smarcus | Date Created: 11/1/2018 |
| Case: 8–18–73512–reg | Form ID: pdf000 | Total: 4 |

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| ust | United States Trustee | USTPRegion02.LI.ECF@usdoj.gov |
| tr | Michael J. Macco | ecf@maccosternlaw.com |
| aty | Ronald D Weiss | weiss@ny–bankruptcy.com |

TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | | |
|---|---|---|---|
| db | Vanessa Pugh | 55 Tell Avenue | Deer Park, NY 11729 |

TOTAL: 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

      VANESSA PUGH, aka
      VANESSA PUGH-REEFER, aka
      VANESSA D PUGH,

                Debtor.
--------------------------------------------------------X

Chapter 13

Case No: 8-18-73512-reg

**<u>NOTICE OF APPEAL</u>**

To: The Office of the United States Trustee
    Long Island Federal Courthouse
    560 Federal Plaza- Room 560
    Central Islip, New York 11722-4437

    Clerk United States Bankruptcy Court
    Eastern District of New York
    560 Federal Plaza- Second Floor
    Central Islip, New York 11722-4437

    Michael J. Macco, Chapter 13 Trustee
    2950 Express Drive South
    Suite 109
    Islandia, New York 11749

**S I R S:**

    **PLEASE TAKE NOTICE,** that the debtor, Vanessa Pugh ( the "Debtor"), by and

through her attorneys Ronald D. Weiss, P.C. and Ronald D. Weiss P.C. on its own behalf, hereby

appeal the Court's Decision and Order directing the law firm of Ronald D. Weiss, P.C. to

disgorge to the Debtor the amount of $3,500.00, as set forth in the Court Order signed on

November 1, 2018 after an evidentiary hearing held on October 31, 2018 and entered on the

Court Docket as Document Number 33 on November 1, 2018. A copy of the Order is attached

hereto.

    **PLEASE TAKE FURTHER NOTICE**, that the questions on Appeal are as follows:

    1.      Did the Court err in determining that the Ronald D. Weiss, P.C. should return fees

to the Debtor before the Court heard any evidence, either testimony or documentary, and prior to conducting the evidentiary hearing on October 31, 2018.

2.      Does the Court have the authority to Order a fee returned to the Debtor where the Debtor testified that the Debtor did not want the fee returned and stated on the record that the Debtor was satisfied with the legal services rendered and the evidence presented at the evidentiary hearing set forth that considerable time was spent on the case and it was believed that the bankruptcy filing with loss mitigation could be successful.

3.      Did the Court err in changing the Court's position as to the Loss Mitigation Program and Procedures after the case was filed and the Court had entered an Order extending the Automatic Stay, after a hearing at which the Debtor established a change in circumstances for the entry of an Order extending the Automatic Stay, and after the Court entered an Order directing the Debtor and Creditor Wells Fargo Home Mortgage to participate in The Loss Mitigation Program with respect to property located at 55 Tell Avenue, Deer Park, N.Y. 11729.

Dated:  Melville, New York
        November 14, 2018                          RONALD D. WEISS P.C.
                                                   *Attorney for the Debtor*


                                                     */s/ Ronald D. Weiss*
                                                   Ronald D. Weiss, Esq.
                                                   734 Walt Whitman Road, Suite 203
                                                   Melville, NY 11747
                                                   (631) 271-3737
                                                   weiss@ny-bankruptcy.com
cc:

Ms. Vanessa Pugh
55 Tell Avenue
Deer Park, New York 11729

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:

                                                   Case No. 18-73512-reg

      Vanessa Pugh,
      *aka* Vanessa D. Pugh,
      *aka* Vanessa Pugh-Reefer,                         Chapter 13

                      Debtor.
-------------------------------------------------------------------x

## ORDER DIRECTING DISGORGEMENT OF FEES

      Vanessa Pugh, *aka* Vanessa D. Pugh, *aka* Vanessa Pugh-Reefer (the "Debtor")
having filed a petition for relief under Chapter 13 on May 23, 2018 and having retained the law firm
of Ronald D. Weiss to represent her in the bankruptcy case, and the Chapter 13 Trustee having filed
a Motion to Dismiss the Debtor's case for cause, including failure to make Chapter 13 plan
payments, and a hearing on the Trustee's Motion to Dismiss having been held on August 23, 2018,
and the Court having granted the Trustee's Motion to Dismiss, but retaining jurisdiction to
determine whether the legal fees paid by the Debtor to the law firm of Ronald D. Weiss exceeded
the reasonable value of such services, and whether all or any portion of the legal fees paid by the
Debtor to the law firm of Ronald D. Weiss should be returned to the Debtor, and on September 27,
2018, the Court having entered an Order to Show Cause ("OSC") to determine whether, pursuant
to 11 U.S.C. § 329, the legal fees paid by the Debtor to the law firm of Ronald D. Weiss in this case
exceed the reasonable value of services so provided, and whether any or all portion of such fees
should be returned by the law firm of Ronald D. Weiss to the Debtor, and on October 31, 2018, the
hearing on the OSC having been held, and the Court having determined based on the record before
it that the legal fees paid by the Debtor to the law firm of Ronald D. Weiss exceeded the reasonable
value of the services provided in the amount of $3,500.00; it is hereby

ORDERED, that the law firm of Ronald D. Weiss is directed to disgorge to the Debtor the amount of $3,500.00 on or before October 31, 2018 at 5:00 p.m., and to file a letter with the Court confirming that such payment was made; and upon entry of such letter of confirmation on the Court's docket, the Debtor's case shall be closed.



**Dated: Central Islip, New York**
**November 1, 2018**

Page 2 of 2

_____

**Robert E. Grossman**
**United States Bankruptcy Judge**

JS 44C/EDNY (Rev 3/9/2018)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Ronald D. Weiss, P.C.

**DEFENDANTS**
**Office of the United States Trustee**

**(b)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ronald D. Weiss, P.C.        ph (631)271-3737
734 Walt Whitman Road, Ste 203
Melville, NY 11747

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.** CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITING A BRIEF STATEMENT OF CAUSE) (DO NOT CITE JURISDICTION STATUTES UNLESS DIVERSITY)

Appeal of Order Directing Disgorgement of Fees dated November 1, 2018 at Docket Number 33.

**V. ORIGIN** *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court |
| ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| | | ☐ 8 Multidistrict Litigation - Direct File |

**VI. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**VII. REQUESTED IN COMPLAINT:**        ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.        DEMAND $        CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*        JUDGE   **Honorable Robert E. Grossman**   DOCKET NUMBER   **8-18-73512-reg**

DATE
November 14, 2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**
Ronald D. Weiss, PC
734 Walt Whitman Road, Ste 203
Melville, NY 11747

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

The Office of the United States Trustee
Long Island Federal Courthouse
560 Federal Plaza- Room 560
Central Islip, New York 11722-4437

Clerk United States Bankruptcy Court
Eastern District of New York
560 Federal Plaza- Second Floor
Central Islip, New York 11722-4437

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE
RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a)
provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or
because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to
the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the
civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the
power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending
before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)    Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?
　　　　☐ Yes    ☑ No

2.)    If you answered "no" above:
　　　　a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk
　　　　County?    ☑ Yes    ☐ No

　　　　b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?
　　　　☑ Yes    ☐ No

　　　　c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:
　　　　_____

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau
or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in
Nassau or Suffolk County?    ☐ Yes    ☐ No
　　　　(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑ Yes    ☐ No

Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?

☐ Yes  (If yes, please explain)    ☑ No

I certify the accuracy of all information provided above.
Signature: _____

JS 44C/EDNY Reverse (Rev. 03/18)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
## Authority for Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.
    a)   **Plaintiffs-Defendants**. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    b)   **County of Residence**. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    c)   **Attorneys**. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below. United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here. United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box. Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.     **Residence (citizenship) of Principal Parties**. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

V.     **Origin**. Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation -- Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7**. Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.     **Nature of Suit**. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

VII.     **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P. Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction. Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.     **Related Cases**. This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature. Date and sign the civil cover sheet.**

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Vanessa Pugh** | |
| | First Name   Middle Name   Last Name | |
| Debtor 2 | | |
| (Spouse, if filing) | First Name   Middle Name   Last Name | |
| United States Bankruptcy Court | **Eastern District of New York** | |
| Case number: | **8-18-73512-reg** | |

Social Security number or ITIN   **xxx-xx-9644**

EIN   _ _ - _ _ _ _ _ _ _

Social Security number or ITIN   _ _ _ _

EIN   _ _ - _ _ _ _ _ _ _

Date case filed for chapter   **13    5/23/18**

# NOTICE TO PARTIES CONCERNING APPEAL (ECF CASE)

A Notice of Appeal was filed on November 14, 2018, in the above case by Ronald D Weiss, regarding Order Directing Disgorgement of Fees. dated November 14, 2018, document number 33.

Effective December 1, 2014, Part VIII of the Federal Rules of Bankruptcy Procedure governing bankruptcy appeals was substantially revised in order to align those rules with the Federal Rules of Appellate Procedure and updated to include electronic transmission, filing, and service.

This notice must be read together with the Federal Rules of Civil Procedure (FRCP), the Federal Rules of Bankruptcy Procedure (FRBP), the Local Rules of the Eastern District of New York, and this Court's Local Rules and Procedures.

1. **Service of Notice:** The appellant must provide the Clerk with the email address of each party to be served; to the extent that there are parties to the appeal who are not equipped to receive email noticification, the appellant must provide the Clerk with the address for all parties to be served.

2. **Appellant's Designation:** Appellant's designation of record on appeal and statement of issues to be presented on appeal are due within fourteen (14) days from the date of the filing of the Notice of Appeal. The designation must include a list of items to be included in the record on appeal. A copy of the designation and statement shall be served by the appellant on the appellee. A certificate of service must be filed with the bankruptcy court as proof that proper service was made.

3. **Appellee's Designation:** Within fourteen (14) days after service of the appellant's designation and statement, the appellee may file with the bankruptcy court and serve on the appellant a designation of additional items to be included in the record on appeal.

4. **Transcripts:** If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, call one of the court approved transcription service agencies to request a copy of a transcript. The written request for the transcript shall be filed with the bankruptcy court. The party requesting the transcript is responsible for the cost of transcription. Designated transcripts must be provided to this office in PDF format.

5. **ECF Registration (_Attorneys Only_):** Documents must be filed electronically relative to this matter, both in the Bankruptcy Court and, once the record has been transmitted, in the District Court. For information on ECF registration in the Bankruptcy Court, please visit: www.nyeb.uscourts.gov/electronic-filing-procedures; in the District Court, visit: https://www.nyed.uscourts.gov/cmecf.

6. **Transmittal of Record on Appeal:** Generally the record on appeal will be transmitted thirty (30) days from the date of the filing with the Court of the Notice of Appeal.

Dated: November 15, 2018

FOR THE COURT

By: s/ S Dolan

_____

Deputy Clerk

BLntcparties.jsp [Notice to Parties 04/17/17]

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0207–8 | User: sdolan | Date Created: 11/15/2018 |
| Case: 8–18–73512–reg | Form ID: 772 | Total: 3 |

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| tr | Michael J. Macco | ecf@maccosternlaw.com |
| aty | Ronald D Weiss | weiss@ny–bankruptcy.com |

TOTAL: 2

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

U.S. Trustee    United States Trustee    Long Island Federal Courthouse    560 Federal Plaza Room
560    Central Islip, NY 117224437

TOTAL: 1

**Information to identify the case:**

| | |
|---|---|
| Debtor 1 | **Vanessa Pugh** |
| | First Name   Middle Name   Last Name |
| Debtor 2 (Spouse, if filing) | |
| | First Name   Middle Name   Last Name |

United States Bankruptcy Court   **Eastern District of New York**

Case number:   **8–18–73512–reg**

Social Security number or ITIN   **xxx–xx–9644**

EIN   _ _ – _ _ _ _ _ _ _

Social Security number or ITIN   _ _ _ _

EIN   _ _ – _ _ _ _ _ _ _

Date case filed for chapter   **13**   **5/23/18**

# TRANSMITTAL OF NOTICE OF APPEAL

**TO THE CLERK, U.S. DISTRICT COURT, EASTERN DISTRICT OF NEW YORK:**

A Notice of Appeal was filed on November 14,2018 by Ronald D Weiss, appealing Order Directing Disgorgement of Fees., document number 33.

Pursuant to Bankruptcy Rule 8003(d)(1), the following documents are being transmitted:

Notice of Appeal to District Court regarding Order
Directing Disgorgement of Fees.
Civil Cover Sheet.
Notice to Parties of requirements, deadlines

Dated: November 15, 2018

Robert A. Gavin, Jr., Clerk of Court

By: s/ S Dolan

_____

Deputy Clerk

**BLtroap.jsp** [Transmittal of Notice of Appeal 04/17/17]

150

# Notice Recipients

| | |
|---|---|
| District/Off: 0207–8 | User: sdolan |
| Case: 8–18–73512–reg | Form ID: 771 |

Date Created: 11/15/2018

Total: 10

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**
cr          Wells Fargo Home Mortgage
cr          U.S. Bank National Association, as Trustee for SASCO Mortgage Loan Trust 2006–WF3

TOTAL: 2

**Recipients of Notice of Electronic Filing:**
ust          United States Trustee          USTPRegion02.LI.ECF@usdoj.gov
tr          Michael J. Macco          ecf@maccosternlaw.com
aty          Aleksandra Krasimirova Fugate          afugate@woodsoviatt.com
aty          Jenelle C Arnold          bkecfinbox@aldridgepite.com
aty          Ronald D Weiss          weiss@ny–bankruptcy.com

TOTAL: 5

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db          Vanessa Pugh          55 Tell Avenue          Deer Park, NY 11729
cr          Wells Fargo Bank, N.A. as servicing agent for U.S. Bank National Association, as Trustee for SASCO Mortgage Loan
          Trust 2006–WF 3          Woods Oviatt Gilman, LLP          700 Crossroads Building          2 State
          Street          Rochester, NY 14614
lmgc          Courtney Gray          Loss Mitigation Specialist

TOTAL: 3



ecf_bounces@nyed.uscourts.
gov

11/15/2018 04:37 PM

To    nobody@nyed.uscourts.gov

cc

bcc

Subject    Activity in Case 2:18-cv-06508-JMA Pugh et al v. Clerk
United States Bankruptcy Court Notice of Docketing of
Bankruptcy Appeal

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

## Eastern District of New York

## Notice of Electronic Filing

The following transaction was entered on 11/15/2018 at 4:37 PM EST and filed on 11/15/2018

| | |
|---|---|
| **Case Name:** | Pugh et al v. Clerk United States Bankruptcy Court |
| **Case Number:** | 2:18-cv-06508-JMA |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Notice that appeal from the Bankruptcy Court has been docketed. Parties shall file with the Bankruptcy Clerk their designations of items to be included in the record and statement of issues to be presented pursuant to Federal Rule of Bankruptcy Procedure 8009. USBC Case No. 8-18-73512-reg. (Flanagan, Doreen)**

**2:18-cv-06508-JMA Notice has been electronically mailed to:**

Christine Black    christine.h.black@usdoj.gov

Michael J. Macco    mmacco@maccosternlaw.com

Ronald David Weiss    weiss@ny-bankruptcy.com, darlene@ny-bankruptcy.com,

gina@ny-bankruptcy.com, kathleen@ny-bankruptcy.com

**2:18-cv-06508-JMA Notice will not be electronically mailed to:**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X          Chapter 13

In re:

                                           Case No:  8-18-73512-reg
                                           Civil Action Number 18-CV-06508-

       VANESSA PUGH, aka
       VANESSA PUGH-REEFER, aka              **APPELLANT'S DESIGNATION**
       VANESSA D PUGH,                      **RECORD ON APPEAL**

                     Debtor.
-----------------------------------------------------------X

     Ronald D. Weiss, P.C. on behalf of the debtor, Venessa Pugh (the "Debtor") and on

behalf of Ronald D. Weiss, P.C. as Appellants submit this Designation of the Record on Appeal

as follows:

1.   The Bankruptcy Court Docket for Case Number 8-18-73512-reg for the Debtor.

2.   The Transcript of the Hearing held October 31, 2018. The transcript has been

     Ordered.

3.   The Order Directing the law firm of Ronald D. Weiss to disgorge to the Debtor the

     amount of $3,500.00. Document 33.

4.   Notice of Appeal to District Court regarding Order Directing Disgorgement of Fees.

     Document 35.

5.   The Following Evidence submitted at the Evidentiary Hearing held on October 31,

     2019:

     A: Affidavits of Vanessa Pugh dated October 11, 2018, William J. Birmingham, Esq.

     dated October 10, 2018, and Heidi Ortiz dated October 10, 2018.

     B: Petition and Schedules for Second Filing. Document 1.

     C: Chapter 13 Plan for Second Filing. Document 2.

     D: Motion to Extend the Automatic Stay. Document 6.

E: Amended Chapter 13 Plan for Second Filing. Document 23.

F: Uploads to Chapter 13 Trustee for Second Filing.

G: Petition and Schedules for First Filing. Case Number 17-74413.

H: Chapter 13 Plan for First Filing.

I: Amended Schedule 'J'.

J: Amended Chapter 13 Plan for First Filing.

K: Uploads to Chapter 13 Trustee.

L: Loss Mitigation Status Letters.

M: First Modification Submission.

N: First Modification appeal letter.

O: Second Modification Submission

P: Second Modification Appeal Letter.

Q: Third Submission.

R: Fourth Submission.

6. Order Granting Motion to Extend Automatic Stay as to all Creditors Served with the Motion for the Duration of the Chapter 13 Case. Document 14.

7. Request to Enter into Loss Mitigation Program with Respect to Property located at 55 Tell Avenue, Deer Park, New York 11729. Document 9

8. Order Directing the Debtor and Creditor Wells Fargo Home Mortgage to participate in Loss Mitigation Program with Respect to property located at 55 Tell Avenue Deer Park, New York 11729. Document 15.

9. Order to Show Cause to determine legal fees paid by Debtor to Law Firm of Ronald D. Weiss. Document 24

10. Affidavit Re: Pursuant to Court Order (DKT# 24) dated 9/27/2018 Filed by Ronald

    D. Weiss on behalf of Vanessa Pugh. Document 28.

11. Affidavit Re: Affidavit of Debtor Filed by Ronald D. Weiss on behalf of Vanessa

    Pugh. Document 31

Dated:  Melville, New York
         November 28, 2018                         Ronald D. Weiss, P.C.
                                                   Attorney for Debtor and Ronald D. Weiss,
                                                   P.C.


                                                   /s/Ronald D. Weiss_____
                                                   Ronald D. Weiss Esq.
                                                   734 Walt Whitman Road
                                                   Melville, NY 11747
                                                   (631) 271-3737
                                                   weiss@ny-bankruptcy.com